IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
(Brownsville Division)

United States District Court
Southern District of Texas
FILED

DEC 2 7 2002

Michael N. Milby
Clerk of Court

MARY RAMIREZ, §
JENNIFER ANGELA GOMEZ, §
STACY AMY ROBERTS, §
SARA ANN SOSA and §
ISELA VILLARREAL, §
§
Plaintiffs §    Civil Action No.    **B-02-239**
v. §
§
DAVID CARAVA and §
JOINER FOOD SERVICE, INC., §
§
Defendants §

## DEFENDANT DAVID CARAVA'S  NOTICE OF REMOVAL

Defendant David Carava files this notice of removal under 28 U.S.C. §1446(a).

### A.  Introduction

1.    Plaintiffs are Mary Ramirez, Jennifer Angela Gomez, Stacy Amy Roberts, Sara Ann Sosa and Isela Villarrea, and all are alleged to be citizens of Texas.

2.    The named Defendants are David Carava and Joiner Food Service, Inc.

3.    On May 31, 2002, Plaintiffs filed suit against Defendants in the 197th District Court of Cameron County, Texas pleading causes of action the arise from the Plaintiffs' alleged employment with the Defendants.

4.    The Defendant, David Carava, is a citizen and resident of the State of California and was a citizen and resident of the State of California at the time this action was filed on May 31, 2002. See Affidavit of David Carava attached hereto attached as Exhibit "A."

299812                           1

5.    Defendant Carava was served with the suit on December 2, 2002, at his place of business in California. Defendant Carava filed this Notice of Removal within the 30-day time period required by 28 U.S.C. §1446(b).

### B. Basis for Removal

6.    Removal is proper because there is complete diversity between the parties. 28 U.S.C. §§1332(a); *Darden v. Ford Consumer Fin. Co.* 200 F.3d 753, 755 (11th Cir. 2000); *Laughlin v. Kmart Corp.* 50 F.3d 871, 873 (10th Cir. 1996).

7.    Each Plaintiff is a citizen of Texas and is so identified in the Plaintiff's Original Petition.

8.    David Carava is a citizen and resident of the State of California although the Plaintiffs' Original Petition incorrectly named him as a Texas resident. In cases removed from state court diversity of citizenship must exist both at the time the action is commenced and at the time the action is removed. *Coury v. Prot,* 85 F.3d 244 (5th Cir. 1996). To be a citizen within the meaning of the provision on diversity jurisdiction, a person must be a citizen of the United States and domiciliary of the state, meaning that the person resides in the state and has the intention to establish permanent residence in the state. *Id.* Factors to consider include where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, and maintains a home. *Id.* At the time the suit was filed, May 31, 2002, David Carava had not established a domicile in Texas nor has he done so since. See Ex. A. At all times relevant, David Carava resided in the California residence he owns in Santa Cruz. See Ex. A. David Carava has paid property taxes in California, has registered to vote in California and has a valid California driver's license. See Ex. A. David Carava has not established a domicile in

299812                                                      2

Texas, has never registered to vote in Texas, and has never had a Texas driver's license. He is clearly a citizen of California, not Texas.

9.    The other Defendant, Joiner Food Service, Inc., is Texas corporation, but its citizenship cannot be not considered in assessing the existence of complete diversity in this action. Under the doctrine of "fraudulent joinder" defendants against whom the plaintiff has no possibility of recovering are disregarded for purposes of determining diversity. *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999). A defendant is fraudulently joined if there is no possibility that any Plaintiff can establish a cause of action against that defendant under the applicable state law. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061 (9th 2001); (*Hartford Accident & Indemnity Company v. Costa Lines Cargo Services, Inc.* 903 F.2d 352 (5th Cir. 1990).

10.    In this action the Plaintiffs' claims against Joiner Food Service, Inc. are wholly based on allegations against Joiner Food Service, Inc. as their employer, but Joiner Food Service, Inc. cannot be liable in the capacity of employer because it was not their employer during the period of time alleged as the basis of this action. *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 816-817 (5th Cir. 1993) (Plaintiff identified the wrong entity as his employer and thus was unable to state a claim against the Defendant). See Ex. A. All the allegations against Joiner Food Service, Inc. arise from the alleged actions of David Carava who is eroneously identified as the general manager and owner of Defendant Joiner Foods Service, Inc. At no time has David Carava owned, been employed by or directed the work of any employee of Joiner Food Service, Inc. See Ex. A. Defendant Joiner Food Service, Inc.'s Verified Answer also asserts that it had

no connection to David Carava at the time of the alleged acts from which this suit arises.

11.    All the Plaintiffs' claims are alleged to arise from the actions of only David Carava sometime after May of 2000. None of the plaintiffs in the above styled matter was employed by Joiner Food Service, Inc. after the May 2000 date alleged in the Original Petition, so it is impossible for Joiner Food Service, Inc. to be liable to any plaintiff for the alleged acts of David Carava who had no connection to Joiner Food Service, Inc. *Jernigan* at 816-817. See Ex. A.

12.    The amount in controversy exceeds $75,000, excluding interest, costs, and attorney fees. Although no specific amounts are plead in the Original Petition, it is facially apparent in the Plaintiffs' Original Petition that the damages for the claims alleged by each Plaintiff are above $75,000. The Plaintiffs seek actual damages, compensatory and punitive damages for physical and mental pain, suffering and anguish, impairment and incapacity, loss of self esteem and confidence in their job performance, humiliation, damage to their reputations, loss of income and earnings, and future income, expenses for medical and psychological care as a result of the alleged violations of the Texas Commission on Human Rights Act ("TCHRA") and the torts of assault and battery, invasion of privacy, wrongful constructive discharge and malice and intentional infliction of emotional distress. Claims for compensatory and punitive damages alone are up to $50,000 under the TCHRA (Tex. Lab. Code Ann. §§21.2585(d)(1)), and the tort claims as plead are sufficient proof, in and of themselves, that the amount in controversy exceeds $75,000. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848 (5th Cir. 1999) (citing *Luckett v Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999).

299812                                                    4

13.    Since the parties are completely diverse and the amount in controversy exceeds $75,000, removal is proper in this case.

14.    The other Defendant, Joiner Food Service, Inc. has been served with process and consents to removal of this case to federal court.

15.    All pleadings, process, orders, and other filings in the state court action are attached hereto as Exhibit "B", as required by 28 U.S.C. §1446(a).

16.    Venue is proper in this District under 28 U.S.C. §1441(a) because this District and Division embrace the place where the removed action has been pending.

17.    A copy of this Notice of Removal will be filed promptly with the District Clerk of the 197th Court of Cameron County, Texas, the state court where the action has been pending.

### C.  Jury Demand

18.    Plaintiffs did not demand a jury in the state court action.

### D.  Conclusion

19.    WHEREFORE, Defendant has hereby removed the case from the District Court of the 197th Judicial District of Cameron County to this Court based on grounds that the parties are completely diverse.

5

299812

Respectfully submitted,

OF COUNSEL:
OPPENHEIMER, BLEND,
HARRISON & TATE, INC.

Richard I. Manas
Attorney-in-Charge
Southern District of Texas Bar No. 21509
M. Cheryl Kirby
Associate, Of Counsel
Southern District of Texas Bar No. 23528
711 Navarro, Suite 600
San Antonio, Texas  78205
Telephone: (210) 224-2000
Facsimile:   (210) 224-7540

Counsel for Defendant, David Carava

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been sent on this 27th day of December, 2002, via certified mail, to the following counsel of record:

Mr. J. Arnold Aguilar
Artemis Square, Suite H-2
1200 Central Boulevard
Brownsville, Texas 78520

Mr. Benjamin M. Yudesis
322 E. Harrison, Ste. A
Harlingen, Texas 78550

M. Cheryl Kirby

299812                               6

# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
(Brownsville Division)

| | | |
|---|---|---|
| MARY RAMIREZ, | § | |
| JENNIFER ANGELA GOMEZ, | § | |
| STACY AMY ROBERTS, | § | |
| SARA ANN SOSA and | § | |
| ISELA VILLARREAL, | § | |
| | § | |
| Plaintiffs | § | Civil Action No. |
| v. | § | |
| | § | |
| DAVID CARAVA and | § | |
| JOINER FOOD SERVICE, INC., | § | |
| | § | |
| Defendants | § | |

## AFFIDAVIT OF DAVID CARAVA

On this date David Carava personally appeared before me, the undersigned Notary Public, and after being duly sworn, stated the following under oath:

1.    My name is David Carava.  I am over 18 years of age, and I reside in Santa Cruz, Santa Cruz County, California.  I competent to make this affidavit.  I have personal knowledge of the facts stated herein, and they are all true and correct.

2.    I am a citizen of the United States of America and a citizen of the State of California. My permanent domicile is California. I currently reside at 11 Lawridge, Santa Cruz, California. I own my residence on Lawridge and pay California property taxes accordingly. I have resided at

1

the Lawridge address for about eleven (11) years. I intend to permanently reside in and maintain my domicile in California.

3.      I have registered to vote in California, and I have never registered to vote in Texas.

4.      I currently have a valid California driver's license, and I had it at the time this action was filed, on May 31, 2002. I have never had a Texas driver's license.

5.      I often travel to states other than California, but I have not established a domicile in any state other than California. During my travels, I have maintained my residence in California, and I have had no intention of changing my domicile to any state other than California.

6.      On May 31, 2002, the date the above styled action was filed, my domicile was the State of California and is currently the State of California.

7.      At no time did I own or was I employed by Joiner Food Service, Inc. I was never the general manager of Joiner Food Service, Inc. At no time did I have authority over employees of Joiner Food Service, Inc. nor did I direct the work of employees of Joiner Food Service, Inc.

8.      To my knowledge, none of the plaintiffs in the above styled matter was employed by Joiner Food Service, Inc. following the May 2000, date alleged in the Original Petition filed in the above styled matter.

FURTHER AFFIANT SAYETH NOT.

Executed this _20TH_ day of December 2002.

BY: _____
DAVID CARAVA

SUBSCRIBED AND SWORN to before me on this _20th_ day of December, 2002.

MICHAEL KERRICK
Comm. 1299284
NOTARY PUBLIC-CALIFORNIA
SANTA CRUZ COUNTY
MY COMMISSION EXPIRES APR 11 2005

_____
NOTARY PUBLIC IN AND FOR
THE STATE OF CALIFORNIA

DATE: _12/20/02_

3

# EXHIBIT "B"

# JURY CIVIL DOCKET - JUDGE'S ENTRIES

## RULE 26-TRCP

| DATE OF ORDERS | NAME OF PARTIES | ATTORNEYS | | KIND OF ACTION |
|---|---|---|---|---|
| | JURY RAMIREZ, JENNIFER ANGELA GOMEZ, STACY AMY ROB VS DAVID CARAVA AND JOINER FOOD SERVICE, INC. | 00361701 HON. J. ARNOLD AGUILAR 1200 CENTRAL BLVD - SUITE H-2 BROWNSVILLE, TEXAS 78520 0000 HON BENJAMIN YUDESIS 322 E HARRISON STE A HARLINGEN TX 78550 | (10) DAMAGES | |

### DATE OF ORDERS / COURT'S DOCKET (Rule 26, TRCP)

| DATE OF ORDERS | COURT'S DOCKET (Rule 26, TRCP) |
|---|---|
| 10/11/02 | DWOP set for 11/13/02 @ 9am (MJ/AB) |
| 11/13/02 | DCC set for 1/8/03 @ 9am (MJ/JB). |

CAUSE NO. <u>2002-05-2203-C</u>

| | | |
|---|---|---|
| <u>**MARY RAMIREZ, ET AL**</u> | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **VS** | § | **CAMERON COUNTY, TX** |
| | § | |
| <u>**DAVID CARAVA, ET AL**</u> | § | **197TH JUDICIAL DISTRICT** |

## NOTICE OF SETTING

Court's Petition that a Docket Control Conference in the above styled and numbered cause

is hereby set for hearing on <u>**January 8, 2003 at 9:00a.m.**</u> in the 197th District Court, Cameron

County Courthouse, 974 E. Harrison Street, Brownsville, Texas.

Dated: <u>November 14, 2002.</u>

**MIGDALIA LOPEZ**
**JUDGE PRESIDING**

Copies to: **NOV 1 8 2002**

HON J ARNOLD AGUILAR
HON BENJAMIN M YUDESIS

FILED 8:00 O'CLOCK A M
AURORA DE LA GARZA, DIST. CLERK

NOV 15 2002

DISTRICT COURT, CAMERON COUNTY, TEXAS
DEPUTY



NO. 2002-05-2203-C

AURORA DE LA GARZA DIST. CLERK

DEC 2 3 2002

DISTRICT COURT OF CAMERON COUNTY, TEXAS
RICK M. CORNEJO DEPUTY

| | | |
|---|---|---|
| MARY RAMIREZ, | § | IN THE DISTRICT COURT OF |
| JENNIFER ANGELA GOMEZ, | § | |
| STACY AMY ROBERTS, SARA | § | |
| ANN SOSA and ISELA VILLARREAL | § | |
| | § | |
| VS. | § | CAMERON COUNTY, TEXAS |
| | § | |
| DAVID CARAVA and JOINER | § | |
| FOOD SERVICE, INC. | § | 197TH JUDICIAL DISTRICT |

## DEFENDANT DAVID CARAVA'S ORIGINAL ANSWER

Defendant, DAVID CARAVA, files this Original Answer to Plaintiffs' Original Petition.

### GENERAL DENIAL

Defendant generally denies the allegations in Plaintiffs' Original Petition.

### PRAYER

For these reasons, Defendant asks the court to enter judgment that Plaintiff take nothing, assess costs against Plaintiff, and award Defendant all other relief to which it is entitled.

Respectfully submitted,

OPPENHEIMER, BLEND,
HARRISON & TATE, INC.

Richard M. Manas
State Bar No. 00794931
M. Cheryl Kirby
State Bar No. 00794097
711 Navarro, Suite 600
San Antonio, Texas 78205
Telephone: (210) 224-2000
Facsimile: (210) 224-7540

Counsel for Defendant David Carava

299317.1[014753.001]

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Defendant David Carava's Original Answer has been sent on this 23th day of December, 2002, via certified mail, return receipt requested to:

J. Arnold Aguilar
Law Office of J. Arnold Aguilar
Artemis Square, Suite H-2
1200 Central Boulevard
Brownsville, Texas 78520

Benjamin M. Yudesis
Attorney at Law
322 E. Harrison Avenue, Suite A
Harlingen, Texas 78550

M. Cheryl Kirby

Personal Service   - GENERAL _____     Lit. Seq. # 5.006.01

No. 2002-05-002203-C

**ORIGINAL**

T H E   S T A T E   O F   T E X A S

TO DEFENDANT:  You have been sued.  You may employ an attorney.  If
attorney do not file a written answer with the clerk who issued this
10:00 a.m. on the Monday next following the expiration of twenty
ou were served this citation and petition, a default judgment may be
: you.

AVA
CKSON STREET
, TEXAS 78550

ENDANT _____ ,  GREETING:

commanded to appear by filing a written answer to the

RIGINAL PETITION

10:00 o'clock a.m. of the Monday next after the expiration of 20
e date of service of this citation before the Honorable District
udicial District of Cameron County, Texas at the Courthouse of said
wnsville, Texas.  Said _____ PETITION _____ was filed on
)2 ___ .  A copy of same accompanies this citation.

er of said suit being No. 2002-05-002203-C.

he case is:

MARY RAMIREZ, JENNIFER ANGELA GOMEZ, STACY AMY ROB
VS.
DAVID CARAVA AND JOINER FOOD SERVICE, INC.

was filed in said court by _____ HON. J. ARNOLD AGUILAR _____
PLAINTIFF _____ ), whose address is
LVD BROWNSVILLE, TEXAS    78520 _____ .

e of the demand is fully shown by a true and correct copy of the
panying this citation and made a part hereof.

er executing this writ shall promptly serve the same according to
f law, and the mandates thereof, and make due return as the law

i given under my hand and seal of said Court at Brownsville,
: 31st day of ___ MAY ___ , A.D. 2002 .

R E T U R N   O F   O F F I C E R

l the _____ day of _____, _____, at _____ o'clock ___.M., and

ot executed) on the _____ day of _____, _____, by delivering to

_____ in person a true copy of this Citation,

endorsed the date of delivery, together with the accompanying copy

_____.


lure to execute this citation is: _____

_____.


1 copy          _____

                Sheriff/constable _____ County, TEXAS

$_____

                        By _____ Deputy

_____

[ PROCESS SERVED
  AFTER CIVIL ... ]

# CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California

County of _Santa Cruz_ } ss.

On _December 6, 2002_, before me, _Peggy Meserth, Notary Public_,
      Date                 Name and Title of Officer (e.g., "Jane Doe, Notary Public")

personally appeared _Virgil M Kesler III_,
                                  Name(s) of Signer(s)

☑ personally known to me
☐ proved to me on the basis of satisfactory evidence

to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

**PEGGY MESERTH**
Commission # 1309049
Notary Public - California
Santa Cruz County
My Comm Expires Jun 15, 2005

Place Notary Seal Above

WITNESS my hand and official seal.

_____
Signature of Notary Public

─────────────── OPTIONAL ───────────────

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Description of Attached Document**
Title or Type of Document: _____

Document Date: _____ Number of Pages: _____

Signer(s) Other Than Named Above. _____

**Capacity(ies) Claimed by Signer**
Signer's Name: _____
[ ] Individual
[ ] Corporate Officer — Title(s): _____
[ ] Partner — [ ] Limited [ ] General
[ ] Attorney in Fact
[ ] Trustee
[ ] Guardian or Conservator
[ ] Other: _____

Signer Is Representing: _____

| RIGHT THUMBPRINT OF SIGNER |
| --- |
| Top of thumb here |

© 1999 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402 • www.nationalnotary.org     Prod. No. 5907     Reorder: Call Toll-Free 1-800-876-6827

EDDIE GONZALEZ
PROFESSIONAL CIVIL PROCESS
700 PAREDES AVE. SUITE 208
BROWNSVILLE, TX 78520
Telephone: (956) 546-1313
Attorney for: MARY RAMIREZ

```
FILED  12:15   O'CLOCK      M
AURORA DE LA GARZA DIST. CLERK

        DEC 17 2002

DISTRICT COURT OF CAMERON COUNTY, TEXAS
```

CAMERON DISTRICT COURT OF TEXA

| | |
|---|---|
| Plaintiff: MARY RAMIREZ | Proof of Service |
| Defendant: DAVID CARAVA | Case No. 2002052203 |
| Hearing:   <No Information> | File No. 02-010729-0 |

1. At the time of service I was at least 18 years of age and not a party to
   this action, and I served copies of the:
                      CITATION AND ORIGINAL PETITION

2. Party served:          DAVID CARAVA
                          COAST PAPER
                          151 JOSEPHINE STREET
                          SANTA CRUZ, CA 95060

3. I served the party named in item 2
   a.  by personally delivering the copies
       (1) on (date):   12-02-2002
       (2) at (time):   12:00 p.m.

4. Remarks.  None.

5. Person serving: V. KESTER              6. Service Fee: $40.00
                   County of Santa Cruz
                   701 Ocean St., Rm. 340
                   Santa Cruz, CA 95060-4074      Phone: (831) 454-2170

7. I am a California officer and I certify that the foregoing is true
   and correct.

Date:    DECEMBER 3, 2002

                                    Authorized Agent

CAUSE NO. 2002-05-2203-C

| MARY RAMIREZ, | § | IN THE DISTRICT COURT OF |
| JENNIFER ANGELA GOMEZ, | § | |
| STACY AMY ROBERTS, | § | |
| SARA ANN SOSA and | § | |
| ISELA VILLARREAL | § | CAMERON COUNTY, TEXAS |
| | § | |
| VS. | § | |
| | § | |
| DAVID CARAVA and | § | |
| JOINER FOOD SERVICE, INC. | § | 197TH JUDICIAL DISTRICT |

---

## PLAINTIFFS' MOTION TO RETAIN and SET TRIAL DATE

---

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW **MARY RAMIREZ, JENNIFER ANGELA GOMEZ, STACY AMY ROBERTS, SARA ANN SOSA and ISELA VILLARREAL**, Plaintiffs in the above styled and numbered cause, and pursuant to Texas Rule of Civil Procedure 165(a)(3), respectfully requests that the Court reinstate this case and allow Plaintiffs to obtain a setting date in order that the above referenced cause be set for trial upon the merits.

Signed on this the 12th day of November, 2002.

Respectfully submitted,

**LAW OFFICE**
**J. ARNOLD AGUILAR**
Artemis Square, Suite H-2
1200 Central Boulevard
Brownsville, Texas 78520
Telephone    :  (956) 504-1100
Facsimile    :  (956) 504-1408

By: _____
J. Arnold Aguilar
State Bar No. 00936270

Attorney for Plaintiffs,
MARY RAMIREZ, JENNIFER ANGELA GOMEZ,
STACY AMY ROBERTS, SARA ANN SOSA
and ISELA VILLARREAL

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and **PLAINTIFFS'**
**MOTION TO RETAIN and SET TRIAL DATE** has on the this 12th day of November, 2002,
been forwarded to the following:


Mr. Benjamin M. Yudesis
Attorney at Law
322 E. Harrison Avenue, Suite A
Harlingen, TX 78550


_____
J. Arnold Aguilar

v:\fp\motions\219-01.TS                                                          PAGE 3

STATE OF TEXAS                        §
                                     §                    **VERIFICATION OF**
                                     §                    **J. ARNOLD AGUILAR**
COUNTY OF CAMERON                    §


On this the 12th day of November, 2002, appeared **J. ARNOLD AGUILAR**, who upon oath stated as follows:


"My name is J. ARNOLD AGUILAR and I am the attorney of record for Plaintiffs Mary Ramirez, Jennifer Angela Gomez, Stacy Amy Roberts, Sara Ann Sosa and Isela Villarreal. I have read the foregoing Plaintiffs' Motion to Retain and Set Trial Date and everything there is within my knowledge correct."


_____
\_\_ J. ARNOLD AGUILAR

SUBSCRIBED and SWORN TO BEFORE ME, the undersigned authority, on this the 12th day of November, 2002.



_____
Notary Public, State of Texas

My Commission Expires:

_03-27-03_

CAUSE NO. 2002-05-2203-C

| | | |
|---|---|---|
| MARY RAMIREZ, | § | IN THE DISTRICT COURT OF |
| JENNIFER ANGELA GOMEZ, | § | |
| STACY AMY ROBERTS, | § | |
| SARA ANN SOSA and | § | |
| ISELA VILLARREAL | § | CAMERON COUNTY, TEXAS |
| | § | |
| VS. | § | |
| | § | |
| DAVID CARAVA and | § | |
| JOINER FOOD SERVICE, INC. | § | 197TH JUDICIAL DISTRICT |

## ORDER FOR TRIAL SETTING

On this _____ day of _____, 2002, came on to be considered

**Plaintiffs' Motion to Retain and Set Trial Date** in the above styled and numbered cause.

IT IS THEREFORE ORDERED that said Plaintiffs' Motion to Retain and Set Trial Date

be and is hereby set for hearing on the _____ day of _____, 2002, at

_____ o'clock ____.m. in the 197th Judicial District Court of Cameron County, Texas.

SIGNED FOR ENTRY this _____ day of _____, 2002.

_____
JUDGE PRESIDING

**COPIES SENT TO:**
J. Arnold Aguilar, 1200 Central Blvd., Suite H-2, Brownsville, TX 78520
Benjamin M. Yudesis, 322 E. Harrison Avenue, Suite A, Harlingen, TX 78550

FILED _____ O'CLOCK ____ M
AURORA DE LA GARZA DIST. CLERK

OCT 2 4 2002

DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

CAUSE NO. 2002-05-2203-C

| | |
|---|---|
| MARY RAMIREZ, | } IN THE DISTRICT COURT OF |
| JENNIFER ANGELA GOMEZ, | } |
| STACY AMY ROBERTS, | } |
| SARA ANN SOSÁ and | } |
| ISELA VILLARREAL | } CAMERON COUNTY, TEXAS |
| | } |
| VS. | } |
| | } |
| DAVID CARAVA and | } |
| JOINER FOOD SERVICE, INC. | } 197th JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER

**TO THE HONORABLE JUDGE OF SAID COURT:**

COME NOW, Aaron Andrew Joiner, President of Joiner Food Service, Inc., Defendant herein, and for cause would respectfully show the Court and jury the following:

I.

On May 23, 2000, the assets of Joiner Food Service, Inc, both real and personal, were sold to David Carava, President of DRC Distributors, Ltd., a limited corporation which is a subsidiary of DRC Management Corporation, a Texas corporation which was the general partner and David R. Carava (the "Class A Limited Partner") and Carol Carava (the "Class B Limited Partner").

II.

The Asset Purchase Agreement executed by DRC Distributors, Ltd and Joiner Food Service, Inc, a Texas Corporation provided in Article I, paragraph 1.1(f) that the trade name and trade marks of the seller were conveyed thereby giving authority to DRC Distributors, Ltd to do business as Joiner Food Service even though Joiner Food Service, Inc., a Texas Corporation, was no longer connected with the business.

NOW THEREFORE, in addition to the above, defendant Joiner Food Service, Inc. denies all and singular, the allegations contained in the Plaintiff's Original Petition so far as it applies to Joiner Food Service, Inc. and demands strict proof thereof.

JOINER FOOD SERVICE INC. respectfully requests the court to disdmiss with prejudice and that they go hence with their costs.

Signed this the 24th day of October, 2002.

BENJAMIN M. YUDESIS
Attorney for Defendant, Joiner Food
Service, Inc.
322 E. Harrison, Ste A
Harlingen, Texas 78550
956/423-2334
956/423-4461 – fax
State Bar No. 22232300

STATE OF TEXAS
COUNTY OF CAMERON

I, Aaron Andrew Joiner, President of Joiner Food Service, Inc, having read the foregoing Original Answer and know that the facts contained therein to be true and correct.

Aaron Andrew Joiner, President of Joiner
Food Service, Inc.

SUBSCRIBED AND SWORN TO before me on this the 24th day of October, 2002 by the said AARON ANDREW JOINER, President of Joiner Food Service, Inc.

Notary Public, State of Texas

## CERTIFICATE OF SERVICE

I, BENJAMIN M. YUDESIS, Attorney for Defendant Joiner Food Service, Inc, certify that I have forwarded a copy of the DEFENDANT'S ORIGINAL ANSWER to J. Arnold Aguilar, on this the 24th day of October, 2002 by certified mail, return receipt reguested.

_____
BENJAMIN M. YUDESIS

or Personal Service   - GENERAL _____    D__. Seq. # 5.007.01

No. 2002-05-002203-C

ORIGINAL

T H E   S T A T E   O F   T E X A S

E TO DEFENDANT:  You have been sued.  You may employ an attorney.  If
r attorney do not file a written answer with the clerk who issued this
/ 10:00 a.m. on the Monday next following the expiration of twenty
you were served this citation and petition, a default judgment may be
ist you.

FOOD SERVICE, INC. _____
3 IT'S REGISTERED AGENT _____
.. JOINER _____
JACKSON STREET _____
3EN, TEXAS 78550 _____

)EFENDANT _____ ,  GREETING: _____

'e commanded to appear by filing a written answer to the

  ORIGINAL PETITION _____

'e 10:00 o'clock a.m. of the Monday next after the expiration of 20
 the date of service of this citation before the Honorable District
: Judicial District of Cameron County, Texas at the Courthouse of said
rownsville, Texas.  Said _____ PETITION _____ was filed on
2002 ___ .  A copy of same accompanies this citation.

:mber of said suit being No. 2002-05-002203-C.

f the case is:

     MARY RAMIREZ, JENNIFER ANGELA GOMEZ, STACY AMY ROB ____
                              VS. ____
          DAVID CARAVA AND JOINER FOOD SERVICE, INC. _____

on was filed in said court by _____ HON. J. ARNOLD AGUILAR
or _____ PLAINTIFF _____ ), whose address is
L BLVD BROWNSVILLE, TEXAS    78520 _____ .

ture of the demand is fully shown by a true and correct copy of the
companying this citation and made a part hereof.

ficer executing this writ shall promptly serve the same according to
s of law, and the mandates thereof, and make due return as the law

and given under my hand and seal of said Court at Brownsville,
the 31st day of ____ MAY ____ , A.D. 2002.

RETURN   OF   OFFICER

d the *17* day of *Oct* , *2002* , at *10⁰⁰* o'clock *A*.M., and

ot executed) on the *17* day of *Oct* , *2002* by delivering to *12.50 Pm*

*Food Service, Inc. during* its Registered Agent Mason A Dencer in person a true copy of this Citation,

I endorsed the date of delivery, together with the accompanying copy

*Plaintiff's Original Petition*

ilure to execute this citation is: _____

_____

g 1 copy        _____

. $_____    Sheriff/constable _____ County, TEXAS

/: _____    By *Eddie Gry* Deputy

ED AND SWORN TO BEFORE ME
*Nov 11, 2002* TO
WHICH WITNESS MY HAND AND
EAL,

BLIC   STATE OF TEXAS

ILED. *9.23* O'CLOCK *A* M
AURORA DE LA GARZA DIST. CLERK

OCT 18 2002  *FIRST*

STRICT COURT OF CAMERON COUNTY, TEXAS
RICK M. CORNEJO DEPUTY

NOTARY PUBLIC  STATE OF TEXAS

CERTIFY WHICH WITNESS MY HAND AND
OFFICIAL SEAL.
ON _____, _____ TO
SUBSCRIBED AND SWORN TO BEFORE ME

JUANITA G. SALDIVAR
MY COMMISSION EXPIRES
February 02, 2005

CAUSE NO. 2002-05-2203-C

| | | |
|---|---|---|
| MARY RAMIREZ, | § | IN THE DISTRICT COURT OF |
| JENNIFER ANGELA GOMEZ, | § | |
| STACY AMY ROBERTS, | § | |
| SARA ANN SOSA and | § | |
| ISELA VILLARREAL | § | CAMERON COUNTY, TEXAS |
| | § | |
| VS. | § | |
| | § | |
| DAVID CARAVA and | § | |
| JOINER FOOD SERVICE, INC. | § | 197TH JUDICIAL DISTRICT |

NOV 1 1 2002

---

## PLAINTIFFS' MOTION TO RETAIN and SET TRIAL DATE

---

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW **MARY RAMIREZ, JENNIFER ANGELA GOMEZ, STACY AMY ROBERTS, SARA ANN SOSA** and **ISELA VILLARREAL**, Plaintiffs in the above styled and numbered cause, and pursuant to Texas Rule of Civil Procedure 165(a)(3), respectfully requests that the Court reinstate this case and allow Plaintiffs to obtain a setting date in order that the above referenced cause be set for trial upon the merits.

CAUSE NO. <u>2002-05-2203-C</u>

| | | |
|---|---|---|
| <u>**MARY RAMIREZ, ET AL**</u> | § | **IN THE DISTRICT COURT** |
| | § | |
| **VS** | § | **CAMERON COUNTY, TEXAS** |
| | § | |
| <u>**DAVID CARAVA, ET AL**</u> | § | **197TH JUDICIAL DISTRICT** |

## <u>ORDER SETTING CAUSE ON DISMISSAL FOR WANT OF PROSECUTION</u>

It is hereby ordered that notice of the Court's intention to dismiss the above and entitled and numbered cause be given to each attorney of record and each party not represented by an attorney whose address is shown on the docket or in the papers on file. Such notice shall be by a postmarked copy of this order with the United States Postal Service.

On the <u>13th</u> day of <u>**November, 2002**</u> at <u>**9:00 a.m.,**</u> this cause will be dismissed for want of prosecution if not reinstated by the Court Within 30 days. If the Court determines to maintain the case on the docket, this case shall be set for trial. All motions for reinstatement must contain a motion and proposed order setting hearing to set cause for trial.

The case may be continued thereafter only for valid and compelling reasons specifically determined by court order.

Signed for entry on this <u>11th</u> of <u>**October, 2002**</u>.

_____
JUDGE PRESIDING

Copies to: **OCT 1 1 2002**

HON J. ARNOLD AGUILAR
DAVID CARAVA
JOINER FOOD SERVICE

FILED ___4:00___ O'CLOCK ___P___ M
AURORA DE LA GARZA. DIST. CLERK

OCT 1 1 2002

DISTRICT COURT CAMERON COUNTY TEXAS
BY _____ DEPUTY



CAUSE NO. 2002-05-2203-C



| MARY RAMIREZ, | § | IN THE DISTRICT COURT OF |
| JENNIFER ANGELA GOMEZ, | § | |
| STACY AMY ROBERTS, | § | |
| SARA ANN SOSA and | § | |
| ISELA VILLARREAL | § | CAMERON COUNTY, TEXAS |
| | § | |
| VS. | § | |
| | § | |
| DAVID CARAVA and | § | |
| JOINER FOOD SERVICE, INC. | § | 19TH JUDICIAL DISTRICT |

FILED 2:30 O'CLOCK P.M.
AURORA DE LA GARZA, DISTRICT CLERK
MAY 3 1 2002
DISTRICT COURT OF CAMERON

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW **MARY RAMIREZ, JENNIFER ANGELA GOMEZ, STACY AMY ROBERTS, SARA ANN SOSA** and **ISELA VILLARREAL**, Plaintiffs herein, complaining of David Carava and Joiner Food Service, Inc., and for cause would respectfully show unto the Court and jury the following:

### I.

### DISCOVERY LEVEL

This cause of action should be governed in accordance with Discovery Level 2, pursuant to Texas Rule of Civil Procedure 190.3.

## II.

## JURISDICTION AND VENUE

This Court has jurisdiction over the subject matter in controversy in this action, and the claims are within the jurisdictional limits of this Court. Venue is also proper in this Court pursuant to Texas Civil Practice and Remedies Code §15.002, because all or a substantial part of the events or omissions giving rise to the claims herein occurred in Cameron County, and the Defendants' residence at the time the causes of action accrued was in Cameron County, Texas.

## III.

## REQUEST FOR JURY TRIAL

Plaintiffs **MARY RAMIREZ, JENNIFER ANGELA GOMEZ, STACY AMY ROBERTS, SARA ANN SOSA** and **ISELA VILLARREAL** request that a jury of their peers be convened to determine the factual issues in this case and have previously tendered to the Clerk the statutory jury application fee in accordance with Rule 216 of the Texas Rules of Civil Procedure.

## IV.

## PARTIES

Plaintiff MARY RAMIREZ is a resident of Los Fresnos, Cameron County, Texas.

Plaintiff JENNIFER ANGELA GOMEZ is a resident of Raymondville, Willacy County, Texas.

Plaintiff STACY AMY ROBERTS is a resident of Raymondville, Willacy County, Texas.

Plaintiff SARA ANN SOSA is a resident of Raymondville, Willacy County, Texas.

Plaintiff ISELA VILLARREAL is a resident of Harlingen, Cameron County, Texas.

Defendant DAVID CARAVA is an individual resident of Harlingen, Cameron County, Texas, at all relevant times herein. Service may be had upon this Defendant by serving him at his place of employment, 821 W. Jackson Street, Harlingen, Texas 78550.

Defendant JOINER FOOD SERVICE, INC., is a Texas Business Corporation incorporated under the laws of the State of Texas. Service may be had upon this Defendant by serving its registered agent for service of process, Aaron A. Joiner, at 821 W. Jackson Street, Harlingen, Texas 78550.

V.

## FACTUAL BACKGROUND AND ALLEGATIONS

The claims made by each of the Plaintiffs are based on the actions of David Carava, the general manager and apparent owner of Joiner Food Service, Inc. The actions of Mr. Carava constituted discrimination on the basis of sex and sexual harassment, in the creation of a hostile work environment and *quid pro quo* requests, as well as assault, battery, intentional infliction of emotional distress and other violations of state law. Shortly after purchasing Joiner Food Service, Mr. Carava began making numerous comments and taking numerous actions that resulted in a hostile work environment towards women in general, and towards the Plaintiffs in particular, including the requests for dates and sexual favors. Starting in or about August 2000, Mr. Carava started making comments that if the employees would do good for him, he would do good for them, referring to sexual or other such favors. Mr. Carava would ask employees out on dates, make sexual remarks, offer rewards to women who responded favorably, and punish, chastise, yell at, or otherwise retaliate against women who did not respond favorably. If an employee would reject his advances, he would worsen the employee's working conditions

to the point of forcing them to resign. Alternatively, if he believed the employees would be "receptive" towards his advances, he would improve their working conditions and pay. The facts involved with each are described below.

## 1.    Mary Ramirez

Prior to Mr. Carava's purchasing Joiner Food Service in May 2000, Ms. Ramirez had never had any concerns or problems involving sexual discrimination or harassment. In July 2000, however, Mr. Carava started complimenting Ms. Ramirez and asking her out on dates. As a result, they began a mutual relationship that affected her personal and professional situation. Shortly thereafter, Ms. Ramirez separated from her husband in August 2000. It was only after her relationship with Mr. Carava began that Ms. Ramirez was promoted to Office Manager from her former position of receptionist, and her salary was raised from $5.50 per hour to $8.00 per hour, and later to $10.00 and $17.00 per hour. So long as Ms. Ramirez continued to maintain a relationship with Mr. Carava he would reward her with salary and gifts.

The relationship began to sour, however, when Ms. Ramirez caught Mr. Carava with another employee, Belinda Franco, coming out of a hotel room. Ms. Franco began to cry and got upset because she did not know Mr. Carava had been having a relationship with Ms. Ramirez. Mr. Carava apparently was also having a relationship with Ms. Franco, and had told her he was planning to take her with him to California. Mr. Carava told Ms. Ramirez he had no explanation because he realized he had been caught. A short time later, Ms. Franco quit her position at the company, but Ms. Ramirez called her and asked her to return because Ms. Franco needed the job for her family. Although Ms. Ramirez also threatened to quit, Mr. Carava also convinced her to stay, with the promise that they would maintain only a platonic,

and no longer a sexual, relationship. Thereafter, Mr. Carava would continue to invite Ms. Ramirez out, but she would refuse. As a result, he began to treat her very rudely and inappropriately, he would make derogatory remarks, and he would generally make her working conditions intolerable. He would often yell and slam doors at Ms. Ramirez, he would make sarcastic remarks to her, and at one point he physically broke a keyboard in front of her. Mr. Carava would frequently state that he could be vengeful, and that "once personal turns to business, business is business, and you better watch it little girl." Because of the treatment by Mr. Carava, Ms. Ramirez determined that she could no longer tolerate his treatment and on February 19th she was constructively terminated and therefore submitted her resignation.

## 2.    Jennifer Angela Gomez

Ms. Gomez started working for Joiner Food Service, Inc. on August 20, 2000, as a receptionist. After Ms. Gomez had been working for Joiner Food Service, Inc. for about two (2) months, Mr. Carava started calling her on the telephone from California. Mr. Carava would talk about Ms. Gomez' potential, and he asked to discuss this with her further over lunch. After their lunch meeting, however, Mr. Carava would attempt to take Ms. Gomez to his hotel, but she refused to go into the hotel, which seemed to frustrate Mr. Carava. He would later send her notes telling her she was pretty and that he wanted to be with her, explaining that he could make her happy. It was after these notes that he promoted Ms. Gomez to Sales Manager, earning $13.00 per hour. During meetings at the office, Mr. Carava would close his door while talking to Ms. Gomez, even after she would ask him not to. In spite of Mr. Carava's repeated requests to go out with Ms. Gomez, she would continue to refuse. When she confronted him with the

possibility of his getting sued for doing so, he replied that he knew what trouble he could get into, but that he was willing to risk the danger because he wanted to be with Ms. Gomez. At one point, Mr. Carava also complained to Ms. Gomez that a receptionist that had been hired was unattractive, calling her a "scrote." He would also often ask Ms. Gomez about the measurements of receptionists that were to be hired. On Ms. Gomez' wedding anniversary, February 15, 2001, Mr. Carava fired the Warehouse Supervisor, Delia Rios, and later asked Ms. Gomez, Ms. Ramirez and Ms. Sosa to work late, and Ms. Roberts agreed to help as well. That evening, Ms. Gomez stayed working until 9:30 p.m., and the others stayed working until midnight. During that time, Mr. Carava continued to try to get Ms. Gomez and Ms. Roberts to go out with him. When Ms. Gomez continued to refuse, however, he stated that it was "my way or you can walk, baby, walk. I'm a smart 'motherfucker' who's made my mother's business very profitable." He then told Ms. Roberts that he fired Ms. Rios because "she was a fucking menopause bitch." Ms. Rios was approximately 50 years old. Mr. Carava also wanted Ms. Gomez to indicate on Ms. Rios' Exit Interview Form that Ms. Rios had failed to do her job, but Ms. Gomez refused. After she could no longer tolerate the requests and taunts of Mr. Carava, Ms. Gomez was constructively terminated and submitted her resignation on February 19, 2001.

### 3.    **Stacy Amy Roberts**

Ms. Roberts started with Joiner Food Service, Inc. in November 2000 as an Office Assistant, earning $7.00 per hour. Ms. Roberts' problems with Mr. Carava started in December 2000. At that time, he began making sexual comments to her, asking her out, and stating that he could do sexual favors for her. He would tell her she was pretty and would claim that he

could show her things because he had been with women. He would constantly try to pressure her to go out with him, and at one point even said that it was "time for [her] daily pressure" to go out with him. In an effort to entice her to go out with him and make her available to go out with him, he moved her to the sales position, at which she could earn more money through commissions. In January 2001, she began as a Sales Representative, earning her salary in addition to commissions. She earned $547.00 in commissions for two weeks in January 2001.

After she continued to refuse to go out with Mr. Carava, however, he began to treat her badly, including making rude and derogatory comments to her. As a result, at one point Ms. Roberts yelled at him "I only want to work for you!" and ran crying hysterically to the bathroom. Apparently the more Ms. Roberts would refuse Mr. Carava's advances, the more he would pressure her. He acknowledged to Ms. Ramirez that he had been mean to Ms. Roberts and told Ms. Ramirez that he was going to fire Ms. Roberts. After she could no longer take the harassment and pressure, Ms. Roberts was constructively terminated and submitted her resignation on February 19, 2001.

### 4.    Sara Ann Sosa

Ms. Sosa started working for Joiner Food Service, Inc. on October 10, 2000, as a receptionist. Shortly thereafter, she was promoted to Collections Agent, where she was earning $7.50 per hour, and later $9.00 per hour.

After Mr. Carava's efforts to date Mary Ramirez, Jennifer Gomez and Stacy Roberts did not succeed, he began trying to get Ms. Sosa to go out with him. He began by complimenting her and by making favorable comments to her. He would tell Ms. Sosa and Ms. Gomez that

Ms. Sosa had a nice body and nice breasts, and he would often flirt with her and stare at her. At the end of January 2001, he began asking her out on dates as well. Although she would refuse, Mr. Carava's advances made her uncomfortable. Mr. Carava would also make sexual remarks about Ms. Sosa's body, as well as other offensive and rude remarks about other employees. At one point, Mr. Carava told Ms. Gomez that he was like a "spider," indicating he was a prowler going after Ms. Sosa, and that he was going to "stay on her until he got her." Ms. Sosa was in fear of being alone with Mr. Carava, for which she filed a complaint with Ms. Ramirez on February 16, 2001. As a result of the continued pressure and actions of Mr. Carava, Ms. Sosa was constructively terminated and submitted her resignation on February 19, 2001.

## 5.    Isela Villarreal

Ms. Villarreal started working for Joiner Food Service, Inc. on June 8th as a temporary receptionist, earning $6.00 per hour. On or about August 15th, she began working in the Accounts Receivable department, earning $8.00 per hour, and her salary was later increased to $10.00 per hour, and thereafter to $11.55 per hour.

Although Mr. Carava did not directly attempt to ask Ms. Villarreal out, he would instead attempt to get her to leave her husband. During the week of February 1, 2001, Mr. Carava told Ms. Villarreal that he had heard some things about her husband and that she needed to leave him. He would also make similar comments about other women's husbands. Mr. Carava was apparently also upset that Ms. Villarreal had become pregnant. He complained to numerous employees, including Ms. Roberts, Ms. Sosa and Ms. Ramirez, that Ms. Villarreal would take

time off to go to doctor's appointments.  During that time period, Mr. Carava had made arrangements to switch from providing a group health insurance policy to providing insurance only for a select few employees.  During this time, he arranged for health insurance for male employees and their families, but not for the families of female employees.  He explained that although he knew this was wrong, the men needed to support their families, and he did not want to support any "bastard husbands."  As a result, health insurance was provided for the families of male employees, and for the child of Mary Ramirez (who he had been dating), but not for the families of any other female employees.

Once Mr. Carava found out Ms. Villarreal was pregnant, not only did he not provide any health insurance for the child, but he even had her fired.  Mr. Carava went so far as to tell Ms. Gomez and Ms. Sosa that he was going to fire Ms. Villarreal because she was pregnant, and that he was "not going to support her 50 kids and her bastard husband."  Prior to this time, Ms. Villarreal had been performing her work satisfactorily, and she had even gotten a raise in January 2001.  In spite of this, on February 5, 2001, Mr. Carava terminated Ms. Villarreal's employment, without any explanation as to why he was terminating her, what she had been doing wrong, or what actions she could take to correct any allegedly improper behavior or actions.  Instead, he told her only "let's see if your husband can take care of you now!"  Because Ms. Ramirez was also aware that Mr. Carava was terminating Ms. Villarreal because she was pregnant, he told her "if you fucking let a word out [about firing Ms. Villarreal because she was pregnant] then you're fired too."

## VI.

## CAUSES OF ACTION

The actions of Defendants Joiner Food Service, Inc. and David Carava set out above constitute discrimination on the basis of sex and sexual harassment, and the creation of a hostile work environment and *quid pro quo* sexual harassment, for which Defendants are liable pursuant to the Texas Commission on Human Rights Act, as well as for the common law violations of assault and battery, invasion of privacy, wrongful constructive discharge and malice. In addition, the actions of Defendant David Carava also constituted an intentional infliction of emotional distress for which he is personally liable.

As a result of the actions of Defendants, Plaintiffs have endured and suffered damages, including physical and mental pain, suffering and anguish, loss of self esteem and confidence in their job performance, humiliation and damage to their reputations. Plaintiffs have also incurred a loss of income and loss of earnings, and they will continue to lose income in the future. Plaintiffs have also incurred, and will continue to incur, expenses for reasonable and necessary medical and psychological care and attention as a result of the actions of Defendants herein.

## VII.

## DAMAGES

As a result of the acts and/or omissions of Defendants constituting sexual discrimination and harassment, assault and battery, invasion of privacy, wrongful constructive discharge, malice and intentional infliction of emotional distress, Plaintiffs have suffered damages in the past, and will continue to suffer damages in the future in the following particulars:

a.    past and future physical pain, anguish and suffering;

b.    past and future physical, mental and emotional impairment and incapacity;

c.    past and future mental and emotional anguish, pain, and suffering;

d.    reasonable and necessary medical and psychological expenses in the past and in the future; and,

e.    loss of earnings and impaired earning capacity in the past and in the future.

Upon final conclusion and hearing, Plaintiffs MARY RAMIREZ, JENNIFER ANGELA GOMEZ, STACY AMY ROBERTS, SARA ANN SOSA and ISELA VILLARREAL seek recovery of their actual and compensatory damages, including damages for their physical and mental pain, suffering and anguish, emotional distress and anxiety, past and future lost wages and earnings, benefits and salary caused by Defendants' actions in an amount to be determined by the jury.

## VIII.

## PUNITIVE DAMAGES

In addition, the acts described above were committed by Defendants with malice, which included a specific intent to cause substantial injury to Plaintiffs, or a deliberate or conscious indifference to the rights, safety or welfare of Plaintiffs MARY RAMIREZ, JENNIFER ANGELA GOMEZ, STACY AMY ROBERTS, SARA ANN SOSA and ISELA VILLARREAL, considering the risk and magnitude of potential harm, thus entitling Plaintiffs to recover punitive or exemplary damages from Defendants in an amount to be determined by the jury.

The above and foregoing acts and/or omissions committed by Defendants have caused Plaintiffs damages within the jurisdictional limits of this Court. Plaintiffs further seek pre-judgment and post-judgment interest on the damages suffered, as well as attorney's and experts' fees pursuant to applicable law, as a result of the incidents in question.

## IX.

### CONDITIONS PRECEDENT

All conditions precedent to the filing of this claim and the recovery of the damages prayed for herein have occurred and have been performed.

## X.

### PRAYER

Because of all the above and foregoing, Plaintiffs **MARY RAMIREZ, JENNIFER ANGELA GOMEZ, STACY AMY ROBERTS, SARA ANN SOSA** and **ISELA VILLARREAL** have been damaged and will continue to be damaged. Plaintiffs request actual, compensatory and punitive or exemplary damages in an amount commensurate with the extent of Defendants' actions and their ability to pay any such amount.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs **MARY RAMIREZ, JENNIFER ANGELA GOMEZ, STACY AMY ROBERTS, SARA ANN SOSA** and **ISELA VILLARREAL** pray that Defendants be cited according to law to appear and answer herein. Plaintiffs further pray that upon final trial herein, that they have and recover from Defendants the damages described above, in the full amount allowed by law, together with the following:

(1)    Judgment for actual and compensatory damages against Defendants;

(2)    Punitive or Exemplary damages;

(3)    Pre-judgment interest at the maximum legal rate;

(4)    Post-judgment interest on said decision of the maximum legal rate, until paid in full;

(5)    Reasonable and necessary attorney's fees;

(6)    All costs of court, including costs of expert witnesses; and,

(7)    Such other and further relief to which Plaintiffs may be justly entitled, at law and in equity.


Signed on this the 31st day of May, 2002.


Respectfully submitted,

**LAW OFFICE**
**J. ARNOLD AGUILAR**
Artemis Square, Suite H-2
1200 Central Boulevard
Brownsville, Texas  78520
Telephone    :  (956) 504-1100
Facsimile    :  (956) 504-1408


By: _____
J. Arnold Aguilar
State Bar No. 00936270
Cameron County ID No. 36170l

Attorney for Plaintiffs,
MARY RAMIREZ, JENNIFER ANGELA
GOMEZ, STACY AMY ROBERTS, SARA
ANN SOSA and ISELA VILLARREAL

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
(Brownsville Division)

| | | |
|---|---|---|
| MARY RAMIREZ, JENNIFER | § | |
| ANGELA GOMEZ, STACY AMY | § | |
| ROBERTS, SARA ANN SOSA and | § | |
| ISELA VILLARREAL, | § | |
| | § | |
| Plaintiffs | § | Civil Action No.  **B-02-239** |
| v. | § | |
| | § | |
| DAVID CARAVA and | § | |
| JOINER FOOD SERVICE, INC., | § | |
| | § | |
| Defendants | § | |

## COUNSEL OF RECORD

Benjamin M. Yudesis
322 E. Harrison, Suite A
Harlingen, Texas 78550
956-423-2334
956-423-4461 - fax
Counsel for Defendant, Joiner Food Service, Inc.

J. Arnold Aguilar
Law Office of J. Arnold Aguilar
Artemis Square, Suite H-2
1200 Central Boulevard
Brownsville, Texas 78520
(956) 504-1100
(956) 504-1408 - fax
Attorney for Plaintiffs, Mary Ramirez, Jennifer Angela Gomez, Stacy Amy Roberts, Sara Ann Sosa
and Isela Villarreal

Richard I. Manas
Attorney-in-Charge
M. Cheryl Kirby
Associate, Of Counsel
Oppenheimer, Blend, Harrison & Tate, Inc.
711 Navarro, 6th Floor
San Antonio, Texas 78205
(210) 224-2000
(210) 224-7540 - fax
Attorneys for Defendant David Carava

300625.1[014753.001]

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
(Brownsville Division)

| | | |
|---|---|---|
| MARY RAMIREZ, JENNIFER | § | |
| ANGELA GOMEZ, STACY AMY | § | |
| ROBERTS, SARA ANN SOSA and | § | |
| ISELA VILLARREAL, | § | |
| | § | |
|      Plaintiffs | § | Civil Action No.  **B - 02 - 239** |
| v. | § | |
| | § | |
| DAVID CARAVA and | § | |
| JOINER FOOD SERVICE, INC., | § | |
| | § | |
|      Defendants | § | |

## INDEX OF MATTERS BEING FILED

1.  Defendant David Carava's Notice of Removal.

2.  Affidavit of David Carava attached to Notice of Removal as Exhibit "A."

3.  All executed process included in Exhibit B attached to Notice of Removal.

4.  All pleadings asserting causes of action and all answers to such pleadings included in Exhibit

    B attached to Notice of Removal.

5.  All orders signed by the state judge included in Exhibit B attached to Notice of Removal.

6.  The docket sheet included in Exhibit B attached to Notice of Removal

7.  List of counsel of record.

300627.1[014753.001]

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Index of Matters Being Filed and List of Counsel of Record has been sent on this 27 day of December, 2002, via certified mail, return receipt requested to:

J. Arnold Aguilar
Law Office of J. Arnold Aguilar
Artemis Square, Suite H-2
1200 Central Boulevard
Brownsville, Texas 78520

Benjamin M. Yudesis
Attorney at Law
322 E. Harrison Avenue, Suite A
Harlingen, Texas 78550

M. Cheryl Kirby