4

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MARY RAMIREZ,                    §
JENNIFER ANGELA GOMEZ,           §
STACY AMY ROBERTS,               §
SARA ANN SOSA and                §      CIVIL ACTION NO.
ISELA VILLARREAL                 §
                                 §      B - 02 - CV - 239
VS.                              §
                                 §
DAVID CARAVA and                 §
JOINER FOOD SERVICE, INC.        §

JAN 2 4 2003

Michael N. Milby
Clerk of Court

---

## PLAINTIFFS' MOTION TO REMAND AND
## MEMORANDUM IN SUPPORT THEREOF

---

TO THE HONORABLE U.S. DISTRICT COURT:

COME NOW **MARY RAMIREZ, JENNIFER ANGELA GOMEZ, STACY AMY ROBERTS, SARA ANN SOSA** and **ISELA VILLARREAL**, Plaintiffs and file this their Motion to Remand pursuant 28 U.S.C. §1447(c) and would show the court the following:

### INTRODUCTION

1.     Plaintiffs are MARY RAMIREZ, JENNIFER ANGELA GOMEZ, STACY AMY ROBERTS, SARA ANN SOSA and ISELA VILLARREAL.

2.     Defendants are JOINER FOOD SERVICE, INC. and DAVID CARAVA.

3.     On May 31, 2002, Plaintiffs sued Defendants for discrimination on the basis of sex and sexual harassment, as well as for common law violations, in the 197th Judicial District Court, Brownsville, Cameron County, Texas.

4    On October 17, 2002, Defendant JOINER FOOD SERVICE, INC. was served with process, and this Defendant filed its Original Answer on October 24, 2002.

5.    On December 2, 2002, Defendant DAVID CARAVA was served with process, and he filed his Original Answer on or about December 23, 2002. He thereafter filed a Notice of Removal on December 27, 2002, alleging diversity of the parties Plaintiff and Defendant.

## ARGUMENT AND AUTHORITIES

6.    Federal Courts are of limited jurisdiction, and they may maintain jurisdiction only to the extent authorized by Congress and the Constitution. *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994); *Willy v. Coastal Corp.*, 503 U.S. 131, 136-37, 112 S.Ct. 1076, 1080, 117 L.Ed.2d 280 (1992). "It is to be presumed that a cause lies outside this limited jurisdiction,...and the burden of establishing the contrary rests upon the party asserting jurisdiction...." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. at 375, 114 S.Ct. at 1675 (internal citations omitted). In fact, "when the alleged basis for jurisdiction is diversity of citizenship, the district court must be certain that the parties are in fact diverse before proceeding to the merits of the case." *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1258 (5th Cir. 1988). "If the case involves more than one plaintiff and more than one defendant, the court must be certain that all plaintiffs have a different citizenship from all defendants." *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806). "The burden or proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction." *See Aetna Casualty and Sur. Co. v. Hillman*, 796 F.2d 770, 775 (5th Cir. 1986).

7.      "Because the establishment of a basis for the exercise of subject matter jurisdiction is the *sine qua non* of federal litigation, we have consistently held that it is the party who urges jurisdiction upon the Court who must always bear the burden of demonstrating that the case is one which is properly before the federal tribunal." *B. Inc. v. Miller Brewing Co.*, 653 F.2d 545, 549 (5th Cir. 1981). Removal is improper where it is effected more than thirty days after the first Defendant is served, so long as the case is removable, or where all Defendants have not properly joined in the petition for removal within thirty days of the date on which the first Defendant was served. *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1262-63 (5th Cir. 1988); *Marshall v. Skydive America South*, 903 F. Supp. 1067, 1069 (E.D. Tex. 1995). "Similarly, where there have been allegations of 'fraudulent joinder' it is clear that the burden is upon the removing party to prove the alleged 'fraud.'" *B. Inc. v. Miller Brewing Co.*, 663 F.2d at 549. There is no fraudulent joinder because Defendant can not establish that "there is absolutely no possibility that the Plaintiff[s] will be able to establish a cause of action" against Defendant Joiner Food Service, Inc. *Travis v. Irby*, No. 02-60005, slip op. at 3 (5th Cir. Jan. 17, 2003).

8.      The Court should therefore remand this cause on the basis of the defects identified in this motion for remand made within thirty days after the filing of the notice of removal under 28 U.S.C. §1446(a). 28 U.S.C. §1447(c).

## A.    <u>Removal Was Untimely</u>

9.    Defendant DAVID CARAVA filed his Notice of Removal on December 27, 2002, more than thirty (30) days after the first Defendant, Joiner Food Service, Inc., was served or received notice of Plaintiffs' suit on October 17, 2002.  The return of service attached hereto as part of Exhibit B to Defendant David Carava's Notice of Removal establishes that Defendant Joiner Food Service, Inc. was originally served with process on October 17, 2002.  Although this Defendant filed an Answer on October 24, 2002, and Defendant Carava filed an Answer on December 23, 2002, no Defendant filed a notice of removal until December 27, 2002, more than thirty (30) days after the first Defendant was properly served with process.

10.    Where multiple defendants are involved, the "thirty day period begins to run as soon as the first defendant is served (provided the case is then removable)."  *Getty Oil Corp.* *v. Insurance Co. of North America*, 841 F.2d at 1262-63; *Marshall v. Skydive America South*, No. 3, Supp. at 1069.  Although Defendant David Carava alleges there is complete diversity between the parties because he is completely diverse from all Plaintiffs and Co-Defendant Joiner Food Service, Inc. was "fraudulently joined" in this action, no such allegation has been made by Defendant Joiner Food Service, Inc.  Nor did Defendant Joiner Food Service, Inc. attempt removal of this action within thirty days of the date it was served with process in this action. To the contrary, Defendant Carava's actions constitute "fraudulent removal" in an attempt to confer jurisdiction on this Court.  Because no removal was effected within thirty days of the date the first Defendant was served, Defendant Carava is now precluded from attempting removal herein.

## B.     Removal Improper Without Proper Consent of All Defendants

11.     The procedure for removal is set out at 28 U.S.C. §1446, which requires that all Defendants must join in the removal.  "It follows that since all served Defendants must join in the petition, and since the petition must be submitted within thirty days of service on the first defendant, all served defendants must join in the petition no later than thirty days from the day on which the first defendant was served."  *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d at 1263.  "[I]f there is more than one defendant, then the defendants must act collectively to remove the case."  *Doe v. Kerwood*, 969 F.2d 165, 167 (5th Cir. 1992).

12.     Once a Defendant is required to remove a case within thirty days and fails to do so, he may not later join in a subsequent petition for removal filed by another defendant. Although Defendant Joiner Food Service, Inc.'s consent was necessary for Defendant Carava to properly remove this action, Defendant Joiner could not join in Defendant Carava's removal petition because it failed to take action to remove within thirty days after it received notice that the case may be removable.

> Section 1446(b) requires that a notice of removal be filed within thirty days after the receipt by the defendant of the initial pleading or the summons.  This Court has interpreted that provision to mean that a defendant who does not petition for removal within that time period loses the right to remove and is precluded from joining in a later removal petition.

*Id.* at 169. Although Defendant Carava may argue that "unanimity is required is only among those who are entitled to remove the case," that argument has already been considered and rejected by the Fifth Circuit. *Id.* at 167-68. Accordingly, because Defendant Joiner Food Service, Inc. did not seek removal of this action within thirty days after it was served with notice of this action, it may not thereafter join in Defendant Carava's removal herein either. Without the *proper* consent of all Defendants to removal, this removal is therefore improper and not allowed by 28 U.S.C. §1446.

13.    In addition, 28 U.S.C. §1446 requires that all Defendants affirmatively represent that they in fact consent to the removal. Defendant Carava's mere representation that Defendant Joiner consents is not sufficient because Defendant Joiner cannot be bound by such representation. Defendant Carava lists only attorney Benjamin M. Yudesis as Counsel for Defendant Joiner Food Service, Inc., and he provides no evidence of authorization for his representation.

> But while it may be true that consent to removal is all that is required under §1446, a defendant must do so itself. This does not mean that each defendant must sign the original petition for removal, but there must be some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action. Otherwise, there would be nothing on the record to "bind" the allegedly consenting defendant. In the present case, nothing in the record, except [one defendant's] unsupported statement in the original removal petition, indicates that [second defendant] actually consented to removal when the original petition was filed. [The first defendant's] removal petition alleged that the [second defendant]…"do[es] not oppose and consent[s] to this Petition for Removal"; it does not allege that [the second defendant] has authorized [the first defendant] to formally (or otherwise) represent to the court on behalf of [the second defendant] that [the second defendant] has consented to the removal. Accordingly, there was no adequate allegation or showing of [the second defendant's] actual joinder in or consent to the original removal petition.

*Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d at 1262. As in *Getty Oil*, Defendant Carava's Notice of Removal states only that "[t]he other Defendant, Joiner Food Service, Inc., has been served with process and consents to removal of this case to federal court." As in *Getty Oil*, such a representation is insufficient to establish Defendant Joiner actually joined in or consented to the removal of this action.

14.    "Further, where all defendants do not sign the removal petition, the petition must set forth a reason for not including all defendants." *Marshall v. Skydive America South*, 903 F. Supp. at 1070 (citations omitted). No such reason was provided by Defendant Carava, however. Even if Defendant Carava were to file a Response to this Motion to Remand with additional evidence or an amended notice, because more than thirty days has elapsed since the time Defendant Joiner was first served with this action, and even from the time Defendant Carava was served, any such modification would be too late. Assertions or evidence of notice submitted twenty-one days after the removal deadline are too late. *Id.* Similarly, although "[a] Defendant is free to amend a notice of removal within the thirty day period as set forth in § 1446,...[t]he right of a defendant to amend the notice of removal under § 1653 is a limited one because amendments are permitted solely to cure 'defective allegations of jurisdiction' and cannot be used to amend 'a substantial defect in removal proceedings.'" *Id.* at 1070-71 (citations omitted). *See also Intercoastal Refining Co., Inc. v. Jalil*, 487, F. Supp. 606, 608 (S.D. Tex. 1980). Accordingly, because Defendant Carava can no longer cure the error in removal, this action should be remanded to the state district court.

## C.    No Fraudulent Joinder

15.    Defendant David Carava alleges that Defendant Joiner Food Service, Inc. was "fraudulently joined" in this action because "it was not their employer during the period of time alleged as the basis of this action," and "there is no possibility that any Plaintiff can establish a cause of action against that Defendant under the applicable state law." Defendant Carava relies on the Original Answer of Aaron Joiner, President of Joiner Food Service, Inc., indicating the assets of Joiner Food Service, Inc. were sold to Defendant Carava, President of DRC Distributors, Ltd., as well as its trade name and trademarks. Defendant Carava makes no reference to any notice that was ever provided to any of the Plaintiffs that at some point in time they were to be employed by David Carava, President of DRC Distributors, Ltd., either solely or in cooperation with Joiner Food Service, Inc. In fact, no such notice was ever provided to any of the Plaintiffs herein. See affidavits of Jennifer Angela Gomez (attached as Exhibit B), Stacy Amy Roberts (attached as Exhibit C), Sara Ann Sosa (attached as Exhibit D), and Isela Villarreal (attached as Exhibit E).

16.    "[I]n removal cases involving allegations of fraudulent joinder, the removing party also has the burden of proving the alleged fraud." *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d at 1259 (citations omitted). As the Fifth Circuit held recently, "[t]he burden of persuasion on those who claim fraudulent joinder is a heavy one." *Travis v. Irby*, No. 02-60005, slip op. at 3 (5th Cir. Jan. 17, 2003), *citing B., Inc. v. Miller Brewing Co.*, 663 F.2d at 549. In determining whether "there is *absolutely no possibility* that the plaintiff[s] will be able to establish a cause of action against that party in state court," the district court "must also take

into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." *Id.* (emphasis added), *citing Griggs v. State Farm Lloyds,* 181 F.3d 694, 698 (5th Cir. 1999); *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990). "Any contested issues of fact and any ambiguities of state law must be resolved in [Plaintiff's] favor." *Travis v. Irby*, pp. 3-4, *citing Griggs v. State Farm Lloyds*, 181 F.3d at 699.

17.    As set out in the Exhibits B-E, attached hereto, all Plaintiffs were originally hired by Defendant Joiner Food Service, Inc. At no time was any Plaintiff provided any notice that they were terminated from their employment with Joiner Food Service, Inc. or that they were being hired to work for David Carava or DRC Distributors, Ltd. Because Plaintiffs were never terminated from their employment with Joiner Food Service, Inc., they continued working in their same positions, in the same original place of employment, doing the same work they had been doing previously. Accordingly, even if the assets of Joiner Food Service, Inc. were in fact sold to Defendant Carava or DRC Distributors, Ltd., Plaintiffs did not cease working for Defendant Joiner. To the contrary, based on Defendant's allegations, Plaintiffs were effectively the employees of Joiner Food Service, Inc., David Carava, and DRC Distributors, Ltd. The evidence is sufficient to establish that each of these parties, including Joiner Food Service, Inc. were the employers of Plaintiffs, and Defendant Carava therefore has not established "that there is absolutely no possibility that the Plaintiffs will be able to establish a cause of action against [Joiner Food Service, Inc.] in state court." *Travis v. Irby*, p.3. At the very least, Plaintiffs have provided evidence that Defendant Carava and DRC Distributors, Ltd., were joint employers with Defendant Joiner Food Service, Inc., sufficient to establish liability against Defendant

Joiner. At all material times, Plaintiffs understood that Defendant Joiner Food Service, Inc. had control over their work. Exhibits B-E. Two different employers will be held to be co-employers of a party where each of those employers maintain the right of control over that employee. *White v. Liberty Eylau School Dist.,* 880 S.W.2d 156 (Tex.App.- Texarkana 1994, writ denied). Because Joiner Food Service, Inc. never relieved any of the Plaintiffs from service to it, it can now be held liable to Plaintiffs as their employer. Accordingly, removal was improper and this matter should be remanded back to state court for further action herein.

18.    In addition, Defendant Carava's petition for removal relies on Defendant Joiner Food Service, Inc.'s verified answer, which provides that "the assets of Joiner Food Service, Inc., both real and personal, were sold to David Carava, President of DRC Distributors, Ltd., a limited corporation which is a subsidiary of DRC Management Corporation, a Texas corporation...." By Defendant Carava's petition, he appears to assert that the only proper employer of the Plaintiffs was DRC Distributors, Ltd., which itself appears to be a Texas corporation. By Defendant's petition, therefore, he asserts that the proper Defendant is also a Texas corporation, which would therefore defeat diversity jurisdiction as well. Because he appears to assert that DRC Distributors, Ltd. is the proper Defendant herein, he should not now be heard to assert that all Plaintiffs are diversed from all Defendants.

## CONCLUSION

Because Defendant Carava failed to file his Notice of Removal within thirty days after the first Defendant was served with process herein, and because Defendant Carava failed to include the timely and *proper* consent to removal from all Defendants, or to include such written consent as part of his Notice of Removal, and because Defendant Carava cannot establish "that there is absolutely no possibility" that Plaintiffs will be able to establish their cause of action against Joiner Food Service, Inc., this case should be remanded to the state district court. "Well-established public policy dictates that when there is uncertainty as to the right of removal in the first instance, such ambiguity is construed against removal." *Marshall v. Skydive America South*, 903 F. Supp. at 1069. As that district court explained,

> [t]wo reasons explain this rule. First, the Plaintiff's choice of forum should generally be given deference. Second, when there is a debatable question of whether a case has been properly removed, it is an imprudent use of judicial resources for a District Court to proceed with the possibility that any verdict may be upset after a full trial on the merits of the claim.

*Id.* at 1069 n.5. Plaintiffs therefore respectfully request that this matter be remanded back to the state district court for further proceedings herein.

WHEREFORE, PREMISES CONSIDERED, **MARY RAMIREZ, JENNIFER ANGELA GOMEZ, STACY AMY ROBERTS, SARA ANN SOSA** and **ISELA VILLARREAL,** Plaintiffs ask the Court to grant the motion to remand, remand this suit to the state court in which it was originally filed, and award Plaintiffs their court courts, expenses and attorney's fees and all other relief to which Plaintiffs are entitled, at law and in equity.

Signed on this the 24th day of January, 2003.

Respectfully submitted,

**LAW OFFICE**
**J. ARNOLD AGUILAR**
Artemis Square, Suite H-2
1200 Central Boulevard
Brownsville, Texas 78520
Telephone    :  (956) 504-1100
Facsimile    :  (956) 504-1408

By: _____
J. Arnold Aguilar
State Bar No. 00936270
Federal Adm. No. 6822

Attorney for Plaintiffs,
MARY RAMIREZ, JENNIFER ANGELA GOMEZ,
STACY AMY ROBERTS, SARA ANN SOSA
and ISELA VILLARREAL

## CERTIFICATE OF CONFERENCE

I, J. Arnold Aguilar, hereby certify that on this the 23rd day of January, 2003, I conversed with Defendants' attorneys, Cheryl Kirby and Benjamin Yudesis, and both confirmed they are opposed to Plaintiffs' Motion to Remand and Memorandum in Support Thereof.

_____
J. Arnold Aguilar

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing **PLAINTIFFS' MOTION TO REMAND AND MEMORANDUM IN SUPPORT THEREOF** has on this the _24th_ day of January, 2003, been forwarded via certified mail, return receipt requested to:

Ms. M. Cheryl Kirby
OPPENHEIMER, BLEND, HARRISON
    & TATE, INC
711 Navarro, Suite 600
San Antonio, TX 78205

Mr. Benjamin M. Yudesis
Attorney at Law
322 E. Harrison Avenue, Suite A
Harlingen, TX 78550

J. Arnold Aguilar

v:\fp\motions\219-01.m2r

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

MARY RAMIREZ,                          §
JENNIFER ANGELA GOMEZ,                 §
STACY AMY ROBERTS,                     §
SARA ANN SOSA and                      §        CIVIL ACTION NO.
ISELA VILLARREAL                       §
                                       §        B - 02 - CV - 239
VS.                                    §
                                       §
DAVID CARAVA and                       §
JOINER FOOD SERVICE, INC.              §

---

## ORDER SETTING HEARING

---

On this _____ day of _____, 2003, came on to be considered **Plaintiffs' Motion to Remand** in the above styled and numbered cause.

IT IS THEREFORE ORDERED that said Plaintiffs' Motion to Remand be and is hereby set for hearing on the _____ day of _____, 2003, at _____ o'clock _____.m.

SIGNED FOR ENTRY this _____ day of _____, 2003.

_____
U.S. DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MARY RAMIREZ, | § | |
| JENNIFER ANGELA GOMEZ, | § | |
| STACY AMY ROBERTS, | § | |
| SARA ANN SOSA and | § | CIVIL ACTION NO. |
| ISELA VILLARREAL | § | |
| | § | B - 02 - CV - 239 |
| VS. | § | |
| | § | |
| DAVID CARAVA and | § | |
| JOINER FOOD SERVICE, INC. | § | |

---

## ORDER GRANTING PLAINTIFFS' MOTION TO REMAND

---

On the _____ day of _____, 2003, this cause came for hearing

on **Plaintiffs' Motion to Remand.**

After hearing the argument of counsel thereon, the Court is of the opinion that Plaintiffs'

Motion to Remand should be GRANTED;

IT IS THEREFORE ORDERED, ADJUDGED and DECREED that Plaintiffs' Motion

to Remand is GRANTED and the District Clerk is hereby directed to remand this action and all

papers filed herein back to the 197th Judicial District Court of Cameron County, Texas.

SIGNED on this the _____ day of _____, 2003.

_____
U.S. DISTRICT JUDGE

# EXHIBIT "B"

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

MARY RAMIREZ,                          §
JENNIFER ANGELA GOMEZ,                 §
STACY AMY ROBERTS,                     §
SARA ANN SOSA and                      §        CIVIL ACTION NO.
ISELA VILLARREAL                       §
                                       §        B - 02 - CV - 239
VS.                                    §
                                       §
DAVID CARAVA and                       §
JOINER FOOD SERVICE, INC.              §

---

## AFFIDAVIT OF JENNIFER ANGELA GOMEZ

---

STATE OF TEXAS                         §
                                       §
COUNTY OF CAMERON                      §

BEFORE ME, the undersigned official, on this day appeared **JENNIFER ANGELA GOMEZ**, who is personally known to me, and first being duly sworn according to law upon her oath deposes and says:

1.   My name is Jennifer Angela Gomez, I am over 18 years of age and I am fully competent to make this affidavit.

2.   I was originally hired by Defendant Joiner Food Service, Inc. on August 20, 2000.

3.   During my employment with Joiner Food Service, Inc., I was originally hired as a receptionist, then I was promoted to Purchasing Agent and later promoted to Sales Manager. I continued working in this same position, in the same original place of employment, doing the same work until my constructive termination on February 19, 2001.

# EXHIBIT "B"

PAGE 1 OF 2

4.   At no time prior to February 19, 2001 was I ever notified that I was no longer working for Joiner Food Service, Inc., that I had been terminated or laid off from Joiner Food Service, Inc., or that Joiner Food Service, Inc. would no longer be my employer.

5.   At no time prior to February 19, 2001 was I ever notified that I had been hired or retained by David Carava or DRC Distributors, Ltd. as an employee separate and apart from my employment with Joiner Food Service, Inc. It was my understanding that David Carava had simply purchased Joiner Food Service, Inc. and that I therefore continued in my same employment role for the same employer.

6.   If the assets of Joiner Food Service, Inc. were sold to Defendant Carava or DRC Distributors, Ltd., I was never notified of any change in my employment status or employer, and to my understanding, I did not cease working for Defendant Joiner Food Service, Inc. until February 19, 2001.

7.   It is my understanding that at all material times prior to February 19, 2001 I was an employee of Defendant Joiner Food Service, Inc., although I may have also been an employee of David Carava, and/or DRC Distributors, Ltd.

8.   At all material times, I understood that Defendant Joiner Food Service, Inc. had control over my work, and it would direct my work duties.


Further affiant sayeth not.


JENNIFER ANGELA GOMEZ


SUBSCRIBED AND SWORN TO BEFORE ME on the 22nd day of January, 2003, to certify which witness my hand and official seal.

Notary Public, State of Texas

FRANCES PEÑA
NOTARY PUBLIC
STATE OF TEXAS
EXPIRES
03-27-2003

# EXHIBIT "B"

**PAGE 2 OF 2**

# EXHIBIT "C"

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MARY RAMIREZ, | § | |
| JENNIFER ANGELA GOMEZ, | § | |
| STACY AMY ROBERTS, | § | |
| SARA ANN SOSA and | § | ·   CIVIL ACTION NO. |
| ISELA VILLARREAL | § | |
| | § | B - 02 - CV - 239 |
| VS. | § | |
| | § | |
| DAVID CARAVA and | § | |
| JOINER FOOD SERVICE, INC. | § | |

## AFFIDAVIT OF STACY AMY ROBERTS

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF CAMERON | § |

BEFORE ME, the undersigned official, on this day appeared **STACY AMY ROBERTS**, who is personally known to me, and first being duly sworn according to law upon her oath deposes and says:

1.    My name is Stacy Amy Roberts, I am over 18 years of age and I am fully competent to make this affidavit.

2.    I was originally hired by Defendant Joiner Food Service, Inc. in November 2000.

3.    During my employment with Joiner Food Service, Inc., I was originally hired as an Office Assistant, and in January 2001, I was then promoted to Sales Representative. I continued working in this same position, in the same original place of employment, doing the same work until my constructive termination on February 19, 2001.

# EXHIBIT "C"

PAGE 1 OF 2

4.  At no time prior to February 19, 2001 was I ever notified that I was no longer working for Joiner Food Service, Inc., that I had been terminated or laid off from Joiner Food Service, Inc., or that Joiner Food Service, Inc. would no longer be my employer.

5.  At no time prior to February 19, 2001 was I ever notified that I had been hired or retained by David Carava or DRC Distributors, Ltd. as an employee separate and apart from my employment with Joiner Food Service, Inc. It was my understanding that David Carava had simply purchased Joiner Food Service, Inc. and that I therefore continued in my same employment role for the same employer.

6.  If the assets of Joiner Food Service, Inc. were sold to Defendant Carava or DRC Distributors, Ltd., I was never notified of any change in my employment status or employer, and to my understanding, I did not cease working for Defendant Joiner Food Service, Inc. until February 19, 2001.

7.  It is my understanding that at all material times prior to February 19, 2001 I was an employee of Defendant Joiner Food Service, Inc., although I may have also been an employee of David Carava, and/or DRC Distributors, Ltd.

8.  At all material times, I understood that Defendant Joiner Food Service, Inc. had control over my work, and it would direct my work duties.


Further affiant sayeth not.


_____
STACY AMY ROBERTS


SUBSCRIBED AND SWORN TO BEFORE ME on the 22nd day of January, 2003, to certify which witness my hand and official seal.


_____
Notary Public, State of Texas

# EXHIBIT "C"

PAGE 2 OF 2

# EXHIBIT "D"

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MARY RAMIREZ, | § | |
| JENNIFER ANGELA GOMEZ, | § | |
| STACY AMY ROBERTS, | § | |
| SARA ANN SOSA and | § | CIVIL ACTION NO. |
| ISELA VILLARREAL | § | |
| | § | B - 02 - CV - 239 |
| VS. | § | |
| | § | |
| DAVID CARAVA and | § | |
| JOINER FOOD SERVICE, INC. | § | |

---

### AFFIDAVIT OF SARA ANN SOSA

---

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF CAMERON | § |

BEFORE ME, the undersigned official, on this day appeared **SARA ANN SOSA**, who

is personally known to me, and first being duly sworn according to law upon her oath deposes

and says:

1.    My name is Sara Ann Sosa, I am over 18 years of age and I am fully competent to make this affidavit.

2.    I was originally hired by Defendant Joiner Food Service, Inc. on October 10, 2000.

3.    During my employment with Joiner Food Service, Inc., I was originally hired as a receptionist and later promoted to Collections Agent. I continued working in this same position, in the same original place of employment, doing the same work until my constructive termination on February 19, 2001.

# EXHIBIT "D"

PAGE 1 OF 2

4.   At no time prior to February 19, 2001 was I ever notified that I was no longer working for Joiner Food Service, Inc., that I had been terminated or laid off from Joiner Food Service, Inc., or that Joiner Food Service, Inc. would no longer be my employer.

5.   At no time prior to February 19, 2001 was I ever notified that I had been hired or retained by David Carava or DRC Distributors, Ltd. as an employee separate and apart from my employment with Joiner Food Service, Inc.  It was my understanding that David Carava had simply purchased Joiner Food Service, Inc. and that I therefore continued in my same employment role for the same employer.

6.   If the assets of Joiner Food Service, Inc. were sold to Defendant Carava or DRC Distributors, Ltd., I was never notified of any change in my employment status or employer, and to my understanding, I did not cease working for Defendant Joiner Food Service, Inc. until February 19, 2001.

7.   It is my understanding that at all material times prior to February 19, 2001 I was an employee of Defendant Joiner Food Service, Inc., although I may have also been an employee of David Carava, and/or DRC Distributors, Ltd.

8.   At all material times, I understood that Defendant Joiner Food Service, Inc. had control over my work, and it would direct my work duties.

Further affiant sayeth not.

_____
SARA ANN SOSA

SUBSCRIBED AND SWORN TO BEFORE ME on the 22nd day of January, 2003, to certify which witness my hand and official seal.

_____
Notary Public, State of Texas

**EXHIBIT "D"**

PAGE 2 OF 2

# EXHIBIT "E"

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

MARY RAMIREZ,                     §
JENNIFER ANGELA GOMEZ,            §
STACY AMY ROBERTS,               §
SARA ANN SOSA and                §  .      CIVIL ACTION NO.
ISELA VILLARREAL                 §
                                 §         B - 02 - CV - 239
VS.                              §
                                 §
DAVID CARAVA and                 §
JOINER FOOD SERVICE, INC.        §

---

### AFFIDAVIT OF ISELA VILLARREAL

---

STATE OF TEXAS               §
                             §
COUNTY OF CAMERON            §

BEFORE ME, the undersigned official, on this day appeared **ISELA VILLARREAL**, who is personally known to me, and first being duly sworn according to law upon her oath deposes and says:

1. My name is Isela Villarreal, I am over 18 years of age and I am fully competent to make this affidavit.

2. I was originally hired by Defendant Joiner Food Service, Inc. on June 8, 2000.

3. During my employment with Joiner Food Service, Inc., I was originally hired as a temporary receptionist and on August 15, 2000, I was promoted to the Accounts Receivable department. I continued working in this same position, in the same original place of employment, doing the same work until I was terminated on February 5, 2001 because I was pregnant.

# EXHIBIT "E"                                         PAGE 1 OF 2

4.  At no time prior to February 5, 2001 was I ever notified that I was no longer working for Joiner Food Service, Inc., that I had been terminated or laid off from Joiner Food Service, Inc., or that Joiner Food Service, Inc. would no longer be my employer.

5.  At no time prior to February 5, 2001 was I ever notified that I had been hired or retained by David Carava or DRC Distributors, Ltd. as an employee separate and apart from my employment with Joiner Food Service, Inc.   It was my understanding that David Carava had simply purchased Joiner Food Service, Inc. and that I therefore continued in my same employment role for the same employer.

6.  If the assets of Joiner Food Service, Inc. were sold to Defendant Carava or DRC Distributors, Ltd., I was never notified of any change in my employment status or employer, and to my understanding, I did not cease working for Defendant Joiner Food Service, Inc. until February 5, 2001.

7.  It is my understanding that at all material times prior to February 5, 2001 I was an employee of Defendant Joiner Food Service, Inc., although I may have also been an employee of David Carava, and/or DRC Distributors, Ltd.

8.  At all material times, I understood that Defendant Joiner Food Service, Inc. had control over my work, and it would direct my work duties.


Further affiant sayeth not.

_Isela Villarreal_
ISELA VILLARREAL


SUBSCRIBED AND SWORN TO BEFORE ME on the 22nd day of January, 2003, to certify which witness my hand and official seal.



_Frances Peña_
Notary Public, State of Texas


# EXHIBIT "E"

PAGE 2 OF 2