IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 2 4 2003

Michael N. Milby
Clerk of Court

| | |
|---|---|
| MARY RAMIREZ, § | |
| JENNIFER ANGELA GOMEZ, § | |
| STACY AMY ROBERTS, § | |
| SARA ANN SOSA and § | CIVIL ACTION NO. |
| ISELA VILLARREAL § | |
| § | |
| VS. § | B - 02 - CV - 239 |
| § | |
| DAVID CARAVA and § | |
| JOINER FOOD SERVICE, INC. § | |

## DEFENDANT DAVID CARAVA'S PROPOSED CASE MANAGEMENT PLAN

Comes now Defendant, David Carava, and submits his Proposed Case Management Plan, in which the Plaintiffs do not join for the reasons stated below:

1. State where and when the meeting of the parties required by Rule 26(f) was held and identify the counsel who attended for each party.

**ANSWER:** Counsel for Defendant David Carava, M. Cheryl Kirby, conferred with counsel for Plaintiffs, J. Arnold Aguilar, by telephone on March 20, 2003, for the purpose of complying with Rule 26(f). J. Arnold Aguilar did not agree to join in a case management plan because of his concern that his joinder might waive the issues raised in the Plaintiffs' Motion to Remand.

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

**ANSWER:** There are none.

3. Specify the allegation of federal jurisdiction.

**ANSWER**: Defendant David Carava alleges that the parties are completely diverse and therefore the federal court has jurisdiction. The plaintiffs are Texas citizens, and Defendant David Carava is a California citizen. The other Defendant, Joiner Food Service, Inc., is a Texas corporation but its citizenship is not considered for jurisdictional purposes because it is an improper party under the doctrine of fraudulent joinder.

4. Name the parties who disagree and the reasons.

**ANSWER**: All Plaintiffs, Texas citizens, disagree with the jurisdictional allegations of Defendant Carava. They insist, without factual basis, that Joiner Food Service, Inc.'s citizenship should be considered.

5. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

**ANSWER**: The Plaintiffs have stated their intention to add DRC Distributors, Ltd. as a defendant since DRC Distributors, Inc. was the employer of the plaintiffs during the time that the allegations against their employer that are the basis of their causes of action arose. However, on the face of the pleadings, the statute of limitations on all claims has run against DRC Distributors, Ltd., so it cannot be properly added.

6. List anticipated interventions.

**ANSWER**: None.

7. Describe class-action issues.

**ANSWER**: None.

8. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

**ANSWER:** Initial disclosures have not been made due to Motion to Remand that is pending and the Plaintiffs' concerns of waiver.

9.  Describe the proposed agreed discovery plan, including:

A.  Responses to all the matters raised in Rule 26(f).

**ANSWER:** Defendant David Carava proposes to respond to matters raised in Rule 26(f) by June 2, 2003.

B.  When and to whom the plaintiff anticipates it may send interrogatories.

**ANSWER:** Defendant Carava does not know when the Plaintiffs may send interrogatories.

C.  When and to whom the defendant anticipates it may send interrogatories.

**ANSWER:** Defendant David Carava proposes to send interrogatories to each plaintiff by April 25, 2003.

D.  Of whom and by when the plaintiff anticipates taking oral depositions.

**ANSWER:** Defendant David Carava does not know when the plaintiffs plan to take depositions.

E.  Of whom and by when the defendant anticipates taking oral depositions.

**ANSWER:** Defendant David Carava proposes to take the Plaintiffs' depositions in mid-July, 2003.

F.  When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) and when the opposing party will be able to designate responsive experts and provide their reports.

**ANSWER:** Defendant David Carava is not able to propose a date for the designation of his experts until he learns whether the Plaintiffs plan to designate any experts.

G.  List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report).

**ANSWER:** See response to F.

H.  List expert depositions the opposing party anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report).

**ANSWER:** See response to F.

10. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

**ANSWER:** The reason the parties have not agreed on any part of the discovery plan is that the Plaintiffs are concerned that their agreement might waive issues raised in their Motion to Remand.

11. Specify the discovery beyond initial disclosures that has been undertaken to date.

**ANSWER:** None.

12. State the date the planned discovery can reasonably be completed.

**ANSWER:** It is difficult for Defendant David Carava to anticipate the end of discovery without knowing the Plaintiffs' anticipated discovery dates.

13. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

**ANSWER:** Settlement was not discussed. Defendant Carava asserts that the plaintiffs' allege consensual relationships and stray remarks.

14. Describe what each party has done or agreed to do to bring about a prompt resolution.

**ANSWER:** See No. 13 above.

15. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.

**ANSWER:** Defendant Carava believes Mediation is most suitable.

16. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

**ANSWER:** Defendant Carava does not agree to trial by a magistrate.

17. State whether a jury demand has been made and if it was made on time.

**ANSWER:** A jury demand was made when the case was filed in state court.

18. Specify the number of hours it will take to present the evidence in this case.

**ANSWER:** It is difficult to determine how many hours it will take to present the evidence in this case because of the uncertainty of the identity of proper parties. However, the issues are not complicated, and depending on the parties in the case at the time, presentation of the evidence should take two to three days.

19. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

**ANSWER:** The Plaintiffs' Motion to Remand is pending and could be ruled on at the conference.

20.  List other motions pending.

    **ANSWER:** None.

21.  Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

    **ANSWER:** None.

22.  List the names, bar numbers, addresses and telephone numbers of all counsel.

    **ANSWER:**

    OPPENHEIMER, BLEND, HARRISON & TATE, INC.

    Richard I. Manas
    State Bar No. 00794931
    711 Navarro, Suite 600
    San Antonio, Texas 78205
    Telephone: (210) 224-2000
    Facsimile: (210) 224-7540

    M. Cheryl Kirby
    State Bar No. 00794097
    711 Navarro, Suite 600
    San Antonio, Texas 78205
    Telephone: (210) 224-2000
    Facsimile: (210) 224-7540

    Attorneys for Defendant David Carava

    LAW OFFICES OF J. ARNOLD AGUILAR

    J. Arnold Aguilar
    State Bar No. 00936270
    Artemis Square, Suite H-2
    1200 Central Boulevard
    Brownsville, Texas 78520
    Telephone: (956) 504-21100
    Facsimile: (956) 504-1408

    Attorney for Plaintiffs

Benjamin M. Yudesis
State Bar No. 22232300
Attorney at Law
322 E. Harrison Avenue, Suite A
Harlingen, Texas 78550
Telephone: (956) 423-2334
Facsimile: (956) 423-4461

Attorney for Defendant Joiner Food Service, Inc.

                                              Respectfully submitted,

OF COUNSEL:
OPPENHEIMER, BLEND,
HARRISON & TATE, INC.

Richard I. Manas
Attorney-in-Charge
Texas State Bar No. 00794931
Southern District of Texas Bar No. 21509
M. Cheryl Kirby
Associate, Of Counsel
Texas State Bar No. 00794097
Southern District of Texas Bar No. 23528
711 Navarro, Suite 600
San Antonio, Texas 78205
Telephone: (210) 224-2000
Facsimile:  (210) 224-7540

Counsel for Defendant, David Carava

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Defendant David Carava's Proposed Case Management has been sent on this __21st__ day of March, 2003, via certified mail, return receipt requested to:

J. Arnold Aguilar
Law Office of J. Arnold Aguilar
Artemis Square, Suite H-2
1200 Central Boulevard
Brownsville, Texas 78520


Benjamin M. Yudesis
Attorney at Law
322 E. Harrison Avenue, Suite A
Harlingen, Texas 78550

M. Cheryl Kirby