IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 0 9 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| MARY RAMIREZ, | § | |
| JENNIFER ANGELA GOMEZ, | § | |
| STACY AMY ROBERTS, | § | |
| SARA ANN SOSA and | § | CIVIL ACTION NO. |
| ISELA VILLARREAL | § | |
| | § | B - 02 - CV - 239 |
| VS. | § | |
| | § | |
| DAVID CARAVA and | § | |
| JOINER FOOD SERVICE, INC. | § | |

**PLAINTIFFS' RESPONSE TO DEFENDANT CARAVA'S MOTION FOR
RECONSIDERATION OF PLAINTIFFS' MOTION FOR LEAVE TO
FILE PLAINTIFFS' FIRST AMENDED ORIGINAL COMPLAINT**

TO THE HONORABLE U. S. DISTRICT COURT:

COME NOW **MARY RAMIREZ, JENNIFER ANGELA GOMEZ, STACY AMY
ROBERTS, SARA ANN SOSA and ISELA VILLARREAL,** Plaintiffs herein and file this their
Response to Defendant Carava's Motion for Reconsideration of Plaintiffs' Motion for Leave to
File Plaintiffs' First Amended Original Complaint, and for such response would respectfully
show unto the Court the following:

## SUMMARY

Defendant's Motion for Reconsideration in actuality appears to be a Motion for Summary
Judgment. That motion is flawed because it fails to even discuss the Court's authority for
granting leave to file an Amended Original Complaint, and instead attempts to argue the merits

of a Motion for Summary Judgment. Such an argument is premature at this time. Defendant does not appear to challenge Plaintiffs' right to *file* their claims against Defendant DRC Distributors, Ltd.; rather, they challenge only whether Plaintiffs can ultimately succeed on the merits. Such an argument is inappropriate, and irrelevant, to the issue of whether leave should have been granted to Plaintiffs to file their Amended Complaint.

As for the merits of Defendant's Motion, Defendant has been absent from the state of Texas for some period of time, a fact which he fails to reference. His absence tolls the statutes of limitations for filing either a claim with the Texas Commission on Human Rights or a state district court during the period of his absence, and he has not met his burden of establishing the periods of his presence to determine expiration of limitations. TEX.R.CIV.PROC. §16.063.

In addition, Plaintiffs' pleadings establish that they initially understood they were employed solely by Joiner Food Service, Inc., and they later learned they were employed by both Joiner Food Service, Inc. and DRC Distributors, Ltd. Plaintiffs filed their TCHRA claim against Joiner Food Service, Inc. because that is who they understood to be their sole employer at that time, based on the actions, or inactions, and representations of Joiner Food Service, Inc. and DRC Distributors, Ltd. Texas Rule of Civil Procedure 28 provides that such pleading is sufficient to make DRC Distributors, Ltd. d/b/a Joiner Food Service a party herein. Plaintiffs' Amended Complaint makes clear that Defendant was misidentified as solely Joiner Food Service, Inc., when in fact the Defendant or Defendants should have been DRC Distributors, Ltd., *as well as* Joiner Food Service, Inc. DRC Distributors, Ltd. was not prejudiced by the misidentification, because its registered agent, David R. Carava, was involved in the initial TCHRA investigation and complaint, yet never challenged his involvement in that investigation,

and actually participated with it. As a result, the applicable statutes of limitations for filing a TCHR or state district court claim should be tolled, and the claims against DRC Distributors, Ltd. should be allowed to proceed.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs' affidavits in their Motion to Remand clearly set out that they understood they were working for Joiner Food Service, Inc., and that they were never notified that in fact they were also employees of DRC Distributors, Ltd. Their understanding was that David Carava had simply purchased Joiner Food Service, Inc., perhaps because both David Carava and Andrew Joiner continued to work at Joiner Food Service well after May 22, 2000. At no time did DRC Distributors, Ltd. notify Plaintiffs that they were no longer working for Joiner Food Service, and in fact both David Carava and Andrew Joiner continued to supervise their work. Although Plaintiffs' paychecks may have had the name of DRC Distributors, Ltd., they also had the name Joiner Food Service, separate and apart, and Plaintiffs understood only that DRC had purchased Joiner Food Service, Inc., since no one ever told them that they would henceforward be working only for DRC, and no longer for Joiner Food Service, Inc. DRC never indicated on those paychecks, or in any other manner to Plaintiffs, that it was only doing business as Joiner Food Service and that Joiner Food Service, Inc. was no longer their employer. At no time were Plaintiffs notified that they were working for a different company, and they therefore understood their employment with Joiner Food Service, Inc. continued through May 2001. The continued use of the name Joiner Food Service was specifically designed to lead people to believe that there was no change in ownership or management of the company. Just as other businesses would have been led to believe Joiner Food Service had not changed, so too were Plaintiffs led

to believe the same. The facts set out herein are described more fully in the attached Exhibit "A."

Plaintiffs continued working with this understanding through February 5 or 19, 2001, at which time they were terminated or constructively terminated. Plaintiffs then timely filed their Charges of Discrimination with the Texas Commission on Human Rights on April 11, 2001. Still believing that their only employer was Joiner Food Service, Inc., Plaintiffs filed their Charges only against that Defendant. As set out in the TCHR file attached as Exhibit D to Defendant's Motion, Defendant Carava responded to that claim as the owner of Joiner Food Service. Defendant Carava apparently made no effort to challenge the inclusion of Joiner Food Service, or to identify DRC Distributors, Ltd. as the proper Respondent. In addition, as part of that TCHR claim, Defendant David Carava attended a scheduled mediation on March 28, 2002, thereby indicating that he was fully aware of the charges and claims being made against him, which have been incorporated into this lawsuit.

Thereafter, Plaintiffs requested and received their Notices of Right to file a civil action against Defendants, and timely instituted this lawsuit in state court on May 31, 2002. That Petition included a claim against Joiner Food Service, Inc. because, based on the representations and actions of Defendants, they understood that company to be their sole employer. Based on information and belief, by April 2002 Defendant Carava left the state, and he has not returned since.

Once the Original Petition was filed, Plaintiffs attempted to serve the registered agent for Joiner Food Service, Inc., Aaron Andrew Joiner, at the address provided by the Texas Secretary of State, 821 W. Jackson Street, Harlingen, Texas 78550. **Exhibit "B."** Plaintiffs also

attempted to serve Defendant Carava at the same address. By this time, however, the business had apparently closed its doors, and no one could be located at that address. Plaintiffs and their counsel thereupon attempted to locate Mr. Joiner in the Harlingen area through the telephone book and by contacting witnesses, without success. Similar attempts were made to locate Defendant Carava, but the information being received indicated that he had returned to the Los Angeles area. By early June, Plaintiffs retained a process server to attempt to locate and serve Mr. Joiner and Mr. Carava, but he was unable to locate them. On June 7, 2002, a process server with Professional Civil Process (PCP) advised Plaintiffs' counsel that Joiner Food Service was closed, that no cars were in the parking lot, no sign was outside indicating their hours of operation, and that he believed the business was no longer in service. Telephone calls to the company also indicated the telephone had been disconnected. Continued efforts were made to locate both Aaron Joiner and David Carava.

After further investigation through PCP, it was learned that Joiner Food Service had owned or maintained a residence at 3102 Treasure Hills. Attempts were made by Plaintiffs' counsel on several days in June and July 2002 to locate someone at that residence, to no avail. Plaintiffs' process server also made attempts at least on July 24, July 31, and August 5, as well on other days, but no one ever appeared to be home. As a result of the periodic lookout that had been placed for that residence, on August 6, 2002, contact was made by PCP with a male at that residence. That male refused to provide his name, but indicated that Carava did not live there. The Dodge Ram truck that was in the driveway, however, was later found to be registered to Joiner Food Service. After further investigation, it was learned on or about October 15, 2002, that Aaron Joiner was working with a particular business in Harlingen,

Texas. Based on that information, Plaintiffs were able to locate Aaron Andrew Joiner, and he was served with process on October 17, 2002. Additional efforts to locate Defendant Carava, however, including a search for the name of Mr. Carava's mother's business in California proved unsuccessful.

Thereafter, on October 24, 2002, Defendant Joiner Food Service, Inc. filed its Original Answer in this action, for the first time indicating that the assets of Joiner Food Service, Inc. had been sold to David Carava, President of DRC Distributors, Ltd. That answer did not allege or aver that Plaintiffs were not employees of Joiner Food Service, Inc., however, or that they were instead employees of DRC Distributors, Ltd. In addition, the address provided for David Carava as the registered agent for DRC Distributors, Ltd. was 821 W. Jackson Street, Harlingen, Texas 78550, the same address that had been previously searched, but at which Mr. Carava could no longer be found. As a result, Plaintiffs could not determine whether Defendant Joiner Food Service, Inc. was contending Plaintiffs were not its employees at the time of the incidents alleged.

Plaintiffs continued to search for Defendant Carava, and through Defendant Joiner Food Service's discovery responses were able to learn that Carava was in the area of Santa Cruz, California. Through the aid of the local Sheriff's office, Plaintiffs were ultimately able to locate Defendant Carava, and served him with process on December 2, 2002. Plaintiffs then awaited Carava's response, in order to determine whether Plaintiffs were in fact employees of Joiner Food Service, Inc., DRC Distributors, Ltd., or both. In filing its Answer, however, DRC also removed this action to this federal court on or about December 27, 2002, and Plaintiffs timely filed their Motion to Remand on January 24, 2003. Once Defendant Carava filed the removal

to this court, however, Plaintiffs were precluded from taking any post-removal action that might constitute a waiver of their right to remand. *See Intercoastal Refining Co., Inc. v. Jalil*, 487 F. Supp. 606 (S.D. Tex. 1980); *Miles v. Starks*, 440 F. Supp. 947 (N.D. Tex. 1977). As a result, Plaintiffs could not amend their Petition/Complaint after removal because any request for leave to do so might be considered a waiver of their right to remand. It was not until the hearing before this Court on April 7, 2003, that the Court allowed Plaintiffs to amend their Complaint to include DRC Distributors, Ltd., without prejudice to Plaintiffs' right to remand. That motion was therefore filed at that time during the hearing. **Exhibit "B."**

## STANDARDS OF REVIEW

### 1.    Motion for Leave to Amend Complaint

Federal Rule of Civil Procedure 15(a) provides that after an answer has been filed, "a party may amend the party's pleading only by leave of Court...and leave shall be freely given when justice so requires." "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). As the Fifth Circuit has explained, although the denial of leave to amend is reviewed for abuse of discretion, "[i]n the context of motions to amend pleadings, 'discretion' may be misleading, because Fed.R.Civ.P. 15(a) 'evinces a bias in favor of granting leave to amend.' Indeed, 'unless there is a substantial reason,' such as undue delay, bad faith, dilatory motive, or undue prejudice to the opposing party, 'the discretion of the district court is not broad enough to permit denial.'" *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Co.*, 195 F.3d 765, 770 (5th Cir. 1999), *quoting Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597-98 (5th Cir.

1981). Leave should therefore be freely given to allow amendment of pleadings at this early stage, and the Court should not be applying a summary judgment standard as requested by Defendant. Had Plaintiffs understood that DRC was also their employer, they would have included that entity as a Defendant in their Original Petition.

**2.   Remand**

As previously set out in Plaintiffs' Motion to Remand, federal courts are of limited jurisdiction. "It is to be presumed that a cause lies outside this limited jurisdiction...and the burden of establishing the contrary rests upon the party asserting jurisdiction...." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994). "The burden of proving that complete diversity exists rests upon the party who seeks to invoke the Court's diversity jurisdiction." *Aetna Casualty & Sur. Co. v. Hillman*, 796 F.2d 770, 775 (5th Cir. 1986).

**ARGUMENT AND AUTHORITIES**

Although Defendant Carava originally removed this action from state court based on diversity, he no longer appears to argue that diversity jurisdiction is defeated by the addition of DRC Distributors, Ltd. nor does Defendant Carava appear to argue that Rule 15 does not, or should not, authorize the amendment of Plaintiffs' pleadings to add DRC Distributors, Ltd. as a party Defendant. Rather, Defendant argues only that Plaintiffs' claims are barred by limitations, that the Court thereby does not have *subject matter* jurisdiction over Defendant DRC Distributors, Ltd., and that the Court therefore should not allow Plaintiffs to add DRC

Distributors, Ltd. as a Defendant. Defendant argues that jurisdiction does not extend to DRC Distributors, Ltd. because (1) no TCHRA Complaint was filed against DRC within 180-days; (2) no TCHRA lawsuit was filed against DRC within 60-days of receipt of the notice of right to sue; and, (3) DRC was not served with citation within 60-days of receipt of the notice of right to sue. Defendant has not specified how he has remained in Texas continuously since February 2001, however, in order to avoid suspension of the statute of limitations. In addition, because DRC Distributors, Ltd. does business as Joiner Food Service, and includes that name as its own, and because of the initial misidentification of Defendant, based partly on his own actions and inactions, and because Defendant was not unfairly prejudiced by any mistake in pleading, Defendant DRC has been properly brought into this action and limitations have been tolled. Any factual disputes and jurisdictional questions should be resolved *against* retaining jurisdiction.

1.      **Statutes of Limitations Tolled While Carava Out of State**

From sometime after Plaintiffs' terminations in February 2001, to the present, Defendant Carava has been absent from Texas. Carava has acknowledged that he was the agent for service of process for DRC Distributors, Ltd. Texas Civil Practice & Remedies Code §16.063 provides that "[t]he absence from this state of a person against whom a cause of action may be maintained suspends the running of the applicable statute of limitations for the period of the person's absence." There is no question that Defendant Carava was ultimately served with personal service where he was located in Santa Cruz, California. Accordingly, there should be no question that he was absent from this state for *some* period of time. Plaintiffs have been unable to establish the total amount of that time at this early stage of the litigation, however, and its

resolution will likely require a jury's determination. Based on information and belief, it is understood that Defendant Carava, and thereby DRC Distributors, Ltd., has been absent from the state of Texas since at least April 2002, and possibly earlier. **Exhibit "A."**

> "When summary judgment is sought [as in the present case] on the basis that limitations have expired, it is the movant's burden to conclusively establish the bar of limitations. Where the non-movant interposes a suspension statute, such as [Texas Civil Practice & Remedies Code §16.063], or pleads diligence in requesting issuance of citation, the limitation defense is not conclusively established until the movant meets his burden of negating the applicability of these issues."

*Zale Corp. v. Rosenbaum*, 520 S.W.2d 889, 891 (Tex. 1975). Although the §16.063 tolling provisions do not apply to non-residents as a general rule, "as an exception to this general rule, the tolling provision applies to a non-resident who is present in the state when the [cause of action] arose." *Howard v. Fiesta Texas Show Park, Inc.*, 980 S.W.2d 716, 723 (Tex.App.- San Antonio 1998, no writ).

Defendant Carava does not deny that the allegations made against him involved his acts conducted while in the state of Texas, or that he is the agent for service of process on DRC Distributors, Ltd. The applicable statute of limitations, both for filing a claim with the Texas Commission on Human Rights and for filing suit thereafter in state district court, therefore, has been tolled during the pendency of his absence from the state. Because there is a presumption that this Court does *not* have jurisdiction, and because Defendant has the burden of establishing that this Court does, his failure to establish jurisdiction definitively by this point enforces the lack of certainty of jurisdiction. *See Kokkenen v. Guardian Life Ins. Co.*, 511 U.S. at 377, 114 S.Ct. at 1675. Because Defendant can not establish that he was present in the state from February 19, 2001 to the present, neither summary judgment nor reconsideration should be

granted to Defendant. Because that determination is a fact issue for the jury to decide, Defendant has not established why leave should not be granted to amend Plaintiffs' Petition or why this Court should retain jurisdiction.

## 2.    Time for Filing TCHRA Complaint & Lawsuit

Defendant does not challenge that Plaintiffs timely filed *a* Charge of Discrimination with the Texas Commission on Human Rights, or *a* lawsuit in state district court as a result of his actions alleged herein. As set out above, that Charge and lawsuit were timely filed against Joiner Food Service, Inc. Only David Carava, registered agent for DRC Distributors, Ltd. replied to that Charge, however, appeared at a mediation relating to that Charge, and otherwise defended that claim, even though he would allege he owed no duty to Joiner Food Service, Inc. to do so. What he failed to do, however, was to ever identify the existence or relationship of DRC Distributors, Ltd. Defendant does not dispute that suit was filed within 60-days of receipt of the notice of right to sue. Defendant only challenges that **DRC** was not sued within that time period.

Defendant DRC Distributors, Ltd. made every effort to indicate to Plaintiffs and the public in general that it was no different from Joiner Food Service, and Plaintiffs relied on those representations in filing their Complaint in the present lawsuit. Defendants were misidentified solely as Joiner Food Service, Inc. because of the similarity in the two names, and because Defendants never notified Plaintiffs of any change in their employment status or their employer. The Texas Supreme Court has explained that where a Defendant has "made a conscious effort to make it appear that they were ["Joiner Food Service", Plaintiffs] 'should be given...an

opportunity to prove that [DRC Distributors, Ltd. d/b/a Joiner Food Service] was cognizant of the facts, was not misled, or placed at a disadvantage in obtaining relevant evidence to defend the suit." *Enserch Corp. v. Parker*, 792 S.W.2d 2, 5 (Tex. 1990), *quoting Continental Southern Lines, Inc. v. Hilland*, 528 S.W.2d 828, 831 (Tex. 1975). In other words, Plaintiffs should be given the opportunity to present their claims to a jury.

> Our courts have held that when the wrong defendant is sued and the proper defendant is not named until after the statute has run, limitations will not bar the suit against the proper defendant, so long as the latter is cognizant of the facts, is not misled and is not placed at a disadvantage in obtaining the relevant evidence necessary for its defense.

*Palmer v. Enserch Corp.*, 728 S.W.2d 431, 433 (Tex.App.- Austin 1987, writ ref'd n.r.e.) *citing Continental Southern Lines, Inc. v. Hilland*, 528 S.W.2d 828, 831 (Tex. 1975); *Price v. Estate of Anderson*, 522 S.W.2d 690 (Tex. 1975). "The Texas Supreme Court has recently stated that there also must be a business relationship between the two defendants,...[and] [w]aiver of application of the statute is especially compelling when the corporate defendants have reasonably similar names which might cause confusion, and when the 'proper' defendant encourages or acquiesces in the answer filed by the improper defendant." *Palmer v. Enserch Corp.*, 728 S.W.2d at 433, *citing Continental Southern Lines, Inc. v. Hilland*, 528 S.W.2d 828, et al. As in Continental, Plaintiffs should be given the opportunity to prove that DRC Distributors, Ltd. "was cognizant of the facts, was not misled, or placed at a disadvantage in obtaining relevant evidence to defend the suit." *Continental Southern Lines, Inc. v. Hilland*, 528 S.W. 2d at 831.

In addition, Texas law allows Plaintiffs to bring suit against Defendant DRC Distributors, Ltd. under its assumed name, Joiner Food Service, even where Plaintiffs mistakenly assert that Joiner Food Service is incorporated.

> Any partnership, unincorporated association, private corporation, or individual doing business under an assumed name may sue or be sued in its partnership, assumed or common name for the purpose of enforcing for or against it a substantive right, but on a motion by any party or on the court's motion the true name may be substituted.

Tex.R.Civ.P. 28.

> Under this Rule, a plaintiff can bring suit against an individual doing business under the name of an association, partnership, or corporation, even if the association, partnership, or corporation does not exist. For example, a Plaintiff could effectively bring suit against an individual doing business as "Widgets International, Inc." by naming Widgets International, Inc. as the Defendant. The Rule would allow the Plaintiff to bring suit against the individual even if the Plaintiff mistakenly thought that a company under that name legally existed and identified the Defendant in his original petition as Widget International, Inc., a corporation." ... Of course, at some point before judgment, the Plaintiff must amend the Petition to add the correct legal name of the actual Defendant.

*Chilkewitz v. Hyson, M.D.P.A.*, 22 S.W.3d 825, 828-29 (Tex. 1999). In cases of misidentification, where Plaintiffs have sued an entity incorrectly identified, but there are two separate related entities using a similar trade name and the correct entity has notice of the claims and is not misled or disadvantaged by the mistake, "Rule 28 is a procedural rule of equity which allows Texas courts to toll a statute of limitations when the Plaintiff's efforts to name the correct party are hampered by the Defendant's 'laying behind the log' of an assumed name." *Id.* at 830; *Bailey v. Vanscot Concrete Co.*, 894 S.W.2d 757, 759 (Tex. 1995). As such, Defendant DRC Distributors, Ltd. d/b/a Joiner Food Service, has been made a party herein pursuant to Rule 28, and leave to amend the Petition should be granted as provided, and required, by Rule 28. Because of the misidentification of Defendant, which was at least partly the result of actions

or inactions of Defendant DRC Distributors, Ltd., and because Defendant would not be unfairly prejudiced by the inclusion of DRC Distributors, Ltd. as a Defendant, Defendant DRC Distributors, Ltd. has been made a party and the limitations period should be equitably tolled.

## 3.    Service of Process Within Limitations Period

Although Plaintiffs were required to serve Defendants within the same 60-day time period, the date of service will relate back to the date of filing if the Plaintiffs have continuously exercised due diligence in effecting service of citation upon the Defendant. *Gant v. De Leon*, 786 S.W.2d 259, 260 (Tex. 1990); *Zale Corp. v. Rosenbaum*, 520 S.W.2d 889, 890-91 (Tex. 1975). As set out above, Plaintiffs have made continious efforts to locate and serve Defendant DRC Distributors, Ltd., and they have therefore exercised due diligence to effect service upon this Defendant. It was only Defendant Carava's removing himself from his office, the only address at which he had notified the Secretary of State he could be located, and his moving to California that prevented Plaintiffs from serving him, and thereby DRC Distributors, Ltd., earlier. Because Defendant DRC Distributors, Ltd. has not established how any bar on limitations would apply, notwithstanding Carava's absence from the state, the issue of Plaintiffs' diligence in effecting service is not yet ripe, and Defendant DRC Distributors, Ltd. has not established or met its "his burden of negating the applicability of these issues." *Zale Corp. v. Rosenbaum*, 520 S.W.2d at 891.

## CONCLUSION

Defendant DRC Distributors, Ltd. d/b/a Joiner Food Service does not provide any legal authority to preclude this Court's granting leave to amend Plaintiffs' Petition, and leave should be freely given to do so. Defendant's summary judgment argument that Plaintiffs do not have a basis for their claims against DRC Distributors, Ltd. is premature and without merit because Texas Rule of Civil Procedure 28 provides that suit against DRC Distributors, Ltd.'s assumed name of Joiner Food Service was sufficient to bring it into this suit as a party. Defendant also has not established how any applicable statute of limitations, either through the TCHRA or state law, have expired notwithstanding Defendant Carava's absence from the state. Nor has Defendant established how any misidentification unfairly prejudiced his rights, in spite of his participation in the Texas Commission on Human Rights proceedings below. Accordingly, leave should be granted to Plaintiffs to file their Amended Original Complaint, and this Court should thereupon REMAND this action back to the state court in which it was originally filed, in order that Plaintiffs can proceed on the merits of their claims.

Signed on this the 9th day of May, 2003.

Respectfully submitted,

**LAW OFFICE**
**J. ARNOLD AGUILAR**
Artemis Square, Suite H-2
1200 Central Boulevard
Brownsville, Texas  78520
Telephone    :  (956) 504-1100
Facsimile    :  (956) 504-1408

By: _____
J. Arnold Aguilar
State Bar No. 00936270
Federal Adm. No. 6822

Attorney for Plaintiffs,
MARY RAMIREZ, JENNIFER ANGELA GOMEZ,
STACY AMY ROBERTS, SARA ANN SOSA
and ISELA VILLARREAL

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing **PLAINTIFFS' RESPONSE TO DEFENDANT CARAVA'S MOTION FOR RECONSIDERATION OF PLAINTIFFS' MOTION FOR LEAVE TO FILE PLAINTIFFS' FIRST AMENDED ORIGINAL COMPLAINT** has on this the 9th day of May, 2003, been forwarded via certified mail, return receipt requested to:


Ms. M. Cheryl Kirby
OPPENHEIMER, BLEND, HARRISON
    & TATE, INC
711 Navarro, Suite 600
San Antonio, TX 78205


Mr. Benjamin M. Yudesis
Attorney at Law
322 E. Harrison Avenue, Suite A
Harlingen, TX 78550


_____
        J. Arnold Aguilar

# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MARY RAMIREZ, | § | |
| JENNIFER ANGELA GOMEZ, | § | |
| STACY AMY ROBERTS, | § | |
| SARA ANN SOSA and | § | CIVIL ACTION NO. |
| ISELA VILLARREAL | § | |
| | § | B - 02 - CV - 239 |
| VS. | § | |
| | § | |
| DAVID CARAVA and | § | |
| JOINER FOOD SERVICE, INC. | § | |

## AFFIDAVIT OF MARY RAMIREZ

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF CAMERON | § |

BEFORE ME, the undersigned official, on this day appeared **MARY RAMIREZ**, who is personally known to me, and first being duly sworn according to law upon her oath deposes and says:

1. My name is Mary Ramirez, I am over 18 years of age and I am fully competent to make this affidavit.

2. I was originally hired by Defendant Joiner Food Service, Inc. in December 1998.

3. During my employment with Joiner Food Service, Inc., I was originally hired as a temporary receptionist in December 1998, and in August 2000 I was promoted to Office Manager. I continued working in this same position, in the same original place of employment, doing the same work until my constructive termination on February 19, 2001.

PAGE 1 of 4

4.   At no time prior to February 19, 2001 was I ever notified that I was no longer working for Joiner Food Service, Inc., that I had been terminated or laid off from Joiner Food Service, Inc., or that Joiner Food Service, Inc. would no longer be my employer.

5.   At no time prior to February 19, 2001 was I ever notified that I had been hired or retained by David Carava or DRC Distributors, Ltd. as an employee separate and apart from my employment with Joiner Food Service, Inc. It was my understanding that David Carava had simply purchased Joiner Food Service, Inc. and that I therefore continued in my same employment role for the same employer.

6.   If the assets of Joiner Food Service, Inc. were sold to Defendant Carava or DRC Distributors, Ltd., I was never notified of any change in my employment status or employer, and to my understanding, I did not cease working for Defendant Joiner Food Service, Inc. until February 19, 2001.

7.   It is my understanding that at all material times prior to February 19, 2001 I was an employee of Defendant Joiner Food Service, Inc., although I may have also been an employee of David Carava, and/or DRC Distributors, Ltd., d/b/a Joiner Food Service.

8.   At all material times, I understood that Defendant Joiner Food Service, Inc. had control over my work, and it would direct my work duties.

9,   I further understood that David Carava had simply purchased Joiner Food Service, Inc., perhaps because both David Carava and Andrew Joiner continued to work at Joiner Food Service well after May 22, 2000.

10.  At no time did DRC Distributors, Ltd. notify me that I was no longer working for Joiner Food Service, and in fact both David Carava and Andrew Joiner continued to supervise my work after May 22, 2000.

PAGE 2 of 4

11.  Although my paycheck indicated DRC Distributors, Ltd., I understood only that DRC had purchased Joiner Food Service, Inc., since the paychecks were still written by Joiner Food Service and no one ever told me that Joiner Food Service, Inc. was no longer in business and that I was hence to be working instead for DRC.  A true and correct copy of a paycheck is attached as **"Exhibit A-1."**

12.  For that matter, the use of the name Joiner Food Service was specifically designed to lead people to believe that there was no change in ownership or management of the company.  Just as other businesses would have been led to believe Joiner Food Service had not changed, so was I led to believe the same.

13.  I continued working with this understanding through February 19, at which time I was constructively terminated.

14.  I then timely filed my Charge of Discrimination with the Texas Commission on Human Rights on April 11, 2001, through my attorney, J. Arnold Aguilar.

15.  Still believing that my only employer was Joiner Food Service, Inc., I filed my Charge only against that Defendant.

16.  Defendant David Carava attended a scheduled mediation on March 28, 2002, in Edinburg, Texas, at which time I was also present.  Mr. Carava indicated at that time he was fully aware of the charges and claims being made against him, which have been incorporated into this lawsuit.

17.  I therefore requested and received my Notice of Right to file a civil action against Defendants, and timely instituted this lawsuit in state court on May 31, 2002.

18.  My Petition included a claim against Joiner Food Service, Inc. because, based on the representations and actions of Defendants, I understood that to be my employer.

19.  To the best of my understanding, David Carava has not been in the State of Texas since at least April 2002.

PAGE 3 of 4

The above and foregoing is true and correct based on my personal knowledge.

_____
MARY RAMIREZ

SUBSCRIBED AND SWORN TO BEFORE ME on the 8th day of May, 2003, to certify which witness my hand and official seal.



_____
Notary Public, State of Texas

PAGE 4 of 4

# EXHIBIT "B"

# AFFIDAVIT OF J. ARNOLD AGUILAR

STATE OF TEXAS           §
                                      §

COUNTY OF CAMERON    §

BEFORE ME, the undersigned official, on this day appeared **J. ARNOLD AGUILAR**, who is personally known to me, and first being duly sworn according to law upon his oath deposes and says:

My name is J. Arnold Aguilar, I am over 18 years of age and I have never been convicted of a crime, and I am fully competent to make this affidavit.

Once the Original Petition was filed, I attempted to serve the registered agent for Joiner Food Service, Inc., Aaron Andrew Joiner, at the address provided by the Texas Secretary of State, 821 W. Jackson Street, Harlingen, Texas 78550.

I also attempted to serve Defendant Carava at the same address but by this time, the business had apparently closed its doors, and no one could be located at that address.

I further attempted to locate Mr. Joiner in the Harlingen area through the telephone book and by contacting witnesses, without success. Similar attempts were made to locate Defendant Carava, but the information being received indicated that he had returned to the Los Angeles area.

By early June, I retained a process server to attempt to locate and serve Mr. Joiner and Mr. Carava, but he was unable to locate them.

On June 7, 2002, a process server with Professional Civil Process (PCP) advised me that Joiner Food Service was closed, that no cars were in the parking lot, no sign was outside indicating their hours of operation, and that he believed the business was no longer in service. Telephone calls to the company also indicated the telephone had been disconnected. Continued efforts were made to locate both Aaron Joiner and David Carava.

After further investigation through PCP, it was learned that Joiner Food Service had owned or maintained a residence at 3102 Treasure Hills. Attempts were made by the process server, my legal assistant and myself on several days in June and July 2002 to locate someone at that residence, to no avail.

The process server also made attempts at least on July 24, July 31, and August 5, as well on other days, but no one ever appeared to be home. As a result of the periodic lookout that had been placed for that residence, on August 6, 2002, contact was made by PCP with a male at that residence. That male refused to provide his name, but indicated that Carava did not live there. The Dodge Ram truck that was in the driveway, however, was later found to be registered to Joiner Food Service.

After further investigation, it was learned on or about October 15, 2002, that Aaron Joiner was working with a particular business in Harlingen, Texas. Based on that information, Plaintiffs were able to locate Aaron Andrew Joiner, and he was served with process on October 17, 2002.

Additional efforts to locate Defendant Carava, however, including a search for the name of Mr. Carava's mother's business in California proved unsuccessful.

Thereafter, on October 24, 2002, Defendant Joiner Food Service, Inc. filed its Original Answer in this action, for the first time indicating that the assets of Joiner Food Service, Inc. had been sold to David Carava, President of DRC Distributors, Ltd. That answer did not allege or aver that Plaintiffs were not employees of Joiner Food Service, Inc., however, or that they were instead employees of DRC Distributors, Ltd. In addition, the address provided for David Carava as the registered agent for DRC Distributors, Ltd. was 821 W. Jackson Street, Harlingen, Texas 78550, the same address that had been previously searched, but at which Mr. Carava could no longer be found. As a result, Plaintiffs could not determine whether Defendant Joiner Food Service, Inc. was contending Plaintiffs were not its employees at the time of the incidents alleged.

I continued to search for Defendant Carava, and through Defendant Joiner Food Service's discovery responses were able to learn that Carava was in the area of Santa Cruz, California. Through the aid of the local Sheriff's office, Plaintiffs were ultimately able to locate Defendant Carava, and served him with process on December 2, 2002.

The above and foregoing is true and correct based on my personal knowledge.

J. Arnold Aguilar

SUBSCRIBED AND SWORN TO BEFORE ME on the _9th_ day of May, 2003, to certify which witness my hand and official seal.

_Frances Pena_
Notary Public, State of Texas



JOBBER FOODSERVICE  P.O. DRAWER 2E    HARLINGEN, TEXAS 78552

BERT OGDEN          CAR EXPENCE PER MARY RAMIREZ

01/12/2001
1,287.51

0039

#20

B-02-239

1,287.51

CHECKING          CAR EXPENCE

004220

JOBBER FOODSERVICE  P.O. DRAWER 25E    HARLINGEN, TEXAS 78551

MARY L. RAMIREZ
P. O. BOX 1066
LOS FRESNOS, TX 78566

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

Used / Available
Sick 0.00 / 40.00
Vac 0.00 / 30.03

DRC DISTRIBUTORS, LTD.
821 W. JACKSON ST.
P. O. DRAWER 2997
HARLINGEN, TX 78551

| | 02/16/2001 | 4,550.00 |
| Salary (40 hrs) | 650.00 | -35.00 |
| CAR. INS. | -5.00 | -217.00 |
| Federal Withholding | -31.50 | -279.93 |
| Social Security Employee | -39.99 | -65.47 |
| Medicare Employee | -9.35 | |

564.66

02/09/2001 - 02/15/2001

LAW OFFICE
# J. ARNOLD AGUILAR

---

J. ARNOLD AGUILAR
Board Certified - Personal Injury Trial Law
Texas Board of Legal Specialization

Board Certified - Civil Trial Law Advocate
National Board of Trial Advocacy

**May 12, 2003**

(956) 504-1100
Fax: (956) 504-1408
e-mail:aguilarlaw@aol.com

Mr. Butch Barbosa, Deputy Clerk
U.S.D.C - Brownsville Division
United States Courthouse
600 E. Harrison
Brownsville, Texas   78520

Re:    Civil Action No. B-02-CV-239
       Mary Ramirez, et al.  vs.  David Carava, et al.
       U.S.D.C. - Brownsville Division
       Our File No. 219-01

Dear Mr. Barbosa:

Enclosed herewith for your filing with the Court regarding the above styled and numbered cause, please find two copies of the attachment to Exhibit "A," which was inadvertently omitted to **Plaintiffs' Response to Defendant Carava's Motion for Reconsideration of Plaintiffs' Motion for Leave to File Plaintiffs' First Amended Original Complaint**, which was filed with this Court on Friday, May 9, 2003.  I would ask that you please insert this attachment to Exhibit "A" in this document.

By copy of this correspondence, all counsel of record are receiving a duplicate of this filing.

Thank you for your assistance in this matter.

Very truly yours,

**LAW OFFICE
J. ARNOLD AGUILAR**

By:    J. Arnold Aguilar

JAA.fp
*Encl.

Artemis Square, Suite H-2   •   1200 Central Blvd.   •   Brownsville, Texas 78520

Mr. Butch Barbosa, Deputy Clerk
U.S.D.C - Brownsville Division
May 12, 2003
Page  -2-


xc:    Mr. Richard I. Manas
       Ms. M. Cheryl Kirby
       OPPENHEIMER, BLEND, HARRISON
          & TATE, INC
       711 Navarro, Suite 600
       San Antonio, TX 78205

       Mr. Benjamin M. Yudesis
       Attorney at Law
       322 E. Harrison Avenue, Suite A
       Harlingen, TX 78550

JERER FOODSERVICE  P.O. DRAWER 254  HARLINGEN, TEXAS 78551
BERT OGDEN

CAR EXPENCE PER MARY RAMIREZ          01/12/2001        0039
                                                         1,287.51

CHECKING                    CAR EXPENCE
                                                                    1,287.51

JMER FOODSERVICE  P.O. DRAWER 254  HARLINGEN, TEXAS 78551

MARY L. RAMIREZ
P.O. BOX 1066
LOS FRESNOS, TX 78566                                   02/16/2001        004220
                                                                          YTD
                      Salary (80 hrs)              650.00          4,550.62
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           CAR INS.                      -5.00            -35.00
                      Federal Withholding          -31.80           -217.00
   Used / Available   Social Security Employee     -39.99           -279.93
Sick 0.00 / 40.00     Medicare Employee             -9.35            -65.47
Vac 0.00 / 30.03

DRC DISTRIBUTORS, LTD.
821 W. JACKSON ST.
P.O. DRAWER 2847
HARLINGEN, TX 78551

          02/09/2001 - 02/15/2001

                                             564.66

KIBER FOODSERVICE  P.O. DRAWER 25  HARLINGEN, TEXAS 78551

BERT OGDEN                                                          01/12/2001      00390

                          CAR EXPENCE PER MARY RAMIREZ                              1,287.51

CHECKING              CAR EXPENCE                                                  1,287.51

---

MBER FOODSERVICE  P.O. DRAWER 25  HARLINGEN, TEXAS 78551

| MARY L. RAMIREZ | | 02/05/2001 | 004220 |
| P.O. BOX 1066 | | | |
| LOS FRESNOS, TX 78566 | Salary (40 hrs) | 650.00 | 4,550.00 |
| | CAR. INS. | -5.00 | -35.00 |
| | Federal Withholding | -31.00 | -217.00 |
| 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 | Social Security Employee | -39.99 | -279.93 |
| | Medicare Employee | -9.35 | -65.47 |

Used / Available
Sick 0.00 / 40.00
Vac 0.00 / 30.03

DRC DISTRIBUTORS, LTD.
821 W. JACKSON ST.
P.O. DRAWER 2547
HARLINGEN, TX. 78551

02/09/2001 - 02/15/2001                              564.66