Case 1:02-cv-00239   Document 21   Filed in TXSD on 05/16/2003   Page 1 of 12

21

United States District Court
Southern District of Texas
FILED

MAY 1 6 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
(Brownsville Division)

| | | |
|---|---|---|
| MARY RAMIREZ, <br> JENNIFER ANGELA GOMEZ, <br> STACY AMY ROBERTS, <br> SARA ANN SOSA and <br> ISELA VILLARREAL, <br><br> Plaintiffs <br> v. <br><br> DAVID CARAVA and <br> JOINER FOOD SERVICE, INC., <br><br> Defendants | § § § § § § § § § § § § § § § | Civil Action No. <br> B – 02 – CV - 239 |

### DEFENDANT DAVID CARAVA'S REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANT CARAVA'S MOTION FOR RECONSIDERATION OF PLAINTIFFS' MOTION FOR LEAVE TO FILE PLAINTIFFS' FIRST AMENDED ORIGINAL COMPLAINT

TO THE HONORABLE U. S. DISTRICT COURT:

COMES NOW Defendant David Carava and files his Reply To Plaintiffs' Response To Defendant Carava's Motion For Reconsideration Of Plaintiffs' Motion For Leave To File Plaintiffs' First Amended Original Complaint and would show as follows:

### INTRODUCTION

Defendant Carava's Motion for Reconsideration of Plaintiff's Motion for Leave to File Plaintiffs' First Amended Original Complaint (Motion for Reconsideration) and Notice of Removal present several issues relevant to determine the ultimate issue of whether Remand should be denied. The Motion for Reconsideration asks the Court to deny joinder of a non diverse party, DRC Distributors, Ltd., sought to be added to

1

enhance the Remand argument, even though the plaintiffs have no possible cause of action against DRC Distributors, Ltd. Joinder was sought because joinder would destroy diversity jurisdiction. Defendant Carava's Notice of Removal asks this Court to find Defendant Joiner Food Service, Inc. was "fraudulently joined" (no possible cause of action by plaintiffs against it) – in which case, its joinder does not destroy diversity jurisdiction and the case will not be remanded.

The grounds showing that there is no possible action against Joiner Food Service, Inc. are two-fold:

1. It had no employment connection (all claims against it are in the capacity of employer) to the plaintiffs during the relevant time period, and

2. Service of process on it was of no effect because it was outside the limitations period of 60 days after the plaintiffs' receipt of notice of right to sue from the Texas Commission on Human Rights ("TCHR").

The plaintiffs have no possible cause of action against DRC Distributors, Ltd. because the plaintiffs failed to file their administrative and civil state claims within the respective limitations periods.

## RELEVANT ISSUES

### I. Factual Determination Necessary To Determine Jurisdiction

The Plaintiffs challenge Defendant Carava's Motion for Reconsideration on the basis that it improperly asks the Court to rule on the merits of the plaintiffs' cause of action against DRC Distributors, Ltd. A ruling on timeliness is necessary and proper for the Court to determine whether the joinder of DRC Distributors, Ltd. should be permitted

if such joinder would be "fraudulent" and solely to destroy diversity jurisdiction. In *Cobb v. Delta Exports, Incorporated*, 186 F.3d 675 (5th Cir. 1999) the court stated,

> A request to join a party against whom recovery is not really possible and whose joinder would destroy subject matter jurisdiction (i.e., a request fraudulently to join a party) would never be granted. *Section 1447(e) authorizes a court to permit or prohibit joinder, and the defendant thus has an opportunity at the time joinder is considered to prevent joinder by arguing that there is no colorable claim against the party the plaintiff is seeking to join.*" (emphasis added)

Defendant Carava is exercising his opportunity to argue and submit evidence in support of his argument that there is no colorable claim against DRC Distributors, Ltd. because all relevant limitations periods of possible causes of action expired prior to the plaintiffs request for its joinder.

Defendant Carava has also requested the Court to rule on whether Defendant Joiner Food Service, Inc. was "fraudulently joined," as that term is used for purposes of determining diversity jurisdiction. *See* Defendant Carava's Notice Removal. In order to make a determination of "fraudulent joinder" the Court "must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812 (5th Cir. 1993). Therefore, consideration of the facts is necessary for the Court to determine whether Joiner Food Service, Inc. was fraudulently joined and ultimately whether the Court has jurisdiction.

II. **Undisputed Facts And Precepts Of Law Establish No Possible Cause of Action**

The undisputed facts and precepts of law are sufficient to conclusively establish that the plaintiffs have no possible cause of action against DRC Distributors, Ltd. or Joiner Food Service, Inc. The plaintiffs' failure to timely file claims against DRC

Distributors, Ltd. is not in dispute, and the plaintiffs cite no law challenging Texas law holding that the limitations period for claims brought pursuant to the Texas Commission on Human Rights Act ("TCHRA") is mandatory and jurisdictional and cannot be tolled. Further, there is no dispute that the plaintiffs failed to serve Defendant Joiner Food Service, Inc. within the limitations period. The plaintiffs submitted no facts nor raised any arguments to rebut any of the following facts and/or statements of law presented by Defendant David Carava:

1. <u>All limitations periods ran against DRC Distributors, Ltd. prior to the plaintiffs' requesting leave to join DRC Distributors, Ltd.</u>

   (a) The plaintiffs failed to file discrimination complaints with Texas Commission on Human Rights ("TCHR") against DRC Distributors, Ltd. within 180 days from the date of the last act of alleged discrimination.[1]

   (b) The plaintiffs failed to file discrimination claims in state court against DRC Distributors, Ltd. within 60 days from the date of their receipt of the notice of right to sue from TCHR.

   (c) The plaintiffs failed to file the common law claims against DRC Distributors, Ltd. within the two year limitations period.

2. <u>The limitations period for filing civil suit arising from a TCHRA discrimination claim is **mandatory and jurisdictional** and failure to file within the period is an absolute bar to suit.</u>[2]

---

[1] The Plaintiffs' TCHRA complaint named only Joiner Food Service, Inc. and they have not filed a TCHRA complaint against DRC Distributors, Ltd. to date and cite no law (*See* Section III, 2 below that tolling statute for person out-of-state does not apply to filing administrative TCHRA complaints) to support an argument that the limitations period for filing a TCHRA complaint should be tolled.

[2] The time limits for filing actions under the TCHRA are mandatory and jurisdictional provisions of Texas law, so TCHRA claims must the brought within these time periods. *Central Power and Light v. Caballero*, 872 S.W.2d 6, 7 (Tex. App.- San Antonio 1994, writ denied) (holding the limitations period for filing suit under TCHRA is "mandatory and jurisdictional" in dismissing suit for want of jurisdiction); *Schroeder*, 813 S.W.2d at 487 n. 10;*Brammer v. Martinaire, Inc.*, 838 S.W.2d 844, 848 (Tex.App.-Amarillo 1992, no writ); *Eckerdt v. Frostex Foods, Inc.*, 802 S.W.2d 70, 71 (Tex.App.-Austin 1990, no writ); *Austin v. Champion International Corp.*,1990 WL 339487 (S.D.Tex) (citing *Green v. Aluminum Co. of America*, 760 S.W.2d

3. <u>Plaintiffs did not effect service on Joiner Food Service, Inc. or DRC Distributors, Ltd. within the limitations period of 60 days after plaintiffs' receipt of notice of right to sue.</u>

The <u>undisputed</u> facts and precepts of law set out above conclusively establish Defendant Carava's position that there is no possible cause of action against DRC Distributors, Ltd or Joiner Food Service, Inc. But since the plaintiffs have raised theories of tolling of the limitations periods, albeit theories that are not applicable, Defendant Carava addresses each below.

### III. Rebuttal To Plaintiffs' Tolling Theories

Despite black letter law holding that the running of the limitations period on discrimination claims against DRC Distributors, Ltd. is mandatory and jurisdictional and cannot be tolled, the Plaintiffs nonetheless seek to toll its running. Their tolling arguments are based on three theories:

1. Misidentification of potential defendant DRC Distributors, Ltd.,

2. Absence of Defendant David Carava from State of Texas, and

3. Plaintiffs' attempts to locate the agent for service of process on Joiner Food Service, Inc.

None of these theories has any relevance to the facts of this case and, even if relevant, are not available to toll a jurisdictional limitations period. Nonetheless, each is addressed each below.

1. <u>Misidentification of potential defendant DRC Distributors, Ltd.</u>

---

378, 381 (Tex. App. – Austin 1988, no writ). Since the limitations period is jurisdictional under THCRA, suit on TCHRA claims after the expiration of the jurisdictional limitations period fails to invoke the subject matter jurisdiction of the court, and no equitable exceptions abrogate this limitations period. *Tarrant County v. Vandigriff*, 71 S.W.3d 921 (Tex. App. – Ft. Worth 2002, pet. denied). Suit is barred as a matter of law.

5

Assuming *arguendo* that the limitation periods for discrimination claims could be tolled (*See* above that jurisdictional limitations cannot be tolled), misidentification is a tolling theory that is based on the Plaintiff naming the "wrong" defendant (usually a defendant with a name similar to the correct defendant) and seeking to substitute the correct defendant for the wrong one after the limitations period has run. *Enserch Corp. v. Parker*, 794 S.W.2d 2, 5-6 (Tex. 1990). Tolling under this theory is appropriate only when the plaintiff sued the wrong defendant within the limitations period and the correct defendant knew of the suit before the limitations period expired and was not prejudiced thereby. *Id.*

The plaintiffs cannot argue both that they named the wrong defendant and that they are suing both defendants. In this case the plaintiffs insist that Joiner Food Service, Inc. is a proper defendant.[3] Therefore, the issue of whether the correct defendant had knowledge of the suit against the wrong defendant within the limitations period[4] is never reached because there is no "wrong" defendant to correct. What the plaintiffs actually seek to do is to sue an entirely new defendant, DRC Distributors, Ltd (d/b/a Joiner Food

---

[3] In addition to the fact that the plaintiffs failed to effect service on Joiner Food Service, Inc., it is Defendant Carava's position that Joiner Food Service, Inc. is not a proper party on other grounds as well - it was fraudulently joined in that the plaintiffs have no possible cause of action against it. The Plaintiffs' claims against Joiner Food Service, Inc. are in its capacity as their employer, but undisputed evidence establishes that it was not their employer during the period of time from which this suit arises. *See* plaintiffs' W-2s, paychecks, Verified Answer of Joiner Food Service, Inc. and the affidavit of Aaron Andrew Joiner. There is no evidence, other than the plaintiffs' statements that they "understood" or "believed" that Joiner Food Service, Inc. was their employer during the relevant period of time. *See* affidavits of Plaintiffs. The Fifth Circuit has considered an almost identical circumstance in *Jernigan v. Ashland Oil inc.*, 989 F.2d 812, 816 (5th Cir. 1993) in determining whether a defendant was fraudulently joined: "A review of the record discloses that in actuality there are no genuine issues of material fact. Rather, the only 'issues' allegedly contested are unilateral with Jernigan, produced entirely by his own confusion as to the identity of his employer. As with a summary judgment motion, in determining diversity the mere assertion of 'metaphysical doubt as to the material facts' is insufficient to create an issue if there is no basis for those facts. In the instant case, there are just no facts available to be construed in Jernigan's favor because as a matter of law his allegations of corporate and contractual relationships simply cannot exist."

[4] Neither Joiner Food Service, Inc. nor DRC Distributors, Ltd. had knowledge of the suit within the limitations period because the plaintiffs failed to serve Joiner Food Service, Inc. until over four months after the limitations period ran. *See* Section III, 3 below.

Service), after the limitations period has run. While it is true that the name of Joiner Food Service, Inc. and the assumed name of DRC Distributors, Ltd., Joiner Food Service, are very similar, that similarity is irrelevant to the issue of tolling the limitations since the plaintiffs do not allege that they misidentified Joiner Food Service, Inc.

Even if the plaintiffs had alleged that they sued the wrong defendant when they sued Joiner Food Service, Inc. the limitations would not be tolled because the plaintiffs failed to exercise even minimal diligence, i.e., looking at their paychecks, to distinguish between the two businesses. The plaintiffs statement that "DRC Distributors, Ltd. made every effort to indicate to Plaintiffs and the public in general that it was no different from Joiner Food Service, Inc." is blatantly false. For example, the plaintiffs admit that they knew DRC Distributors, Ltd. purchased Joiner Food Service, Inc. *See* Affidavit of Mary Ramirez attached to Plaintiffs' Response to Defendant Carava's Motion for Reconsideration. The plaintiffs do not deny that their paychecks were issued in the name of DRC Distributors, Ltd. with the assumed name of "Joiner Food Service" also on the check. *Id.* (Presumably the paychecks of Plaintiff Mary Ramirez, whose paycheck is attached to her affidavit attached to the Plaintiffs Response, did not carry the name of DRC Distributors, Ltd. prior to the asset sale when she was the employee of Joiner Food Service, Inc., and she had an opportunity to see the difference every time she received a paycheck.) The plaintiffs do not deny that their W-2s for the years 2000 and 2001 (attached as Exhibit 2 to Defendant Carava's Opposition Plaintiffs' Motion to Remand) named their employer as DRC Distributors, Ltd. (the Plaintiffs would have received their W-2s for 2000 prior to filing their original TCHRA complaints in April of 2001 and they would have received their 2001 W-2s prior to filing suit in May of 2002.) Further, it is

7

undisputed that DRC Distributors, Ltd.'s assumed name certificate was on file with the State of Texas and Cameron County at all relevant times. *See* Exhibit F of Defendant Carava's Motion for Reconsideration. In view of the undisputed evidence discussed above, arguments to the effect that DRC Distributors, Ltd. attempted to conceal that it was the employer of the plaintiffs are absurd.

In addition to overwhelming evidence establishing that the plaintiffs should have known their employer was DRC Distributors, Ltd., they received <u>official notice</u> in October of 2002, in Joiner Food Service, Inc.'s Verified Answer, that Joiner Food Service, Inc.:

1.  had sold its assets to DRC Distributors, Ltd.,
2.  had also sold the right to use the name, Joiner Food Service, to DRC Distributors, Ltd. and
3.  "was no longer connected with the business" after the asset sale.

The plaintiffs still did not file TCHRA claims or civil suit against DRC Distributors, Ltd. even though they had <u>direct notice</u> of the difference between Joiner Food Service, Inc. and DRC Distributors, Ltd. and that Joiner Food Service, Inc. was no longer connected with the business. There is simply no theory of misidentification which could toll limitations under these circumstances.

2.   <u>Absence of Defendant David Carava from State of Texas.</u>

The plaintiffs argue that the limitations period against DRC Distributors, Ltd. was tolled during the time that Defendant David Carava was out-of-state (after April of 2002)

because he was its registered agent for service of process.[5] Texas Civil Practice & Remedies Code Sec.16.063. According to Sec. 16.063, the "absence from this state of a person against whom a cause of action may be maintained suspends the running of the applicable statute of limitations for the period of the person's absence."

Just as with the misidentification theory, the plaintiffs misapply this law to these facts. In this case the "person against whom a cause of action may be maintained" is DRC Distributors, Ltd., a Texas limited partnership. DRC Distributors, Ltd. is an entity independent from David Carava and cannot physically be out-of-state. When an independent entity is sued in state, it, and not its registered agent, is the person against whom the cause of action is maintained, and thus, the statute of limitations is not tolled by operation of the tolling statute for any time which the agent for service of process is absent from the state. *Louis v. Discount Tire Company of Texas, Inc.*, 1 S.W.3d 698 (Tex. App. – Amarillo 1999, no pet.) (holding that the allegation that limitations was tolled by Sec. 16.063 because the registered agent left Texas was meritless).

Therefore, David Carava's absence from the state has absolutely no effect on the limitations period for bringing an administrative TCHRA complaint[6] or civil suit against DRC Distributors, Ltd.

3.  Attempts to locate Joiner Food Service, Inc. for service of process.

Assuming *arguendo* that Joiner Food Service, Inc. had been a proper party, the Plaintiffs' failure to serve Joiner Food Service, Inc. for over four months (132 days) after

---

[5] The plaintiffs sued Defendant David Carava personally bringing common law claims against him and serving him within the two year limitations period of the common law claims. So there is no issue as to tolling limitations as to David Carava.

[6] The tolling statute does not apply to administrative claims; it applies to "causes of action." But even if it were applied to administrative claims, the plaintiffs had 180 days from the date they quit their employment with DRC Distributors, Ltd., February 19, 2001, to file their TCHRA complaints. The limitations expired on August 18, 2001, long before they allege that David Carava permanently left the state in April of 2002.

the limitations period ran bars suit against it as a matter of law. Service of citation outside the limitations period may be given effect only if the plaintiff exercised due diligence in procuring issuance[7] and service upon the defendant. *Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990) (per curiam).

The plaintiffs seek to excuse their unreasonable delay in serving Joiner Food Service, Inc. by asserting that they exercised due diligence in attempting to locate Joiner Food Service, Inc.'s agent for service, Aaron Andrew Joiner.[8] But diligence requires more than attempts to locate a defendant. It requires a plaintiff to seek alternative methods of service when traditional means are unsuccessful. *Roberts v. Padre Island Brewing co., Inc.*, 28 S.W.3d 618 (Tex. App. – Corpus Christi 2000, pet. denied) (holding in a discrimination suit filed pursuant to the TCHRA that failure to attempt service through alternative methods,[9] when the process server had not effected service, before the expiration of 68 days after the limitations period of 60 days had expired was a lack of due diligence as a matter of law.) In this case the delay in service was 132 days, almost double the delay in *Roberts,* and the plaintiffs made no attempt to serve Joiner Food Service, Inc. by any alternative methods when counsel and/or a process server failed to locate Aaron Andrew Joiner. So, as a matter of law, service on Joiner Food Service, Inc. was of no effect, and suit against it is barred.

DRC Distributors, Ltd. was not sued, and no citation was ever issued or served. Even assuming *arguendo* that the plaintiffs misidentified DRC Distributors, Ltd. as

---

[7] No citation ever issued for DRC Distributors, Ltd.
[8] Although the plaintiffs vaguely discuss attempts to locate Aaron Andrew Joiner during the four months after suit was filed, there is no dispute that when the state court entered an Order Setting Cause for Dismissal for Want of Prosecution on October 11, 2002, the plaintiffs located and served Aaron Andrew Joiner six days later on October 17, 2002.
[9] Methods of service of process are listed in the Texas Rules of Civil Procedure, Rules 106, 109 *et seq.*

Joiner Food Service, Inc. (which they do not allege) they cannot bootstrap ineffective service on Joiner Food Service, Inc. onto DRC Distributors, Ltd doing business as Joiner Food Service.

Therefore, as a matter of law the Plaintiffs suit is barred against both DRC Distributors, Ltd. and Joiner Food Service, Inc. because of their lack of due diligence in serving Joiner Food Service, Inc.

## CONCLUSION

For the foregoing reasons, Defendant David Carava respectfully requests that his Motion for Reconsideration of Plaintiffs' Motion for Leave to File Plaintiffs' First Amended Original Complaint be granted and that Plaintiffs' Motion for Leave to File Plaintiffs' First Amended Original Complaint, in which the plaintiffs seek to join DRC Distributors, Ltd. as a defendant, be denied and that Plaintiffs' Motion to Remand be denied and that the Court retain jurisdiction over Defendant David Carava.

Respectfully submitted,

OF COUNSEL:
OPPENHEIMER, BLEND,
HARRISON & TATE, INC.

Richard I. Manas, Attorney-in-Charge
Texas State Bar No. 00794931
Southern District of Texas Bar No. 21509
M. Cheryl Kirby, Associate, Of Counsel
Texas State Bar No. 00794097
Southern District of Texas Bar No. 23528
711 Navarro, Suite 600
San Antonio, Texas 78205
Telephone: (210) 224-2000
Facsimile:  (210) 224-7540

Counsel for Defendant, David Carava

12

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Defendant David Carava's Reply To Plaintiffs' Response To Defendant Carava's Motion For Reconsideration Of Plaintiffs' Motion For Leave To File Plaintiffs' First Amended Original Complain has been sent on this _____15th_____ day of May, 2003, via certified mail, return receipt requested to:

J. Arnold Aguilar
Law Office of J. Arnold Aguilar
Artemis Square, Suite H-2
1200 Central Boulevard
Brownsville, Texas 78520


Benjamin M. Yudesis
Attorney at Law
322 E. Harrison Avenue, Suite A
Harlingen, Texas 78550


_____
M. Cheryl Kirby