26

LAW OFFICE
# J. ARNOLD AGUILAR

J. ARNOLD AGUILAR
Board Certified - Personal Injury Trial Law
Texas Board of Legal Specialization

September 11, 2003

Board Certified - Civil Trial Law Advocate
National Board of Trial Advocacy

(956) 504-1100
Fax: (956) 504-1408
e-mail:aguilarlaw@aol.com

United States District Court
Southern District of Texas
FILED

SEP 1 2 2003

Michael N. Milby
Clerk of Court

Hon. Andrew S. Hanen
U.S. District Judge
600 E. Harrison Street
Brownsville, TX  78520

Re:    Civil Action No. B-02-CV-239
       Mary Ramirez, et al.  vs.  David Carava, et al.
       U.S.D.C. - Brownsville Division
       Our File No. 219-01

Dear Judge Hanen:

    Attached hereto for the Court's reference is a copy of a decision handed down on September 9, 2003, in the case of *Collins v. American Home Products Corp.*, No. 02-60736 (5th Cir. Sept. 9, 2003).   The Court may find that this case has some relevance to its determination on Defendant's claims of fraudulent joinder as it relates to Plaintiffs' Motion to Remand.

                         Very truly yours,

                         **LAW OFFICE
                         J. ARNOLD AGUILAR**

By: _____
              J. Arnold Aguilar

JAA.fp
*Encl.

2003 SEP 12  PM 3: 56
MICHAEL N. MILBY, CLERK
U.S. DISTRICT COURT
SOUTHERN DISTRICT TEXAS
RECEIVED

Artemis Square, Suite H-2  •  1200 Central Blvd.  •  Brownsville, Texas 78520

Hon. Andrew S. Hanen
U.S. District Judge
September 11, 2003
Page -2-

xc:    Ms. M. Cheryl Kirby
       OPPENHEIMER, BLEND, HARRISON
            & TATE, INC
       711 Navarro, Suite 600
       San Antonio, TX 78205

       Mr. Benjamin M. Yudesis
       Attorney at Law
       322 E. Harrison Avenue, Suite A
       Harlingen, TX 78550

United States Court of Appeals
Fifth Circuit

# F I L E D

September 9, 2003

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

—————

No. 02-60736

—————

BRYAN D COLLINS, as parent and next friend of Zachary W Collins; ALLYSON M COLLINS, as parent and next friend of Zachary W Collins; FREDDIE M ANDERSON, as parent and next friend of Robert Thomas-Anderson; GEORGIA M ANDERSON, as parent and next friend of Robert Thomas-Anderson; HERMAN R BERNARD, as parent and next friend of Reginald L Bernard; ET AL,

Plaintiffs-Appellants,

versus

AMERICAN HOME PRODUCTS CORPORATION, doing business as Wyeth Laboratories Inc; WYETH LEDERLE; WYETHER LEDERLE; WYETHER LEDERLE VACCINES AND LEDERLE LABORATORIES; ABBOTT LABORATORIES; AMERICAN INTERNATIONAL CHEMICAL INC; AVENTIS PASTEUR INC, Individually and as Successor in Interest to Connaught Laboratories Inc; PASTEUR MERIEUX CONNAUGHT INC; B F ASCHER & COMPANY INC; BAXTER INTERNATIONAL INC, Individually and as Successor in Interest to North American Vaccine Inc; BAYER CORPORATION; BIOPORT CORPORATION INC; BRISTOL-MYERS SQUIBB AND COMPANY; EVANS MEDICAL LTD; MERCK AND COMPANY INC; RPK PHARMACEUTICALS; DOLDER; ELI LILLY & COMPANY; SMITHKLINE BEECHAM CORPORATION; LISA STONE, M D, individually and as Successor in Interest to Children's Medical Group, PA; BERT BRADFORD, MD; GULF COAST PEDIATRIC CLINIC; BYRON'S DISCOUNT DRUGS; JEFF COURT, MD, individually and as Successor in Interest to Children's Medical Group, PA; WALTER E DAWKINS, MD; LOUISA LAWSON, MD; SARTIN'S DISCOUNT DRUGS INC; BRIAN STRETCH, MD; JULIAN LEE OWEN, MD; VILLAGE PHARMACY; JOHN DOES; CHILDREN'S MEDICAL GROUP PA,

Defendants-Appellees.

Consolidated With
No. 02-60764

JOHN W STEWART, III; ANNETTE C STEWART; BRYAN D
COLLINS; ALLYSON M COLLINS; HERMAN R BERNARD, JR;
CAROLA H BERNARD; LARRY D BLACKWELL; MELISSA L
MCGREW; JULES J COUSIN, JR; BEVERLY L COUSIN; JOHN
A GAMBERI; CONNIE J GAMBERI; MARK A KLINEDINST;
LAURIE E KLINEDINST; TERRI M PITTS; TRACY L PITTS;
KEVIN T SAMUEL; VICTORIA SAMUEL; DAVID G
UNDERWOOD; LAUREN UNDERWOOD; JEREMY WILLIAMS;
SHAWANDA R WILLIAMS,

·    Plaintiff-Appellants,

versus

AMERICAN HOME PRODUCTS CORPORATION, doing business
as Wyeth; WYETH LABORATORIES; WYETH-AYERST;
WYETH-AYERST LABORATORIES; WYETH LEDERLE;
WYTHER LEDERLE; WYETHER LEDERLE VACCINES AND
LEDERLE LABORATORIES; ABBOTT LABORATORIES INC;
AMERICAN INTERNATIONAL CHEMICAL INC; AVENTIS
PASTEUR INC, individually and as successor in interest to
Connaught Laboratories Inc; PASTEUR MERIEUX & PASTEUR
MERIEUX CONNAUGHT; B F ASCHER & COMPANY INC;
BAXTER INTERNATIONAL INC, individually and as successor in
interest to North American Vaccine Inc; BIOPORT CORPORATION
INC; EVANS MEDICAL LIMITED; DOLDER; ELI LILLY &
COMPANY; MERCK AND COMPANY INC; SMITHKLINE
BEECHAM CORPORATION; BERT BRADFORD, MD; GULF
COAST PEDIATRIC CLINIC; WALTER E DAWKINS, MD;
OWEN J LEE, MD; SARTIN'S DISCOUNT DRUGS INC; BRIAN
STRETCH, MD, doing business as The Street Clinic; VILLAGE
PHARMACY LLC; WYETH; JOHN DOES, 1-200, who are
individuals, proprietorships, corporations, or other entities whose
names and identities are otherwise unknown to the plaintiffs;

-2-

JEFFREY CROUT, MD; CHILDREN'S MEDICAL GROUP PA;
RPK PHARMACEUTICALS INC,

Defendants-Appellees.

Appeal from the United States District Court
For the Southern District of Mississippi

Before EMILIO M. GARZA and DENNIS, Circuit Judges, and DUPLANTIER[*], District Judge.

EMILIO M. GARZA, Circuit Judge:

The plaintiffs in two products liability actions, all of whom are Mississippi residents, appeal the district court's denial of their motions to remand and dismissal of their state law claims against a variety of Mississippi resident and non-resident defendants. Among the defendants are manufacturers of certain childhood vaccines containing the preservative thimerosal, pharmacies who dispensed those vaccines, and physicians who prescribed them.

In *Collins v. American Home Products Corporation*, the plaintiffs brought claims on behalf of their minor children seeking to recover for injuries allegedly suffered by the children as a result of vaccinations containing thimerosal. In *Stewart v. American Home Products Corporation*, many of the same plaintiffs brought claims on their own behalf to recover for expenses and other injuries they allegedly incurred as the parents of injured children. The district court concluded that the Mississippi defendants had been fraudulently joined and that the claims against the remaining defendants must be dismissed because the plaintiffs had failed to comply with the National Childhood Vaccine Injury

---

[*] Senior District Judge of the Eastern District of Louisiana, sitting by designation.

Act of 1986, 42 U.S.C. § 300aa-1 *et seq.*

"[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). In a recent opinion, this Court applied the following holding from the Third Circuit's decision in *Boyer v. Snap-On Tools Corporation*, 913 F.3d 108 (3d Cir. 1990):

> [W]here there are colorable claims or defenses asserted against or by diverse and non-diverse defendants alike, the court may not find that the non-diverse parties were fraudulently joined based on its view of the merits of those claims or defenses. Instead, that is a merits determination which must be made by the state court.

*Smallwood v. Ill. Cent. R.R. Co.*, No. 02-60782, ___ F.3d ___, 2003 WL 21805636, at \*3 (5th Cir. Aug. 7, 2003) (quoting *Boyer*, 913 F.3d at 113) (alteration in original).

Here, the defendants successfully convinced the district court to rule on a common defense under the pretense of determining whether the Mississippi defendants had been fraudulently joined. As we stated in *Smallwood*, "[t]his use of fraudulent joinder frustrates the overarching principle of the well-pleaded complaint rule, that state courts are equally competent to decide federal defenses." *Id.* at \*5; *see also id.* at \*4 n.35 (citing *Cheskiewicz ex rel. Cheskiewicz v. Aventis Pasteur, Inc.*, No. 02-3583, 2002 WL 1880524, at \*3 (E.D. Pa. Aug. 15, 2002) (unpublished)).[1]

Accordingly, we VACATE the dismissal of the plaintiffs' claims and REMAND with

---

[1] On appeal, the defendants argue that the district court's fraudulent joinder determination in *Stewart* was correct for the additional reason that the plaintiffs' claims fail under Mississippi law. Although it appears that Mississippi's learned intermediary doctrine bars the plaintiffs' claims against the non-diverse pharmacy defendants, *Moore ex rel. Moore v. Mem'l Hosp. of Gulfport, Miss.*, 825 So. 2d 658, 664-66 (Miss. 2002), this defense does not preclude the possibility of relief against the other non-diverse defendants. Because the remaining defenses apply equally to the claims asserted against the diverse and non-diverse defendants, those defenses cannot, under *Smallwood*, serve as the basis for a finding of fraudulent joinder. Accordingly, we lack subject matter jurisdiction to address the merits of the plaintiffs' claims.

instructions that both cases be remanded to the state court from which they were removed.