IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

SEP 1 5 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| MARY RAMIREZ, | § | |
| JENNIFER ANGELA GOMEZ, | § | |
| STACY AMY ROBERTS, | § | |
| SARA ANN SOSA and | § | CIVIL ACTION NO. |
| ISELA VILLARREAL | § | B - 02 - CV - 239 |
| | § | |
| VS. | § | |
| | § | |
| DAVID CARAVA and | § | |
| JOINER FOOD SERVICE, INC. | § | |

**RESPONSE TO PLAINTIFFS' SUBMISSION OF RECENT CASE**

COMES NOW Defendant David Carava, and responds to the Plaintiffs' submission to the court of a recent Fifth Circuit case, Collins v. American Home Products Corp., Nos. 02-60736, 02-60764, ___ F.3d ___, 2003 WL 21998574 (5th Cir. Sept. 9, 2003), and would show as follows:

I.   **Collins does not apply to the case at bar.**

Collins is inapposite and has no relevance to the fraudulent joinder issues raised in the above styled case. Collins addresses *the single issue* that fraudulent joinder is not proper where the *only basis for the claim* is a defense *equally applicable to all of the defendants, diverse and nondiverse.* Collins relies on Smallwood v. Ill. Cent. R.R.Co., No 02-60782, ___ F.3d ___, 2003 WL 21805636 (5th Cir. Aug. 7, 2003), which analyzes the reasons that courts may not dismiss, as fraudulent joinder claims, *all claims against all defendants, diverse and nondiverse.* The court reasons that it is not appropriate to rule on a fraudulent joinder claim based on a common defense that is also applicable to defendants who, due to their diversity, are not part of the fraudulent joinder claim. In both Smallwood and Collins, the fraudulent joinder allegations were based on a common

323262-1                                1

on a common defense, conflict preemption by federal law, that was common to and applied equally to diverse and nondiverse defendants and therefore went to the merits of the action as an *entirety,* and not just to the joinder.

Collins simply does not apply to this case because the fraudulent joinder claims do not raise a common defense applicable to all Defendants. Indeed, the fraudulent joinder claims are unique to each nondiverse defendant, and there is no argument or allegation that the defenses on which the fraudulent joinder claims are based apply to the diverse Defendant, David Carava.

## II.     Recent case applies directly to the case at bar.

There is, however, a recent Fifth Circuit case that does apply directly to this case and approves of the district court conducting a summary-judgment type inquiry to determine fraudulent joinder claims. Ross v. Citifinancial, Inc., Nos. 02-60608, 02-60609, ___ F.3d ___, 2003 WL 22026346 (5th Cir Aug. 29, 2003). See attached.

> For fraudulent joinder *vel non*, it is well established that the district court may "pierce the pleadings" and consider summary judgment-type evidence. *Travis*, 326 F.3d at 648-49 (citing *Carriere v. Sears, Roebuck and Co.*, 893 F.2d 98, 100 (5th Cir., *cert. denied*, 498 U.S. 817, 111 St. Cot. 60, 112 L.Ed.2d 35 (1990)). In conducting this inquiry, the district court "must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." *Travis*, 326 F.3d at 649. In addition, the court must resolve all ambiguities of state law in favor of the non-removing party. *Id.*

Ross at 3. The appellate court found that the district court properly applied these standards in denying remand to state court. Id. The court ruled that the plaintiffs' claims were fraudulently joined because they were either time-barred or because the underlying relationship on which breach of fiduciary duty claim was based did not exist. Ross at 4, 7-8.

A.  <u>Fraudulent Joinder claims of Joiner Food Service, Inc. are analogous to fraudulent joinder claims of breach of fiduciary duty in Ross.</u>

In finding that the <u>Ross</u> Plaintiffs' breach of fiduciary duty claims were fraudulently joined, the district court determined that there was no reasonable basis for predicting that state law might impose liability since no fiduciary relationship existed between Individual Defendants (insurance agents) and Plaintiffs. <u>Ross</u> at 7. The Plaintiffs contended that the district court erred because, *at least arguably*, a fiduciary relationship could have existed. <u>Id</u>. The Plaintiffs pointed to affidavits in which some Plaintiffs stated that they trusted and relied on Individual Defendants, but the court ruled that none of the evidence showed circumstances *justifying* such reliance by the Plaintiffs, and hence, no fiduciary relationship existed. <u>Ross</u> at 8.

The evidence submitted in this case conclusively establishes that Joiner Food Service, Inc. was not the Plaintiffs' employer during the relevant time period, but all the Plaintiffs' claims against Joiner Food Service, Inc. arise from an alleged employment relationship. In response to the submission of evidence showing that Joiner Food Service, Inc. was not their employer, the Plaintiffs, just as the Plaintiffs in <u>Ross</u>, attempt to rebut the evidence by relying on affidavits stating merely that it was their "understanding"[1] that Joiner Food Service, Inc. was their employer. However, these statements are not evidence since, just as in <u>Ross</u>, there is no evidence to justify such an understanding, especially considering that their paychecks and W2s were in the name of DRC Distributors, Ltd. and that the Assumed Name Certificate of DRC Distributors, Ltd. was filed with locally and with the State.

---

[1] Merely having an understanding that a person or entity is one's employer does not create an employment relationship.

323262-1                                     3

The bar to suit based on the absence of a fiduciary relationship, which was the basis of the fraudulent joinder claim in <u>Ross</u>, is similar to the bar to suit against Defendant Joiner Food Service, Inc., - there is an absence of an employment relationship between Joiner Food Service, Inc. and the Plaintiffs at the time of the events giving rise to this action. Since all the Plaintiffs' claims against Joiner Food Service arise from an alleged employment relationship that does not exist, there is no reasonable basis for predicting that state law might impose liability; therefore, Joiner Food Service, Inc. is fraudulently joined. <u>See Ross</u> at 3.

    B.   <u>Time-barred claims in Ross were fraudulently joined just as the time-barred claims in the case at bar are fraudulently joined.</u>

The other fraudulent joinder claims in <u>Ross</u> are the same as the fraudulent joinder claims as to DRC Distributors, Ltd. – the claims are time-barred. The <u>Ross</u> court considered the evidence (much of which related to the issue of fraudulent concealment and the discovery rule as regards tolling the statute), applied Mississippi law, and ruled that under Mississippi law the claims were not fraudulently concealed nor tolled by the discovery rule and were therefore, time-barred. Similar evidence has been submitted in this case that establishes that Defendant DRC Distributors, Ltd. was fraudulently joined because the Plaintiffs' claims against it are time-barred. There is no dispute that the limitations period against DRC Distributors, Ltd. expired 60 days from the date the plaintiffs received their notices of right to sue and that they did not file suit until over four months after the running of this limitations period. Further, the plaintiffs have submitted no evidence that would show that the limitations period should be tolled because they could not discover who their employer was – paychecks and W2s alone negate this theory.

ACCORDINGLY, it is proper for the district court to consider the summary judgment-type evidence that has been submitted to determine the fraudulent joinder claims in this matter.

Respectfully submitted,

OF COUNSEL:
OPPENHEIMER, BLEND,
HARRISON & TATE, INC.

Richard I. Manas, Attorney-in-Charge
Texas State Bar No. 00794931
Southern District of Texas Bar No. 21509
M. Cheryl Kirby, Associate, Of Counsel
Texas State Bar No. 00794097
Southern District of Texas Bar No. 23528
711 Navarro, Suite 600
San Antonio, Texas 78205
Telephone: (210) 224-2000
Facsimile:  (210) 224-7540

Counsel for Defendant, David Carava

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Defendant David Carava's Proposed Case Management has been sent on this ___12th___ day of September, 2003, via certified mail, return receipt requested to:

J. Arnold Aguilar
Law Office of J. Arnold Aguilar
Artemis Square, Suite H-2
1200 Central Boulevard
Brownsville, Texas 78520

Benjamin M. Yudesis
Attorney at Law
322 E. Harrison Avenue, Suite A
Harlingen, Texas 78550

Robert J. Banks, Esq.
Attorney at law
218 East Harrison Avanue
Harlingen, Texas 78550-9134

_____
M. Cheryl Kirby

2003 WL 22026346                                                                                                            Page 1
--- F.3d ---
(Cite as: 2003 WL 22026346 (5th Cir.(Miss.)))

Only the Westlaw citation is currently available.

United States Court of Appeals,
Fifth Circuit.

Susie ROSS; Denita Johnson; James Curtis; Larry Pickens; Doris King; Karen Whitley; Ruby Magee; Roy Allen, Jr.; Chester Newman; Sharon White, Plaintiffs-Appellants,
v.
CITIFINANCIAL, INC., a Maryland Corporation, formerly known as First Family Financial Services, Inc.; Citifinancial, Inc., a Maryland Corporation, formerly known as Commercial Credit of Mississippi; Citifinancial, Inc., a Tennessee Corporation, formerly known as Commercial Credit of Mississippi; Citifinancial Services, Inc., a Georgia Corporation; Union Security Life Insurance Company; American Security Insurance Company; Tracy Mitchell; Darla Farmer; Joe Smith, Defendants-Appellees.
Denise Howard; Lena Chambers; Priscilla Chalmers; Betty Whitley; Faye Denise Logan; Carol Buseck; Kelvin Johnson; Phillip Gordon; Debbie Gordon; Alisha F. Wilson; Margaret Haymon; Wanda Allen; Monroe Hoggatt; Eugene Haymon; Eva Parker Hall, Plaintiffs-Appellants,
v.
Citifinancial, Inc., a Maryland Corporation, formerly known as First Family Financial Services, Inc.; Citifinancial, Inc., a Maryland Corporation, formerly known as Commercial Credit of Mississippi; Citifinancial, Inc., a Tennessee Corporation, formerly known as Commercial Credit of Mississippi; Citifinancial Services, Inc., a Georgia Corporation; Union Security Life Insurance Company; American Security Insurance Company; Tracy Mitchell; Darla Farmer; Joe Smith; John Does 1-50; Valerie Stevens, Defendants-Appellees.

Nos. 02-60608, 02-60609.

Aug. 29, 2003.

Borrowers brought state court actions against lenders, insurance agents, and credit insurers, alleging state law claims of breach of fiduciary duty, breach of implied covenants of good faith and fair dealing, fraudulent and negligent misrepresentation and/or omission, civil conspiracy, negligence, and unconscionability. Action was removed. The United States District Court for the Southern District of Mississippi, William H. Barbour, Jr., J., 195 F.Supp.2d 811, 2002 WL 461567, denied borrowers' motions for remand. Borrowers filed interlocutory appeals, and appeals were consolidated. The Court of Appeals, Rhesa Hawkins Barksdale, Circuit Judge, held that: (1) fraudulent joinder claim requires court to determine whether there is arguably a reasonable basis for predicting that state law might impose liability on the nondiverse defendants; (2) Mississippi law requires affirmative act of fraudulent concealment to toll limitations statute; (3) borrowers could not show justifiable reliance on defendants' alleged oral representations; and (4) agents had no fiduciary duty to borrowers.

Affirmed and remanded.

West Headnotes

**[1] Federal Courts ⚖303**
170Bk303 Most Cited Cases

Fraudulent joinder is established by showing: (1) actual fraud in pleading jurisdictional facts; or (2) inability of the plaintiff to establish a cause of action against the non-diverse plaintiff.

**[2] Federal Courts ⚖303**
170Bk303 Most Cited Cases

Upon claim of fraudulent joinder to establish diversity jurisdiction, the court must determine whether there is arguably a reasonable basis for predicting that state law might impose liability on the nondiverse defendants; this means that there must be a reasonable possibility of recovery, not merely a theoretical one. 28 U.S.C.A. § 1332.

**[3] Federal Courts ⚖303**
170Bk303 Most Cited Cases

The scope of the inquiry for fraudulent joinder is

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

2003 WL 22026346  
--- F.3d ---  
(Cite as: 2003 WL 22026346 (5th Cir.(Miss.)))

Page 2

broader than that for a motion to dismiss for failure to state a claim upon which relief may be granted. Fed.Rules Civ.Proc.Rule 12(b)(6), 28 U.S.C.A.

**[4] Federal Courts** ⚖=316.1  
170Bk316.1 Most Cited Cases

**[4] Federal Courts** ⚖=317  
170Bk317 Most Cited Cases

For fraudulent joinder claim, the district court may pierce the pleadings and consider summary judgment-type evidence, and, in conducting this inquiry, the district court must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff.

**[5] Removal of Cases** ⚖=107(7)  
334k107(7) Most Cited Cases

Upon claim of fraudulent joinder, the court must resolve all ambiguities of state law in favor of the non-removing party.

**[6] Limitation of Actions** ⚖=104(1)  
241k104(1) Most Cited Cases

Under Mississippi law, claims governed by general statute of limitations that are asserted three years after their accrual may be actionable if they were fraudulently concealed and plaintiffs could not discover them with reasonable diligence; in that event, the limitations period begins to run when the claims are discovered. West's A.M.C. §§ 15-1-49(1), 15-1-67.

**[7] Limitation of Actions** ⚖=104(1)  
241k104(1) Most Cited Cases

Under Mississippi law, plaintiffs must prove a subsequent affirmative act of fraudulent concealment to toll the statute of limitations on that basis. West's A.M.C. § 15-1-67.

**[8] Banks and Banking** ⚖=100  
52k100 Most Cited Cases

**[8] Insurance** ⚖=1672  
217k1672 Most Cited Cases

**[8] Insurance** ⚖=3424  
217k3424 Most Cited Cases

**[8] Limitation of Actions** ⚖=104(1)  
241k104(1) Most Cited Cases

Under Mississippi law, borrowers could not show justifiable reliance on alleged oral representations by defendant lenders, insurance agents, and credit insurers, as would support borrowers' breach of fiduciary duty claim and other claims, or permit tolling of statute of limitations on basis of fraudulent concealment, where alleged representations were contrary to terms of written contract, and there was no allegation of fraud in factum or claim for equitable relief.

**[9] Contracts** ⚖=93(2)  
95k93(2) Most Cited Cases

Under Mississippi law, a party is under an obligation to read a contract before signing it, and will not as a general rule be heard to complain of an oral misrepresentation the error of which would have been disclosed by reading the contract.

**[10] Contracts** ⚖=93(2)  
95k93(2) Most Cited Cases

**[10] Contracts** ⚖=94(4)  
95k94(4) Most Cited Cases

Under Mississippi law, failure to read a contract before signing it, although it may constitute negligence, will not bar equitable relief to one who has executed a contract in reliance upon false representations made to him by the other contracting party.

**[11] Insurance** ⚖=1669  
217k1669 Most Cited Cases

**[11] Insurance** ⚖=1671  
217k1671 Most Cited Cases

Under Mississippi law, individual insurance agents did not have fiduciary relationship with borrowers who purchased credit insurance in conjunction with loan agreements, despite borrowers' alleged placement of trust in such agents; borrowers made no claim that agents failed to procure insurance nor that agents violated written terms of insurance contract or created hidden scheme to defraud

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

2003 WL 22026346
--- F.3d ---
(Cite as: 2003 WL 22026346 (5th Cir.(Miss.)))

Page 3

borrowers.

**[12] Insurance ⇐1866**
217k1866 Most Cited Cases

Under Mississippi law, there is no fiduciary relationship or duty between an insurance company and its insured in a first party insurance contract.

**[13] Insurance ⇐1864**
217k1864 Most Cited Cases

Under Mississippi law, the purchase of insurance is deemed to be an arms' length transaction.

**[14] Insurance ⇐1701**
217k1701 Most Cited Cases

Under Mississippi law, a fiduciary duty may exist to procure insurance, if a bank sells credit insurance in connection with a loan transaction.

Joe Nathan Tatum, Tatum & Wade, Jackson, MS, for Plaintiffs-Appellants.

Richard H. Sinkfield and Christopher J. Willis (argued), Rogers & Hardin, Atlanta, GA, Fred H. Krutz, III, Roland M. Slover, Forman, Perry, Watkins, Krutz & Tardy, Jackson, MS, for Citifinancial Inc., Citifinancial Services Inc., Mitchell, Farmer and Smith.

Walter D. Willson (argued), Kenna L. Mansfield, Jr., Wells, Marble & Hurst, Jackson, MS, for Union Sec. Life Ins. Co. and American Sec. Ins. Co.

Emerson Barney Robinson, III, Butler, Snow, O'Mara, Stevens & Cannada, Jackson, MS, for Mississippi Bankers Ass'n.

Appeals from the United States District Court for the Southern District of Mississippi.

Before SMITH, WIENER, and BARKSDALE, Circuit Judges.

RHESA HAWKINS BARKSDALE, Circuit Judge:

*1 For these consolidated 28 U.S.C. § 1292(b) interlocutory appeals from remand-denials where diversity-jurisdiction removal was based on fraudulent joinder, at issue is whether there is *arguably a reasonable basis* for predicting the non-diverse defendants could be liable under Mississippi law and, therefore, *not* fraudulently joined. AFFIRMED; REMANDED.

I.

Plaintiffs, all Mississippi residents, entered into loan agreements with Citifinancial or its predecessors. In conjunction with those loans, Plaintiffs purchased insurance, such as credit life and property, through Union Security Life Insurance Company and American Security Insurance Company.

Plaintiffs filed actions in Mississippi state court. In addition to suing Citifinancial, American Security, and Union Security (non-resident corporations), Plaintiffs sued Citifinancial employees, who were licensed insurance agents and Mississippi residents (collectively: Individual Defendants).

Plaintiffs alleged: their insurance premiums were excessive compared to market rates; they were inflated by commissions; and their loan interest and principal were increased by including the insurance polices within the loan amounts or unnecessarily refinancing the loans. Plaintiffs claimed breach of fiduciary duty, breach of implied covenants of good faith and fair dealing, fraudulent and negligent misrepresentation and omission, civil conspiracy, negligence, and unconscionability under Mississippi law.

Along this line, where Defendants submitted evidence of Plaintiffs' loan documents, they contained signed separate disclosure statements or signed provisions on the note or security agreements, making clear that insurance was *not* required. These statements included: "CREDIT LIFE OR CREDIT DISABILITY INSURANCE IS NOT REQUIRED TO OBTAIN THIS LOAN"; and "Credit Life and Credit Disability Insurance are NOT REQUIRED in connection with this loan and were not a factor in the approval of this extension of credit. If you chose to obtain life insurance through Lender ... the cost thereof is shown ... herein and is included in the Amount Financed". Each of the remaining Plaintiffs has at least a high school education except for one, who has a ninth grade

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

2003 WL 22026346
--- F.3d ---
(Cite as: 2003 WL 22026346 (5th Cir.(Miss.)))

Page 4

education.

In 2001, Defendants removed the actions to federal court under 28 U.S.C. § 1441, claiming diversity jurisdiction pursuant to 28 U.S.C. § 1332. To that end, Defendants claimed Individual Defendants were fraudulently joined.

*2 The district court denied Plaintiffs' remand motions, reasoning: Individual Defendants were fraudulently joined; therefore, jurisdiction was valid under § 1332. It held most of Plaintiffs' claims time-barred under Mississippi's general three-year statute of limitations, Miss.Code. Ann. § 15-1-49(1). For Plaintiffs' remaining claims, it concluded there was *no reasonable basis* for predicting Individual Defendants could be liable. *Howard v. CitiFinancial*, 195 F.Supp.2d 811 (S.D.Miss.2002); *Ross v. CitiFinancial*, No. 5:01-CV-185BN, 2002 WL 461567 (S.D.Miss.2002). (A number of Plaintiffs had been voluntarily dismissed or did not assert claims against Individual Defendants.)

II.

The interlocutory appeal for each action presents four issues: (1) whether the district court applied the correct standard in holding non-diverse defendants were fraudulently joined; (2) whether, under Mississippi law, an affirmative act is required to toll the statute of limitations for the claims at issue; (3) whether a party may justifiably rely on an oral representation contrary to the terms of a written contract; and (4) whether a fiduciary relationship arises in first party insurance contracts such as those at issue.

A.

[1] Fraudulent joinder is established by showing: (1) actual fraud in pleading jurisdictional facts; or (2) inability of the plaintiff to establish a cause of action against the non-diverse plaintiff. *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir.2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir.1999)). At issue is the standard to be applied for the second of the two means for showing fraudulent joinder.

The district court noted that the removing party has the burden of showing fraudulent joinder, but that Plaintiffs could not rest upon mere allegations in their pleadings. Rather, the court could pierce the pleadings. It concluded: "In the event the court, after resolving all disputed questions of fact and ambiguities of law in favor of the non-removing party, finds that there is '*arguably a reasonable basis* for predicting that the state law *might* impose liability on the facts involved, then there is *no* fraudulent joinder' and hence *no* basis for asserting diversity of citizenship jurisdiction". *Howard*, 195 F.Supp.2d at 818 (emphasis added) (citing *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir.), *cert. denied*, 510 U.S. 868, 114 S.Ct. 192, 126 L.Ed.2d 150 (1993)); *Ross*, slip op. at 8 (same).

Later, however, the district court stated: "The issue before the Court is whether there is a *possibility* that liability could be imposed on the non-diverse Defendants/agents based on the facts of the case". *Howard*, 195 F.Supp.2d at 819 (emphasis added); *Ross*, slip op. at 9 (same). The court concluded: because Plaintiffs could not prevail on any of their claims against Individual Defendants, they were fraudulently joined. *Howard*, 195 F.Supp.2d at 826-27; *Ross*, slip op. at 35.

Plaintiffs assert that the "reasonable basis" standard is not correct; that, instead, the standard is whether "there is no possibility that plaintiff [could] establish a cause of action". *Burchett v. Cargill, Inc.*, 48 F.3d 173, 176 (5th Cir.1995). Plaintiffs also claim the district court shifted the burden of proof and did not construe all factual disputes in their favor. They contend Defendants only refuted their allegations with allegations, and as such, Plaintiffs were not required to provide evidence to refute them--that it is only after Defendants provide evidence refuting Plaintiffs' allegations that Plaintiffs must provide evidence.

*3 [2] Our opinions have described the fraudulent joinder standard in various ways. Recent opinions, however, have clarified that standard. "Any argument that a gap exists between the 'no possibility' and 'reasonable basis' of recovery language was recently narrowed, if not closed". *Travis*, 326 F.3d at 648. The court must determine whether there is arguably a reasonable basis for predicting that state law might impose liability. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir.2002). This means that there must be a *reasonable* possibility of recovery, not merely a *theoretical*

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

Case 1:02-cv-00239   Document 27   Filed in TXSD on 09/15/2003   Page 11 of 14

Page 5 of 8

2003 WL 22026346
--- F.3d ---
(Cite as: 2003 WL 22026346 (5th Cir.(Miss.)))

Page 5

one. *Id.*; *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n. 4 (5th Cir.2000) (rejecting contention that theoretical possibility of recovery is enough to support no fraudulent joinder, citing "reasonable basis" standard); *Griggs*, 181 F.3d at 701 ("While the burden of demonstrating fraudulent joinder is a heavy one, we have never held that a particular plaintiff might possibly establish liability by the mere hypothetical possibility that such an action could exist".).

[3] Nonetheless, the burden of persuasion on those claiming fraudulent joinder remains a heavy one. *Travis*, 326 F.3d at 648. Along these lines, our court has recognized the similarity between standards for Federal Rule of Civil Procedure 12(b)(6) (failure to state claim) and fraudulent joinder. *Id.* See *Great Plains Trust*, 313 F.3d at 312. The scope of the inquiry for fraudulent joinder, however, is broader than that for Rule 12(b)(6).

[4][5] For fraudulent joinder *vel non*, it is well established that the district court may "pierce the pleadings" and consider summary judgment-type evidence. *Travis*, 326 F.3d at 648-49 (citing *Carriere v. Sears, Roebuck and Co.*, 893 F.2d 98, 100 (5th Cir.), *cert. denied*, 498 U.S. 817, 111 S.Ct. 60, 112 L.Ed.2d 35 (1990)). In conducting this inquiry, the district court "must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff". *Travis*, 326 F.3d at 649. In addition, the court must resolve all ambiguities of state law in favor of the non-removing party. *Id.*

The district court properly applied these standards. It cited the "reasonable basis" standard; and, although it also discussed the "possibility" of recovery, it never looked for a "mere theoretical possibility of recovery". It also correctly noted that it could "pierce the pleadings", but that it must construe all disputed questions of fact and ambiguities of law in Plaintiffs' favor. Contrary to Plaintiffs' assertion, it did not shift the burden to them upon Defendants' asserting contrary allegations. Finally, it construed all allegations and evidence in Plaintiffs' favor.

B.

*4 The district court ruled that most of Plaintiffs' claims were time-barred; their claims had not been fraudulently concealed; and, had they been, the time for bringing an action would be tolled. In this regard, the court applied Mississippi's general three-year statute of limitations, Miss.Code Ann. § 15-1-49(1) ("All actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after"). *E.g., Stephens v. Equitable Life Assurance Society of the United States*, 850 So.2d 78, 81 (Miss.2003) (applying statute to claim of fraud and misrepresentation of sale of insurance).

[6] Claims asserted three years after their accrual may be actionable *if* they were fraudulently concealed and Plaintiffs could not discover them with reasonable diligence. In that event, the limitations period begins to run when the claims are discovered.

> If a person liable to any personal action shall fraudulently conceal the cause of action from the knowledge of the person entitled thereto, the cause of action shall be deemed to have first accrued at, and not before, the time at which such fraud shall be, or with reasonable diligence might have been, first known or discovered.

Miss.Code. Ann. § 15-1-67. Along this line, *Robinson v. Cobb*, 763 So.2d 883 (Miss.2000), provides that, in order to toll the limitations period, Plaintiffs must prove: "[Defendant] engaged in *affirmative acts of concealment* "; and "though [Plaintiffs] acted with due diligence in attempting to discover [the claim], they were unable to do so". *Id.* at 887 (emphasis added; internal quotation and citation omitted).

Nevertheless, Plaintiffs contend the district court erred by requiring them to prove an affirmative act of concealment and assert that, in cases of fraud, no subsequent act of concealment is necessary. Defendants counter that, although the Mississippi Supreme Court has not ruled on this issue in the context of credit insurance sales, it has established that a subsequent affirmative act of fraudulent concealment is necessary to toll limitations where the underlying claim is for fraud. Otherwise, the limitations begin to run when Plaintiffs receive documents which, if read, would lead to discovery of the claim.

[7] Mississippi law is unambiguous: Plaintiffs must

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

prove a subsequent affirmative act of fraudulent concealment to toll the limitations. *Stephens*, 850 So.2d 78, held that the fraudulent concealment doctrine applied to a fraud claim. There, plaintiffs alleged defendants misrepresented that a life insurance contract had vanishing premiums. The court stated that fraudulent concealment was required to toll the limitations period; and, because the terms were written in the policies, plaintiffs could not show such concealment.

*5 Further, in *Reich v. Jesco, Inc.*, 526 So.2d 550 (Miss.1988), plaintiff's structure collapsed 12 years after construction. Plaintiff sued the builder for negligence, strict liability, and breach of warranty. He claimed the limitations period was tolled because the faulty construction was not evident until after the collapse. In holding the limitations period was *not* tolled, the Mississippi Supreme Court cited two prior opinions: *Dunn v. Dent*, 169 Miss. 574, 153 So. 798 (1934); and *Lundy v. Hazlett*, 147 Miss. 808, 112 So. 591 (1927).

In each, defendant falsely represented that land conveyed to plaintiff was larger than it was. Limitations were tolled in *Lundy*, but not in *Dunn*. In *Reich*, the court distinguished these cases by noting that, in *Lundy*, defendants made "express, fraudulent representation[s] ... calculated to conceal ... after completion of the sale", *Reich*, 526 So.2d at 552 (internal quotation omitted); in *Dunn*, plaintiffs failed to show defendant "did anything that could be construed as a concealment of the falsity of the representation", *id*. (internal quotation omitted).

As stated, Mississippi law is unambiguous. Pursuant to § 15-1-67, Plaintiffs were required to prove an affirmative act of fraudulent concealment post-completion of the insurance sales in order to toll the statute of limitations.

C.

[8] The district court held that, under Mississippi law, a plaintiff has a duty to read a contract before signing it and cannot reasonably rely on oral misrepresentations regarding its terms. Accordingly, it held both that the statute of limitations was not tolled because Plaintiffs' claim was not fraudulently concealed and that Plaintiffs did not state valid substantive claims of fraudulent or negligent misrepresentation.

Plaintiffs maintain that, under Mississippi law, the rule that a party must read a contract before signing it does not apply if the party was induced by fraud or false representations in entering into that contract. Defendants counter that, as a general rule, Mississippi imputes knowledge of a contract to the signatory, and a contracting party cannot reasonably rely on oral representations that conflict with its written terms. Defendants accept that the Mississippi Supreme Court has created a limited exception for cases of *fraud in factum*, that is, where the character of the document is misrepresented. Defendants assert that the exception does not apply here, because Plaintiffs claim *fraud in inducement*, that is misrepresentations about the terms of the contract.

[9] "[A] party is under an obligation to read a contract before signing it, and *will not as a general rule be heard to complain of an oral misrepresentation the error of which would have been disclosed by reading the contract* ". *Godfrey, Bassett & Kuykendall Architects, Ltd. v. Huntington Lumber & Supply Co., Inc.*, 584 So.2d 1254, 1257 (Miss.1991) (emphasis added). See *Russell v. Performance Toyota, Inc.*, 826 So.2d 719, 726 (Miss.2002) ("In Mississippi, a person is charged with knowing the contents of any document that he executes"); *Cherry v. Anthony, Gibbs & Sage*, 501 So.2d 416, 419 (Miss.1987) (in the context of an insurance policy, knowledge of contract terms is "imputed to [the contracting party] as a matter of law").

*6 *Stephens*, 850 So.2d 78, is highly persuasive authority that the Mississippi Supreme Court would bar Plaintiffs' claims. There, plaintiffs sued an insurer and their agent, Bell, claiming Bell had fraudulently represented that the life insurance policies they had purchased had vanishing premiums. They brought their claims after the limitations period, but asserted it was tolled because of fraudulent concealment. Significantly, *Stephens* cited *Godfrey, Bassett & Kuykendall* for the following proposition:
> [I]nsureds are bound as a matter of law by the knowledge of the contents of a contract in which they entered notwithstanding whether they actually read the policy. Any alleged oral agreement in this case does not have any effect on the written insurance contract.

850 So.2d at 82 (internal citation omitted). The

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

court concluded plaintiffs could not show fraudulent concealment because the terms of the insurance contract unambiguously stated that premiums did not vanish. *Stephens* and the actions at hand are indistinguishable.

The Mississippi Supreme Court appears to apply two exceptions to the rule that knowledge of written terms is imputed to contract signatories: fraud in factum and equitable relief. Neither exception applies here.

First, fraud in factum
> is defined as "[m]isrepresentation as to the nature of a writing that a person signs with neither knowledge nor reasonable opportunity to obtain knowledge of its character or essential terms." BLACK'S LAW DICTIONARY 661 (6th ed.1990). Fraud in the inducement, which is broader, is defined as "[f]raud connected with [the] underlying transaction and not with the nature of the contract or document signed. Misrepresentation as to the terms, quality or other aspects of a contractual relation, venture or other transaction that leads a person to agree to enter into the transaction with a false impression or understanding of the risks, duties or obligations she has undertaken." *Id.*

*FDIC v. Firemen's Ins. Co.*, 109 F.3d 1084, 1089 n. 1 (5th Cir.1997). Tracking the definition of fraud in factum, the Mississippi Supreme Court has applied an exception to the imputed knowledge rule:
> *7 If a person is ignorant of the contents of a written instrument and signs it under mistaken belief, induced by misrepresentation, that it is an instrument *of a different character,* without negligence on his part, the agreement is void.

*Johnson v. Brewer,* 427 So.2d 118, 123 (Miss.1983) (emphasis added).

Although it used the word "induced", it is clear from this language that the Mississippi Supreme Court is discussing fraud in factum. Here, this exception cannot apply because Plaintiffs do not claim they misapprehended the character of the documents.

[10] Second, *Godfrey, Bassett & Kuykendall* provides an exception for equitable relief: "[F]ailure to read a contract before signing it, although it may constitute negligence, will not bar equitable relief to one who has executed a contract in reliance upon false representations made to him by the other contracting party". 584 So.2d at 1259. *See Turner v. Terry,* 799 So.2d 25, 36 (Miss.2001) (citing *Godfrey* rule, but not applying because plaintiffs failed to prove fraud).

This exception does not apply because Plaintiffs are not seeking equitable relief. They seek damages. In any event, the facts are distinguishable. There, a construction contractor failed to read a contract into which he entered with the construction site owner. The contract was drafted by a third-party architect. Before bidding on the project, the contractor contacted the architect to inquire whether the contract included a $9,000 contingency term that had to be included in the bid. The architect said it did not. Inadvertently, the term was left in the contract the contractor signed, and the owner refused to pay the contractor $9,000. The contractor sued the third-party architect for restitution based on misrepresentation. Here, Plaintiffs are suing the signatories and drafters of the contracts.

D.

[11] For the final issue, the district court ruled that, as a matter of law, no fiduciary relationship existed between Individual Defendants (insurance agents) and Plaintiffs. Plaintiffs contend the district court erred because, *at least arguably,* a fiduciary relationship could have existed. They primarily claim that Mississippi case law has previously held a fiduciary relationship exists between an insurance agent and an insured, by virtue of their relationship. Further, they claim that, even if that is not the case, the facts indicate Plaintiffs trusted the agents, which brought about such a relationship.

[12][13] "Under Mississippi law, there is no fiduciary relationship or duty between an insurance company and its insured in a first party insurance contract." *Langston v. Bigelow,* 820 So.2d 752, 756 (Miss.Ct.App.2002) (quoting *Gorman v Southeastern Fidelity Ins. Co.,* 621 F.Supp. 33, 38 (S.D.Miss.1985)). *See also General Motors Acceptance Corp. v. Baymon,* 732 So.2d 262, 270 (Miss.1999) ("[T]he general rule is that there is no presumption of a fiduciary relationship between a debtor and creditor." (alteration in original; quotation omitted)). "In Mississippi, the purchase of insurance is deemed to be an arms' length

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

2003 WL 22026346
--- F.3d ---
(Cite as: 2003 WL 22026346 (5th Cir.(Miss.)))

Page 8

transaction." *Langston,* 820 So.2d at 756.

*Langston* rejected claims like those asserted here:
*8 [Plaintiff] claims that the trust and dependence with regard to insurance is inherent in the very nature of the contract, thus creating the special fiduciary relationship.... We find, though, that [Plaintiff] is mistaken in his belief that this mere contractual obligation on the part of the insurer to pay a claim creates any special trust or fiduciary relationship.
*Id.* at 756-57.

[14] A fiduciary duty may exist to *procure* insurance, if a bank sells credit insurance. *First United Bank of Poplarville v. Reid,* 612 So.2d 1131 (Miss.1992), considered whether a fiduciary duty arose when a bank employee agreed to purchase credit life insurance for a loan applicant. The court concluded that the bank became an insurance agent with a duty to procure insurance. Nonetheless, because the certificate of insurance showed its terms on its face, the bank did not have a duty to disclose any terms, even though the loan applicants had not read the policy.

Although Plaintiffs point to affidavits in which some Plaintiffs state they trusted and relied on Individual Defendants, none of this evidence shows circumstances *justifying* such reliance. Plaintiffs do not claim Defendants failed to procure insurance; moreover, they do not claim Defendants violated the written terms of the insurance contract or created a hidden scheme to defraud them. *Cf. American Bankers Ins. Co. of Florida v. Alexander,* 818 So.2d 1073 (Miss.2001) (fiduciary duty between bank, credit insurance company, and lendee arose where claim of "hidden scheme" between bank and insurance company increasing insurance rates); *Lowery v. Guaranty Bank & Trust Co.,* 592 So.2d 79 (Miss.1991) (fiduciary duty arose between bank and lendee/insured where long history of dealings with bank aside from the note).

III.

For the foregoing reasons, because there is not arguably a reasonable basis for predicting Individual Defendants could be liable under Mississippi law, the remand-denials are AFFIRMED and these cases are REMANDED for further proceedings consistent with this opinion.

*AFFIRMED* ; *REMANDED.*

2003 WL 22026346 (5th Cir.(Miss.))

END OF DOCUMENT

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works