IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
—BROWNSVILLE DIVISION—

| | | |
|---|---|---|
| MARY RAMIREZ ET AL. | § | |
| | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-02-239 |
| | § | |
| | § | |
| DAVID CARAVA ET AL. | § | |

### ORDER

Pending before the Court is Plaintiffs' Motion to Remand. Defendant David Carava ("Carava") has filed an Opposition to Plaintiffs' Motion to Remand and likewise has filed a Motion For Reconsideration of this Court's April 7, 2003 Order allowing the Plaintiffs' to file an Amended Complaint adding DRC Distributors, Ltd. ("DRC, Ltd."), as a Defendant. For the reasons elaborated below, the Defendant Carava's Motion for Reconsideration is **DENIED** and Plaintiffs' Motion to Remand is **GRANTED**.

### I.   BACKGROUND

Plaintiffs, who are residents of Texas, sued Defendant Joiner Food Service, Inc. ("Joiner"), a Texas corporation, and Carava, a California resident, in Texas state court on May 31, 2002. The original state court petition, as well as the present federal complaint, assert claims of sexual harassment and discrimination along with some related common law causes of action. Plaintiffs named Carava as the primary actor and allege, among other things, that "shortly after purchasing Joiner Food Services" in May of 2000, he began to direct both comments and conduct of a sexual nature toward the Plaintiffs. Plaintiffs allege further acts of misconduct throughout the latter part of 2000 and continuing into 2001.

1

Joiner was served on October 17, 2002 and answered a week later. No removal was attempted by Joiner. Carava was not served until December 2, 2002. He filed a Notice of Removal on December 30, 2002. Carava concedes that removal would not be timely given Joiner's prior answer, but argues that Joiner was fraudulently joined and thus its presence in the lawsuit should not be counted for removal purposes. Carava's claims in support of that statement are based in part on the argument that there was no possibility of Plaintiffs recovering from Joiner. Carava claims Joiner was not the owner of the company for whom the Plaintiffs worked because it had sold the assets on May 22, 2000 to DRC, Ltd., a Texas limited partnership, prior to the events which gave rise to the events made the basis of this suit. DRC, Ltd. was owned 98% by Carava, 1% by Carol Carava, also a resident of California, and 1% by DRC Management Company, Inc., a Texas corporation (which has subsequently forfeited its charter for lack of payment of franchise taxes). DRC, Ltd. would thus be a Texas entity for diversity purposes. See <u>Carden v. Arkoma Assocs.</u>, 494 U.S. 185, 189-91 (1990); <u>Atlas Global Group, L.P. v. Grupo Dataflux</u>, 312 F.3d 168, 170 (5th Cir. 2002). On April 7, 2003, this Court, over the objection of Defendant Carava, granted Plaintiffs' request to amend its Complaint and add DRC, Ltd. as a Defendant.

Plaintiffs insist that this case should be remanded for lack of diversity jurisdiction since Plaintiffs, like Joiner and DRC, Ltd., are Texas residents. Carava by means of his Opposition to Plaintiffs' Motion to Remand and his Motion For Reconsideration of this Court's order allowing the Amended Complaint reurges his argument that diversity jurisdiction exists because of the fraudulent joiner of Joiner and now DRC, Ltd. Since both Joiner and DRC, Ltd. are non-diverse parties <u>vis-a-</u>

Case 1:02-cv-00239    Document 28    Filed in TXSD on 10/03/2003    Page 3 of 7

vis the Plaintiffs, proper inclusion of either defeats this Court's jurisdiction.[1]

## II. DISCUSSION

Carava's arguments regarding the fraudulent joinder of Joiner are two-fold. Carava's first argument is procedural in nature. He argues that the claims against Joiner are time-barred by the limitations requirements prescribed in the Texas Labor Code for causes of action arising under the Texas Commission on Human Rights Act. This argument, however, is equally applicable to all Defendants including Carava, himself, who was served well after Joiner.[2] The Fifth Circuit has held that a defense that is equally applicable to both diverse and non-diverse defendants is one that goes to the merits and should be addressed by the state court. Collins ex rel. Collins v. Am. Home Prods. Corp., Nos. 02-60736, 02-60764, ___ F.3d ___, 2003 WL 21998574 (5th Cir. Sept. 9, 2003) (citing Smallwood v. Ill. Cent. R.R. Co., 342 F.3d 400 (5th Cir. 2003)).

---

[1] Typically, courts do not entertain arguments concerning fraudulent joinder of defendants added subsequent to removal. See Cobb v. Delta Exports, Inc., 186 F.3d 675, 678 (5th Cir. 1999). This, however, is not the typical case. On April 7, 2003, this Court conditionally granted the Plaintiffs leave to amend their Complaint so as to add DRC, Ltd. as a Defendant without prejudice to their Motion to Remand. (Plaintiffs desired to add DRC, Ltd., but were concerned that any attempt to do so in federal court might result in a waiver of their right to contest jurisdiction.) The aforesaid grant of leave to amend was, however, expressly made subject to any after-the-fact objection to the amendment by the Defendants. Defendant Carava did subsequently object to the addition of DRC, Ltd. as a Defendant on the grounds that it too was fraudulently joined to this suit. As a result of this atypical procedural posture, the usual distinction between objections to improper joinder (after removal) and fraudulent joinder (prior to removal) does not hold, and this Court does not consider Plaintiffs' Amended Complaint, which unquestionably adds a non-diverse party to be dispositive of the remand issue.

[2] Carava has conceded as much. In his Motion For Reconsideration, for example, Carava states on page 10 that:

> Since plaintiffs' claims against Joiner Food Service, Inc. are barred by the failure to serve the petition within the limitations period, these same claims are barred against a party whom the plaintiffs may seek to substitute for Joiner Food Service, Inc., namely DRC Distributors Ltd.

As noted in the text above, this is equally true of Carava himself, being that he was served after Joiner.

3

The second fraudulent joinder argument leveled at Joiner is substantive. Carava maintains that Joiner was not the Plaintiffs' employer. Instead, he maintains that DRC, Ltd. d/b/a Joiner Food Services was Plaintiffs' actual employer. In support of this argument, Defendants adduce the following evidence: **(a)** Plaintiffs' 2000 and 2001 W-2 Forms, which identify Plaintiffs' employer as DRC, Ltd. and make no mention of Joiner; **(b)** an affidavit by Joiner president Aaron Joiner who represents that Joiner sold its assets to DRC, Ltd. on May 22, 2000 and licensed DRC, Ltd. to use the name "Joiner Food Services," that all employees were advised of the sale of assets, and that Joiner did not exercise actual or apparent authority over the Plaintiffs; **(c)** an affidavit by Jerome Cohen, the attorney who prepared and filed DRC, Ltd.'s Assumed Name Certificate; **(d)** an affidavit by Carava who represents that "[a]t no time did I own or was I employed by Joiner Food Service, Inc."

If the foregoing evidence were undisputed, it might well be dispositive. However, other evidence in the record raises the possibility that a state court might recognize a claim of apparent authority regarding Joiner and the Plaintiffs. To wit: **(a)** although Joiner sold its assets and licensed the use of its name (without the "Inc."), Joiner never dissolved itself and subsequently reacquired its assets from DRC, Ltd.;[3] **(b)** Plaintiff Mary Ramirez filed an affidavit in which she avers that she was hired by Joiner prior to the sale of assets, that she was never informed of the sale or the change of employer, that "Andrew [sic?] Joiner" continued to work there after the sale, and that Carava appeared at a mediation on March 28, 2002 during the period in which Plaintiffs' complaint with the

---

[3] On December 7, 2002, DRC, Ltd., in exchange for being released from its liability on promissory notes made to Joiner in the original transaction, transferred the assets back to Joiner.

4

Texas Commission on Human Rights ("TCHR") was pending against Joiner;[4] **(c)** although the aforesaid W-2s stated DRC, Ltd. as Plaintiffs' employer, Mary Ramirez has submitted copies of a paycheck that are marked with both "Joiner Food Service" and "DRC Distributors, Ltd."; **(d)** Posler's aforementioned affidavit acknowledges that "DRC Distributors paid its employees with paychecks issued in the name of DRC Distributors, Ltd, d/b/a Joinder Food Service"; **(e)** the addresses for the registered agent for service of process, although identifying David Carava for DRC, Ltd. and Aaron Joiner for Joiner, were identical: 821 W. Jackson St., Harlingen, TX, 78550; **(f)** the other four individual Plaintiffs (Gomez, Roberts, Sosa, Villarreal) filed affidavits, in which they aver that they were "hired by Defendant Joiner Food Service, Inc." (not DRC, Ltd.) after the date of Joiner's sale of assets to DRC Distributors, Inc., and that they were never notified that they were not employed by Joiner.

In the context of fraudulent joinder, district courts "must . . . evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981). Moreover, fraudulent joinder must be proven by clear and convincing evidence. Grassi v. Ciba-Geigy, Ltd., 894 F.2d 181, 186 (5th Cir. 1990). On this record, it is possible, for example, that Mary Ramirez's employment relationship with DRC, Ltd. did not sever her pre-existing relationship with Joiner. See White v. Liberty Eylau Sch. Dist., 880 S.W.2d 156, 159 (Tex. App.—Texarkana 1994,

---

[4] A copy of the original administrative complaint filed with the TCHR, which is attached to Docket No. 19, identifies Joiner as the sole "Respondent." It identifies Aaron Joiner as Joiner's registered agent for service of process and states that the discrimination complaint against Joiner stems from David Carava's conduct. The administrative complaint does not name either Aaron Joiner, David Carava, or DRC, Ltd. as respondents. So it is indeed quite curious in what capacity Carava attended this mediation. For his part, Defendant Carava has expressly acknowledged that the "Plaintiffs' TCHRA complaint named only Joiner Food Service, Inc." Docket No. 21.

writ denied) ("A person may be the servant of two employers at one time as to one act if the service to one does not involve an abandonment of the service to the other."). Under Texas's legal standard for assessing apparent authority, see Suarez v. Jordan, 35 S.W.3d 268, 273 (Tex. App.—Houston [14th Dist.] 2000, no pet. h.), there remain unresolved issues of fact that bear upon whether a reasonable person might have concluded that Defendant Carava acted on behalf of Joiner or with its authority (apparent or otherwise) subsequent to its sale of assets to DRC, Ltd.[5] Taken as a whole, the evidence is less than clear. Certainly, this is not a case in which "the only 'issues' allegedly contested are unilateral with [the Plaintiffs], produced entirely by [their] own confusion as to the identity of [their] employer." Jernigan v. Ashland Oil Co., 989 F.2d 812, 816 (5th Cir. 1993) (per curiam). Accordingly, it cannot be said that there is no reasonable possibility that a valid state-law cause of action exists with reference to Joiner. See Travis v. Irby, 326 F.3d 644, 647-48 (5th Cir. 2003) (discussing reasonable possibility standard).

## III.   CONCLUSION

The Court, having concluded that Joiner was not fraudulently joined, does not need to address that issue as to DRC, Ltd. The Motion for Reconsideration of Plaintiffs' Motion For Leave To File Plaintiffs' First Amended Original Complaint is **DENIED** and the Plaintiffs' Motion to Remand is **GRANTED**. This case is remanded to the state court.

---

[5] For example, at the mediation referenced supra note 4 only David Carava appeared, notwithstanding the fact that Joiner was the sole party named in the administrative complaint lodged by Plaintiffs and notwithstanding the fact that Aaron Joiner was Joiner's registered agent for service of process. One of the inquiries pertinent to assessments of apparent authority is whether "the principal . . . knowingly and voluntarily permitted the agent to act in an unauthorized manner." Suaraz, 35 S.W.3d at 273. Therefore, questions remain unanswered as to whether Carava acted on behalf of Joiner with its knowledge and consent.

6

Signed in Brownsville, Texas, on this 3rd day of October, 2003.

_____
ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE